1   Peter M. Hart, (State Bar No. 107920)
    Matthew R. Halloran, (State Bar No. 236461)
2   WRIGHT, ROBINSON, OSTHIMER & TATUM
    44 Montgomery Street, 18th Floor
3   San Francisco, California 94104-4705
    Telephone: (415) 391-7111
4   Telefax: (415) 391-8766

5   Attorneys for Defendant
    PACIFIC PRIDE SERVICES, INC.

6

7

**ORIGINAL FILED**

JUN - 1 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# E-filing

8

9   IN THE UNITED STATES DISTRICT COURT

10  NORTHERN DISTRICT OF CALIFORNIA

**MEJ**

11

**C 07 2857**

12  DONALD WALKER, an individual,                Case No.

13              Plaintiff,              **DEFENDANT PACIFIC PRIDE
                                        SERVICES INC.'S NOTICE OF
14      v.                             REMOVAL PURSUANT TO 28 U.S.C.
                                        §1441(b)
15  PACIFIC PRIDE, a business entity, form      **(DIVERSITY JURISDICTION)**
    unknown, RICHARD K. POOLER, an
16  individual, and DOES 1 through 50, inclusive,

17              Defendant.

18

19

20      TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO ALL PARTIES

21  AND THEIR ATTORNEYS OF RECORD:

22      PLEASE TAKE NOTICE that defendant PACIFIC PRIDE SERVICES, INC. removes to

23  this Court the state action described below.

24      1.      Plaintiff Donald Walker filed an action in the Superior Court of the State of

25  California, County of San Francisco entitled DONALD WALKER, an individual v. PACIFIC

26  PRIDE, a business entity, form unknown, RICHARD K. POOLER, an individual, and DOES 1

27  through 50, inclusive, Case No. CGC 06-456176 on September 14, 2006. A copy of the

28  complaint is attached hereto as Exhibit 1.

1

2.     Plaintiff Donald Walker filed a First Amended Complaint in the Superior Court of the State of California, County of San Francisco entitled DONALD WALKER, an individual v. PACIFIC PRIDE, a business entity, form unknown, RICHARD K. POOLER, an individual, and DOES 1 through 50, inclusive, Case No. CGC 06-456176 on September 18, 2006. A copy of the amended complaint is attached hereto as Exhibit 2.

3.     The first date upon which defendant Pacific Pride Services, Inc. received a copy of the said complaint was September 25, 2006 when defendant was served with a copy of the said complaint and a summons from the said state court. A copy of the summons is attached hereto as Exhibit 3.

4.     Plaintiff's First Amended Complaint alleges Negligence and Premises Liability causes of action against Pacific Pride Services, Inc., arising from a workplace accident resulting in plaintiff's complete quadriplegia. See Plaintiff's First Amended Complaint, attached hereto as Exhibit 2.

5.     <u>Jurisdiction</u>: This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332, and is one which may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. §1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of seventy-five thousand dollars ($75,000) exclusive of interest and costs as demonstrated by plaintiff's Statement of Damages, wherein plaintiff claims general damages in the amount of five million three hundred thousand dollars ($5,300,000.00). See Plaintiff's Statement of Damages attached hereto as Exhibit 4.

6.     Defendant is informed and believes that plaintiff Donald Walker was at the time of the filing of this action, and still is, a citizen of the State of California. Defendant Pacific Pride Services, Inc. was at the time of the filing of this action, and still is, a corporation incorporated under the laws of the State of Oregon, having its principal place of business in the State of Oregon.

7.     When this action was originally filed, complete diversity of citizenship was lacking because plaintiff Donald Walker was a citizen of the same state as defendants Richard K.

2

Pooler, an individual, and Richard K. Pooler, Inc., erroneously sued as Richard K. Pooler, an individual.  On May 2, 2007, plaintiff Donald Walker voluntarily dismissed Richard K. Pooler, an individual, but maintained his action against Richard K. Pooler, Inc.  On May 29, 2007, complete diversity of citizenship between plaintiff and defendants was created by reason of plaintiff Donald Walker's voluntary settlement and dismissal of Richard K. Pooler, Inc.

8.    This Notice of Removal is filed within one year of the date plaintiff Donald Walker filed the original complaint giving rise to this action, and within thirty days of achieving complete diversity of citizenship between the parties.

9.    The United States District Court for the Northern District of California, embraces the county and court in which the state court action was filed. 28 U.S.C. § 84(b).  Therefore this action is properly removed to this Court pursuant to 28 U.S.C. § 1331.

10.    Intradistrict Assignment:  The events giving rise to this action occurred in San Francisco County, California, and thus assignment to the San Francisco Division of the United States District Court for the Northern District of California is appropriate pursuant to Civil L.R. 3-2(c).

DATED: May 31, 2007

WRIGHT, ROBINSON, OSTHIMER & TATUM

By _____
PETER M. HART
Attorneys for Defendant
PACIFIC PRIDE SERVICES, INC.

3

Exhibit 1

1  MARK L. WEBB, ESQ. (SBN 067959)
   ZACHARY S. TOLSON, ESQ. (SBN 242824)
2  LAW OFFICES OF MARK L. WEBB
   S.F. Historic Landmark No. 48
3  294 Page Street
   San Francisco, CA 94102
4  Telephone: (415) 621-4500
   Facsimile: (415) 621-4173
5
   Attorney for Plaintiff,
6  DONALD WALKER

**FILED**

San Francisco County Superior Court

SEP 1 4 2006

GORDON PARK-LI, Clerk

BY: _____
         Deputy Clerk

CASE MANAGEMENT CONFERENCE SET for

FEB 1 6 2007 - 9ᴬᴹ AM

DEPARTMENT 212    **SUMMONS ISSUED**

7             SUPERIOR COURT OF THE STATE OF CALIFORNIA

8             IN AND FOR THE COUNTY OF SAN FRANCISCO

9                  UNLIMITED CIVIL JURISDICTION

10 DONALD WALKER, an individual,              Case No. CGC-06-456176

11             Plaintiffs,                     COMPLAINT FOR NEGLIGENCE AND
                                               PREMISES LIABILITY
12       v.

13 PACIFIC PRIDE, a business entity, form
   unknown, and DOES 1 through 50, inclusive,
14
               Defendants.
15

16                     **FACTUAL ALLEGATIONS**

17       1.    Plaintiff DONALD WALKER is an individual currently residing in Fairfax,

18 California.  DONALD WALKER was an employee of San Francisco Petroleum Company, dba

19 International Marine Fuels Group, Inc. (hereinafter "SF Petroleum") at the time he was injured.

20       2.    Defendant PACIFIC PRIDE is a business entity, form unknown, who conducts

21 business in the State of California and within the City and County of San Francisco.

22       3.    PACIFIC PRIDE is also a franchisor to SF Petroleum, which is an oil and

23 petroleum product distribution facility located at 2121 3ʳᵈ Street, in San Francisco, California.

24       4.    PACIFIC PRIDE attracts and invites the public, including employees of its

25 franchises, to use their fueling system to dispense gasoline and/or related oil and petroleum

26 products from distribution outlets throughout the Bay Area and the United States, and has a self-

27 proclaimed duty to ensure that, as advertised, those fuel stations are "clean and well-lit," and

28 thereby safe for users.

                              COMPLAINT
                                 -1-

5.      PACIFIC PRIDE communicates to the public at large through the internet and other media that SF Petroleum and other of its sites are owned, operated, managed, controlled, and/or overseen by PACIFIC PRIDE as the franchisor.  As such, PACIFIC PRIDE has the access, the control, the right, and therefore also the duty, to take reasonable steps in inspecting its premises, including SF Petroleum, Inc., to ensure that they are managed, operated, controlled or overseen within the dictates of applicable laws, including, but not limited to OSHA (Occupational Safety & Health Administration) regulations that govern the safe operation of work sites. Likewise, PACIFIC PRIDE has the right to terminate its franchisor/franchisee relationship with any site that fails to comport with PACIFIC PRIDE'S standards for fueling sites, including product quality, site cleanliness and safety.

6.      Visible and prominent signage at PACIFIC PRIDE'S SF Petroleum site includes a large and colorful mounted display bearing the name "PACIFIC PRIDE," which sign is located near the locus of this accident.  A second sign is also displayed near the area of this accident, and advertises the facility as a PACIFIC PRIDE site, even giving a phone number of 415-621-5226 as the number of PACIFIC PRIDE.  In actuality, that phone number is for SF Petroleum, which thus further affiliates and associates PACIFIC PRIDE as the controller and co-manager of SF Petroleum.

7.      Plaintiff herein relied on the fact that PACIFIC PRIDE, because of its use of prominent signage at SF Petroleum and its clear role in affiliation with SF Petroleum, would take reasonable steps to ensure that there would be a safe working environment at 2121 Third Street in San Francisco, and would be responsible, to one degree or another, to make the premises reasonably safe for Plaintiff and others.

8.      Despite advertisements by PACIFIC PRIDE to the contrary, PACIFIC PRIDE'S SF Petroleum site was being run and operated unlawfully in violation of numerous OSHA violations and without reasonable care for the safety of others, including Plaintiff.

9.      Numerous obvious violations of OSHA regulations and basic safety law existed for an indefinite period of time prior to the date of this accident, July 21, 2005.  These included: (a) an improperly maintained emergency power cutoff circuit breaker to the fuel dispensing pumps and a

1   faded label which failed to clearly identify the cutoff; (b) inadequate stairway railings; (c)

2   dangerous steps; (d) improper and inadequate warnings on equipment (including the forklift which

3   was the immediate cause of this accident); (e) failure to check the forklift at the beginning of each

4   shift to find any unsafe conditions and a failure to take the forklift out of service to make it safe;

5   (f) failure to post a set of operating rules for the forklift; (g) failure to certify that the forklift

6   operator was properly trained and evaluated; (h) failure to require refresher training and

7   evaluations of training for forklift operators; (i) failure to operate a forklift properly in accordance

8   with operating rules.

9        10.    On or about July 21, 2005, Plaintiff DONALD WALKER was working at

10  PACIFIC PRIDE'S SF Petroleum 2121 Third Street site in San Francisco as a fuel truck operator.

11       11.    On or about July 21, 2005, at approximately 4:00 p.m., Plaintiff DONALD

12  WALKER was cleaning up a fuel spill with an absorbent material while in a crouched position.

13  While doing so, DONALD WALKER was struck by a dumpster that was loaded in an improper

14  and unlawful manner on a "Kalmar" forklift. Defendants herein knew, or should have known, that

15  the unlawful use of this forklift was a customary and habitual practice at PACIFIC PRIDE'S SF

16  Petroleum site, 2121 Third Street in San Francisco, which posed a serious risk of injury or death at

17  this site.

18       12.    Defendants herein also knew, or should have known, that petroleum and/or oil

19  leaks, were a common occurrence during the delivery and distribution of PACIFIC PRIDE

20  products, thus requiring employees or agents to clean up such spills, further exposing them,

21  including Plaintiff, to serious risk of injury or death at this site.

22       13.    Plaintiff DONALD WALKER, as a result of being struck by said dumpster,

23  suffered serious injuries, including, but not limited to, a fractured back, shoulder, neck, rib, a

24  punctured lung, resulting in complete quadriplegia.

25       14.    PACIFIC PRIDE and its agents were aware, or should have been aware, that at

26  PACIFIC PRIDE'S SF Petroleum site, and other of its franchises, fuel and/or petroleum spills

27  regularly occur and that heavy machinery, such as forklifts, are commonly used and operated.

28

COMPLAINT

- 3 -

15.    PACIFIC PRIDE and its agents, failed to participate in any reasonable way, in ensuring that the forklift being used at PACIFIC PRIDE'S SF Petroleum site was being operated safely, or even that the SF Petroleum employees were properly trained, certified and instructed.

16.    PACIFIC PRIDE and its agents failed to take adequate steps to ensure that fuel/petroleum spills would not occur, so as to avoid the need for Plaintiff and others to stoop down to the ground level to clean up such spills while heavy equipment was being operated in the vicinity.    Despite knowing that such spills were foreseeable and even predictable, Defendants failed to post instructions so as to guide Plaintiff and others on how to most safely handle such situations.    Neither did Defendants take steps to provide adequate instructions or training to Plaintiff and others so that they would know how to safely handle such spills.

17.    Plaintiff DONALD WALKER is ignorant of the true names of Defendants Does 1 through 50, inclusive, and therefore claims against them by those fictitious names. Plaintiff is informed and believes and based thereon alleges that each Doe Defendant was in some way responsible for the events and happenings alleged in this Complaint and for Plaintiff's injuries and damages.

18.    Plaintiff is informed and believes and based thereon alleges that, at all times mentioned in this Application, Defendants Does 1 through 50 were the agents and employees of Defendant PACIFIC PRIDE, and in doing the things alleged in this complaint were acting within the course and scope of that agency and employment.

19.    The Defendants' acts and omissions complained of herein were a substantial factor in causing Plaintiffs injuries from a forklift collision, which resulted in permanent total disability, from July 21, 2005 to the present, and for an as yet unknown period into the future, and to receive medical treatment at various times from July 21, 2005 and continuing.

## FIRST CAUSE OF ACTION
### For Negligence
### (Against PACIFIC PRIDE and DOES 1 through 50)

20.    Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 19 as though fully set forth at length.

COMPLAINT
- 4 -

21.    Defendants and their agents had a duty to exercise reasonable care to provide a safe environment at their PACIFIC PRIDE SF Petroleum franchise site.

22.    Defendants and their agents breached their duty of care to Plaintiff when they failed to take reasonable steps to make safe dangerous conditions on the PACIFIC PRIDE SF Petroleum site, which Defendants knew, or if had said Defendants exercised reasonable care, would have been discovered in time to remedy or give adequate warning before this injury occurred.

23.    That as a result of Defendants' negligent acts and/or omissions Plaintiff suffered serious injuries, including, but not limited to, a fractured back, shoulder, neck, rib, a punctured lung, and complete quadriplegia.

24.    Defendants' negligent acts and/or omissions in their failure to take reasonable steps to prevent this harm were the legal and/or proximate causes of Plaintiff's harm.

## SECOND CAUSE OF ACTION
### Premises Liability
(Against PACIFIC PRIDE and DOES 1 through 50)

25.    Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 24 as though fully set forth at length.

26.    That Defendants and their agents occupied, owned, leased, controlled, managed, or had the right to control or manage PACIFIC PRIDE'S 2121 Third Street SF Petroleum site in San Francisco.

27.    That Plaintiff DONALD WALKER believed SF Petroleum to be an agent of PACIFIC PRIDE through signage, conduct, franchise agreement and other methods.

28.    That Plaintiff DONALD WALKER believed PACIFIC PRIDE'S 2121 Third Street SF Petroleum site to be safe because it was part of PACIFIC PRIDE'S large, well-recognized network of fueling stations.

29.    PACIFIC PRIDE, through franchise agreement, signage, advertising, their own website, and other means, treated the 2121 Third Street SF Petroleum site as though it were PACIFIC PRIDE.

30.    That Defendants and their agents owed a duty of reasonable care to keep the property in a reasonably safe condition and to use reasonable care to discover any unsafe

1  conditions and to make safe that which could be reasonably expected to harm others, including

2  Plaintiff DONALD WALKER.

3      31.     That Defendants were negligent in the management, occupation, control or

4  operation of PACIFIC PRIDE'S 2121 Third Street SF Petroleum site in San Francisco in that they

5  failed to exercise control over their franchisee to ensure compliance with applicable laws,

6  including, but not limited to those OSHA violations set forth above, as well as reasonable

7  standards safety in both the handling of fuel spill and the operation of heavy equipment, including

8  forklifts.

9      32.     That Plaintiff DONALD WALKER was harmed because of the way Defendants

10  managed, controlled, occupied, or operated PACIFIC PRIDE'S 2121 Third Street SF Petroleum

11  site in San Francisco, including, but not limited to, a fractured back, shoulder, neck, rib, a

12  punctured lung, and complete quadriplegia.

13      33.     That Defendants' and their agents' negligence was a substantial factor in causing

14  Plaintiff DONALD WALKER'S harm.

15                    <u>PRAYER FOR RELIEF</u>

16      WHEREFORE, Plaintiff DONALD WALKER prays as follows:

17         1.  For special damages according to proof;

18         2.  For general and compensatory damages according to proof;

19         3.  For prejudgment interest in an amount to be proved at the time of trial;

20         4.  For costs of suit incurred herein; and

21         5.  For such other and further relief as the court may deem just and proper.

22  DATED: September 14, 2006              LAW OFFICES OF MARK L. WEBB

23

24

25                                        Mark L. Webb, Esq.
                                          Attorney for Plaintiff DONALD WALKER

26

27

28

---

COMPLAINT

-6-

Exhibit 2

1   MARK L. WEBB, ESQ. (SBN 067959)
    ZACHARY S. TOLSON, ESQ. (SBN 242824)
2   LAW OFFICES OF MARK L. WEBB
    S.F. Historic Landmark No. 48
3   294 Page Street
    San Francisco, CA 94102
4   Telephone: (415) 621-4500
    Facsimile: (415) 621-4173
5
    Attorney for Plaintiff,
6   DONALD WALKER

ENDORSED
F I L E D
San Francisco County Superior Court

SEP 1 8 2006

GORDON PARK-LI, Clerk

By _____
              Deputy Clerk

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                IN AND FOR THE COUNTY OF SAN FRANCISCO

9                     UNLIMITED CIVIL JURISDICTION

10  DONALD WALKER, an individual,        Case No.: CGC 06-456176

11            Plaintiffs,                PLAINTIFF'S FIRST AMENDED
                                         COMPLAINT FOR NEGLIGENCE AND
12       v.                              PREMISES LIABILITY

13  PACIFIC PRIDE, a business entity, form
    unknown, RICHARD K. POOLER, an
14  individual, and DOES 1 through 50, inclusive,

15            Defendants.

16                        FACTUAL ALLEGATIONS
17
        1.    Plaintiff DONALD WALKER is an individual currently residing in Fairfax,
18
    California.  DONALD WALKER was an employee of San Francisco Petroleum Company, dba
19
    International Marine Fuels Group, Inc. (hereinafter "SF Petroleum") at the time he was injured.
20
        2.    Defendant PACIFIC PRIDE is a business entity, form unknown, who conducts
21
    business in the State of California and within the City and County of San Francisco.
22
        3.    PACIFIC PRIDE is also a franchisor to SF Petroleum, which is an oil and
23
    petroleum product distribution facility located at 2121 3rd Street, in San Francisco, California.
24
        4.    Defendant RICHARD K. POOLER is an individual who is the owner of the
25
    property known as 2121 Third Street in San Francisco, California, according to the San Francisco
26
    Recorder's office.
27
        5.    PACIFIC PRIDE attracts and invites the public, including employees of its
28
    franchises, to use their fueling system to dispense gasoline and/or related oil and petroleum

                    PLAINTIFF'S FIRST AMENDED COMPLAINT
                                   - 1 -

1   products from distribution outlets throughout the Bay Area and the United States, and has a self-

2   proclaimed duty to ensure that, as advertised, those fuel stations are "clean and well-lit," and

3   thereby safe for users.

4       6.    PACIFIC PRIDE communicates to the public at large through the internet and

5   other media that SF Petroleum and other of its sites are owned, operated, managed, controlled,

6   and/or overseen by PACIFIC PRIDE as the franchisor.  As such, PACIFIC PRIDE has the access,

7   the control, the right, and therefore also the duty, to take reasonable steps in inspecting its

8   premises, including SF Petroleum, Inc., to ensure that they are managed, operated, controlled or

9   overseen within the dictates of applicable laws, including, but not limited to OSHA (Occupational

10  Safety & Health Administration) regulations that govern the safe operation of work sites.

11  Likewise, PACIFIC PRIDE has the right to terminate its franchisor/franchisee relationship with

12  any site that fails to comport with PACIFIC PRIDE'S standards for fueling sites, including

13  product quality, site cleanliness and safety.

14      7.    Visible and prominent signage at PACIFIC PRIDE'S SF Petroleum site includes a

15  large and colorful mounted display bearing the name "PACIFIC PRIDE," which sign is located

16  near the locus of this accident.  A second sign is also displayed near the area of this accident, and

17  advertises the facility as a PACIFIC PRIDE site, even giving a phone number of 415-621-5226 as

18  the number of PACIFIC PRIDE.  In actuality, that phone number is for SF Petroleum, which thus

19  further affiliates and associates PACIFIC PRIDE as the controller and co-manager of SF

20  Petroleum.

21      8.    Plaintiff herein relied on the fact that PACIFIC PRIDE, because of its use of

22  prominent signage at SF Petroleum and its clear role in affiliation with SF Petroleum, would take

23  reasonable steps to ensure that there would be a safe working environment at 2121 Third Street in

24  San Francisco, and would be responsible, to one degree or another, to make the premises

25  reasonably safe for Plaintiff and others.

26      9.    Despite advertisements by PACIFIC PRIDE to the contrary, PACIFIC PRIDE'S SF

27  Petroleum site was being run and operated unlawfully in violation of numerous OSHA violations

28  and without reasonable care for the safety of others, including Plaintiff.

PLAINTIFF'S FIRST AMENDED COMPLAINT
- 2 -

1   10.   Numerous obvious violations of OSHA regulations and basic safety law existed for

2   an indefinite period of time prior to the date of this accident, July 21, 2005.  These included: (a) an

3   improperly maintained emergency power cutoff circuit breaker to the fuel dispensing pumps and a

4   faded label which failed to clearly identify the cutoff; (b) inadequate stairway railings; (c)

5   dangerous steps; (d) improper and inadequate warnings on equipment (including the forklift which

6   was the immediate cause of this accident); (e) failure to check the forklift at the beginning of each

7   shift to find any unsafe conditions and a failure to take the forklift out of service to make it safe;

8   (f) failure to post a set of operating rules for the forklift; (g) failure to certify that the forklift

9   operator was properly trained and evaluated; (h) failure to require refresher training and

10   evaluations of training for forklift operators; (i) failure to operate a forklift properly in accordance

11   with operating rules.

12   11.   On or about July 21, 2005, Plaintiff DONALD WALKER was working at

13   PACIFIC PRIDE'S SF Petroleum 2121 Third Street site in San Francisco as a fuel truck operator.

14   12.   That Plaintiff DONALD WALKER believed PACIFIC PRIDE'S 2121 Third Street

15   SF Petroleum site to be safe because it was part of PACIFIC PRIDE'S large, well-recognized

16   network of fueling stations.

17   13.   PACIFIC PRIDE, through franchise agreement, signage, advertising, their own

18   website, and other means, treated the 2121 Third Street SF Petroleum site as though it were

19   PACIFIC PRIDE.

20   14.   That Plaintiff DONALD WALKER believed SF Petroleum to be an agent of

21   PACIFIC PRIDE through signage, conduct, franchise agreement and other methods.

22   15.   On or about July 21, 2005, at approximately 4:00 p.m., Plaintiff DONALD

23   WALKER was cleaning up a fuel spill with an absorbent material while in a crouched position.

24   While doing so, DONALD WALKER was struck by a dumpster that was loaded in an improper

25   and unlawful manner on a "Kalmar" forklift.  Defendants herein knew, or should have known, that

26   the unlawful use of this forklift was a customary and habitual practice at PACIFIC PRIDE'S SF

27   Petroleum site, 2121 Third Street in San Francisco, which posed a serious risk of injury or death at

28   this site.

PLAINTIFF'S FIRST AMENDED COMPLAINT
- 3 -

1      16.    Defendants herein also knew, or should have known, that petroleum and/or oil

2  leaks, were a common occurrence during the delivery and distribution of PACIFIC PRIDE

3  products, thus requiring employees or agents to clean up such spills, further exposing them,

4  including Plaintiff, to serious risk of injury or death at this site.

5      17.    Plaintiff DONALD WALKER, as a result of being struck by said dumpster,

6  suffered serious injuries, including, but not limited to, a fractured back, shoulder, neck, rib, a

7  punctured lung, resulting in complete quadriplegia.

8      18.    PACIFIC PRIDE and its agents were aware, or should have been aware, that at

9  PACIFIC PRIDE'S SF Petroleum site, and other of its franchises, fuel and/or petroleum spills

10  regularly occur and that heavy machinery, such as forklifts, are commonly used and operated.

11     19.    PACIFIC PRIDE and its agents, failed to participate in any reasonable way, in

12  ensuring that the forklift being used at PACIFIC PRIDE'S SF Petroleum site was being operated

13  safely, or even that the SF Petroleum employees were properly trained, certified and instructed.

14     20.    PACIFIC PRIDE and its agents failed to take adequate steps to ensure that

15  fuel/petroleum spills would not occur, so as to avoid the need for Plaintiff and others to stoop

16  down to the ground level to clean up such spills while heavy equipment was being operated in the

17  vicinity.   Despite knowing that such spills were foreseeable and even predictable, Defendants

18  failed to post instructions so as to guide Plaintiff and others on how to most safely handle such

19  situations.  Neither did Defendants take steps to provide adequate instructions or training to

20  Plaintiff and others so that they would know how to safely handle such spills.

21     21.    Plaintiff DONALD WALKER is ignorant of the true names of Defendants Does 1

22  through 50, inclusive, and therefore claims against them by those fictitious names. Plaintiff is

23  informed and believes and based thereon alleges that each Doe Defendant was in some way

24  responsible for the events and happenings alleged in this Complaint and for Plaintiff's injuries and

25  damages.

26     22.    Plaintiff is informed and believes and based thereon alleges that, at all times

27  mentioned in this Application, Defendants Does 1 through 50 were the agents and employees of

28

PLAINTIFF'S FIRST AMENDED COMPLAINT
- 4 -

1   Defendant PACIFIC PRIDE, and in doing the things alleged in this complaint were acting within

2   the course and scope of that agency and employment.

3        23.    The Defendants' acts and omissions complained of herein were a substantial factor

4   in causing Plaintiffs injuries from a forklift collision, which resulted in permanent total disability,

5   from July 21, 2005 to the present, and for an as yet unknown period into the future, and to receive

6   medical treatment at various times from July 21, 2005 and continuing.

7                        **FIRST CAUSE OF ACTION**
                              For Negligence
8        **(Against PACIFIC PRIDE, RICHARD K. POOLER, and DOES 1 through 50)**

9        24.    Plaintiff hereby incorporates by reference each and every allegation contained in

10  paragraphs 1 through 23 as though fully set forth at length.

11       25.    Defendants and their agents had a duty to exercise reasonable care to provide a safe

12  environment at their PACIFIC PRIDE SF Petroleum franchise site.

13       26.    Defendants and their agents breached their duty of care to Plaintiff when they failed

14  to take reasonable steps to make safe dangerous conditions on the PACIFIC PRIDE SF Petroleum

15  site, which Defendants knew, or if had said Defendants exercised reasonable care, would have

16  been discovered in time to remedy or give adequate warning before this injury occurred.

17       27.    That as a result of Defendants' negligent acts and/or omissions Plaintiff suffered

18  serious injuries, including, but not limited to, a fractured back, shoulder, neck, rib, a punctured

19  lung, and complete quadriplegia.

20       28.    Defendants' and their agents' negligent acts and/or omissions in their failure to take

21  reasonable steps to prevent this harm were the legal and/or proximate causes of Plaintiff's harm.

22                        **SECOND CAUSE OF ACTION**
                              Premises Liability
23       **(Against PACIFIC PRIDE, RICHARD K. POOLER, and DOES 1 through 50)**

24       29.    Plaintiff hereby incorporates by reference each and every allegation contained in

25  paragraphs 1 through 28 as though fully set forth at length.

26       30.    That Defendants and their agents occupied, owned, leased, controlled, managed, or

27  had the right to control or manage PACIFIC PRIDE'S 2121 Third Street SF Petroleum site in San

28  Francisco.

---

PLAINTIFF'S FIRST AMENDED COMPLAINT

- 5 -

10/05/2006 04:32:51 PM                              (507) 455-8200        Page 18

Date: 10/5/06  Time: 12:56 PM  To:   @ 9,15074464664                              425-
644-2994 UNIGARD   Page: 018-

1      31.    That Defendants and their agents owed a duty of reasonable care to keep the

2  property in a reasonably safe condition and to use reasonable care to discover any unsafe

3  conditions and to make safe that which could be reasonably expected to harm others, including

4  Plaintiff DONALD WALKER.

5      32.    That Defendants and their agents were negligent in the management, occupation,

6  control or operation of PACIFIC PRIDE'S 2121 Third Street SF Petroleum site in San Francisco

7  in that they failed to exercise control over their property or franchisee to ensure basic compliance

8  with applicable laws.

9      33.    That Plaintiff DONALD WALKER was harmed because of the way Defendants

10  owned, managed, controlled, occupied, or operated PACIFIC PRIDE'S 2121 Third Street SF

11  Petroleum site in San Francisco, including, but not limited to, a fractured back, shoulder, neck, rib,

12  a punctured lung, and complete quadriplegia.

13      34.    That Defendants' and their agents' negligence was a substantial factor in causing

14  Plaintiff DONALD WALKER'S harm.

15                          **PRAYER FOR RELIEF**

16      WHEREFORE, Plaintiff DONALD WALKER prays as follows:

17      1.  For special damages according to proof;

18      2.  For general and compensatory damages according to proof;

19      3.  For prejudgment interest in an amount to be proved at the time of trial;

20      4.  For costs of suit incurred herein; and

21      5.  For such other and further relief as the court may deem just and proper.

22  DATED: September 18, 2006            LAW OFFICES OF MARK L. WEBB

23

24

25                                      Mark L. Webb, Esq.
                                        Attorney for Plaintiff DONALD WALKER

26

27

28

Exhibit 3

**SU   IONS** ON FIRST AMENDED COMPLAINT
*(CITACION JUDICIAL)*

Served  9-25-06
1:30      Cmc

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PACIFIC PRIDE, a business entity, form unknown,
RICHARD K. POOLER, an individual, and DOES 1 through
50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DONALD WALKER, an individual,

    You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
    There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

    *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
    Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Francisco Superior Court
400 McAllister Street

San Francisco, CA 94102

CASE NUMBER:
*(Número del Caso):* CGC 06-456176

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
ZACHARY S. TOLSON (SBN 242824)/MARK L. WEBB (SBN 067959)    (415) 621-4500
LAW OFFICES OF MARK L. WEBB
HISTORIC LANDMARK NO. 48
SAN FRANCISCO, CA 94102

DATE:                                         Clerk, by _____, Deputy
*(Fecha)*   SEP 13 2006                       *(Secretario)*                    *(Adjunto)*

GORDON PARK-LI                                ELIAS BUTT

*(For proof of service of this summons, use Proof of Service of Summons (POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*                                          Page 1 of 1

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
Plus

Copy of Civil Proceedings CCP § 412.20, .465



Exhibit 4

Date: 10/5/06  Time: 12:56 PM  To:  @ 9,15074464664    425-
644-2994 UNIGARD  Page: 019-

— *DO NOT FILE WITH THE COURT* —
- **UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585** -

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):* | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| ZACHARY S. TOLSON (SBN 242824)<br>LAW OFFICES OF MARK L. WEBB<br>HISTORIC LANDMARK NO. 48<br>294 PAGE STREET<br>SAN FRANCISCO, CA 94102 | (415)621-4500 | |

ATTORNEY FOR *(name):*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco
  STREET ADDRESS: 400 McAllister Street
  MAILING ADDRESS:
  CITY AND ZIP CODE: San Francisco, CA 94102
  BRANCH NAME:

  PLAINTIFF: Donald Walker
  DEFENDANT: Pacific Pride, et al.

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>CGC 06-456176 |
|---|---|

To *(name of one defendant only):*  Pacific Pride
Plaintiff *(name of one plaintiff only):*  Donald Walker
seeks damages in the above-entitled action, as follows:

AMOUNT

1. **General damages**
   a. [x] Pain, suffering, and inconvenience ........................................... $ 2,000,000.
   b. [x] Emotional distress ............................................................ $ 2,000,000.
   c. [ ] Loss of consortium ............................................................ $ 0.00
   d. [ ] Loss of society and companionship *(wrongful death actions only)* ........... $ 0.00
   e. [ ] Other *(specify)* ............................................................. $ 0.00
   f. [ ] Other *(specify)* ............................................................. $ 0.00
   g. [ ] Continued on Attachment 1.g.

2. **Special damages**
   a. [x] Medical expenses *(to date)* .................................................. $ 1,000,000.
   b. [x] Future medical expenses *(present value)* ..................................... $ Unknown
   c. [x] Loss of earnings *(to date)* .................................................. $ 50,000.00
   d. [x] Loss of future earning capacity *(present value)* ............................. $ 250,000.00
   e. [ ] Property damage ............................................................... $ 0.00
   f. [ ] Funeral expenses *(wrongful death actions only)* .............................. $ 0.00
   g. [ ] Future contributions *(present value) (wrongful death actions only)* .......... $ 0.00
   h. [ ] Value of personal service, advice, or training *(wrongful death actions only)* . $ 0.00
   i. [ ] Other *(specify)* ............................................................. $ 0.00
   j. [ ] Other *(specify)* ............................................................. $ 0.00
   k. [ ] Continued on Attachment 2.k.

3. [ ] Punitive damages: Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*. .$ 0.00
   when pursuing a judgment in the suit filed against you.

Date: September 14, 2006

ZACHARY S. TOLSON (SBN 242824)
(TYPE OR PRINT NAME)                    (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)
(Proof of service on reverse)

Form Adopted by Rule 982
Judicial Council of California
982(a)(24) [New January 1, 1997]
Mandatory Form

**STATEMENT OF DAMAGES**
(Personal Injury or Wrongful Death)

Code of Civil Procedure, §§ 425.11, 425.115

Legal
Solutions
© Plus