1   MARK L. WEBB, ESQ. (SBN 067959)
    LAW OFFICES OF MARK L. WEBB
2   414 Gough Street, Suite Two
    San Francisco, CA 94102
3   Telephone: (415) 621-4500
    Facsimile: (415) 621-4173
4
    Attorney for Plaintiff,
5   DONALD WALKER

6

7            IN THE UNITED STATES DISTRICT COURT

8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9   DONALD WALKER, an individual,            No.: C 07-2857 MEJ

10              Plaintiff,

11         v.                                **PLAINTIFF'S NOTICE OF MOTION
                                             AND MOTION TO REMAND ACTION
                                             TO THE CALIFORNIA STATE COURT;**
12   PACIFIC PRIDE, a business entity, form  ***EXPEDITED HEARING REQUESTED***
     unknown, RICHARD K. POOLER, an          **DUE TO SUPERIOR COURT TRIAL
13   individual, and DOES 1 through 50, inclusive,  DATE OF JULY 9, 2007**

14              Defendants.                   Date:  June 14, 2007
                                              Time:  10:00 AM
15                                            Judge: Hon. Maria-Elena James

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Notice of Motion and Motion** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **4**

**Issues to Be Decided** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**Memorandum of Points and Authorities** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**I. Facts** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**II. Argument** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    A. Defendant Cannot Sustain Its Burden of Establishing the Existence of Federal Removal

       Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    B. Equitable Considerations Strongly Weigh in Favor of Remand and Allowing the Case

       to Go Forward in State Court as Scheduled . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    C. This Court Should Refuse Removal Where There is *Any Question* as to the Existence

       of Complete Diversity in a State Court Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    D. This Motion Should Be Heard On an Expedited Emergency Basis. . . . . . . . . . . . . . . 10

# TABLE OF AUTHORITIES

***U.S. Constitution***

U.S. Const. 11th Amend . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 7, 8

***Federal Statutes***

28 U.S.C. §1441(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7-8

28 U.S.C. §1445(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 8

28 U.S.C. §1447(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

***Federal Rules of Civil Procedure***

F.R.C.P. §7(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

***Civil Local Rules***

Civil L. R. 6-3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Civil L. R. 7-1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Civil L. R. 7-2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Civil L. R. 7-4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

***Cases***

*Crowe v. Coleman, 113 F .3d 1536, 1539 (11th Cir. 1997)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Florence v. Crescent Res., LLC, 484 F .3d 1293 (11th Cir. 2007).* . . . . . . . . . . . . . . . . . . . 10

*Franchise Tax Bd. V. Constr. Laborers Vacation Trust, 463 U.S. 1, 7 (1983)* . . . . . . . . . . . . . . 7

*Henderson v. Washington Nat'l Ins. Co., 454 F. 3d 1278, 1281 (11th Cir. 2006).* . . . . . . . . . . 7, 8

*Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)* . . . . . . . . . . . . . . . . . . . 7

*Kona Enterprises, Inc. v. Estate of Bishop, 179 F .3d 767 (9th Cir. 1999)* . . . . . . . . . . . . . . . . 9

*Lincoln Prop. Co. v. Roche, 546 U.S. 81 (2005)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7-8

*Tedford v. Warner-Lambert Co. 327 F .3d 423 (5th Cir. 2003)* . . . . . . . . . . . . . . . . . . . . . . . 10

*Grupo Dataflux v. Atlas Global Group. L.P., 541 U.S. 567 (2004)* . . . . . . . . . . . . . . . . . . . . . 10

***California Statutes***

Labor Code §§ 3850-3865. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 8

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that, on June 14, 2007, at the hour of 10:00 AM, in the above-referenced department of the United States District Court for the Northern District of California, the Honorable Maria-Elena James, Magistrate Judge, presiding, pursuant to 28 U.S.C. §§1445(c) and 1447(c), *F.R.C.P. §7(b), N.D.Ca. Rules 6-3, 7-1, 7-2 and 7-4*, and California Labor Code §§3850-3865, inclusive, Plaintiff DONALD WALKER will and hereby does move this Court for an order remanding this action back to the California State Superior Court in which it was filed and where it is set to be tried on July 9, 2007.

Because of a trial date four weeks away, Plaintiff, a complete quadriplegic, requests that this Honorable Court hear this motion on an *expedited basis*. Furthermore, this case was improperly removed to federal court as a tactical maneuver by Defendant to avoid pending motions, court orders, a discovery cut-off, and an imminent trial date. In fact, removal is totally improper since no diversity exists, given that a California agency, State Compensation Insurance Fund, has filed a lien of over one-million dollars in this case and is legally entitled to be repaid out of any judgment, making State Fund a real party in interest that defeats diversity. Furthermore, since State Fund is an agency of the State of California, the Eleventh Amendment to the United States Constitution prohibits that agency from being subjected to federal court jurisdiction without the State of California's consent.

Another California entity, San Francisco Petroleum, a franchise of Defendant, also has a substantial interest in the outcome of this case since it is their insurance policy that is funding the defense and has agreed to indemnify Defendant for any award even if in excess of the policy. Further, San Francisco Petroleum would inevitably be named on a jury verdict form as a potential joint tortfeasor for comparative negligence purposes.

Finally, strong equitable considerations mandate that this Court not permit the interests of justice be subverted by allowing remand.

Said motion will be and hereby is based upon this notice and motion, the attached papers filed herewith, the papers and pleading previously filed in this action, and upon any such papers or evidence which may be submitted at or before the hearing on this motion.

**ISSUES TO BE DECIDED**

1.  Whether complete diversity is present where a real party in interest in the instant case is State Compensation Insurance Fund which has a lien on file under Labor Code §§3850-3865, effectively making state Fund a party entitled to be paid out of the judgment.

2.  Whether the fact that a pending state worker's compensation case, not subject to removal under 28 U.S.C. §1445(c), also defeats diversity.

3.  Whether the fact that State Fund is an agency of the State of California and therefore absolutely not subject to suit in federal court under the Eleventh Amendment further defeats diversity.

4.  Whether Defendant PACIFIC PRIDE, which although it is an Oregon corporation, has hundreds of California franchises, including San Francisco Petroleum, where the subject accident took place, ought to be entitled to avail itself of diversity removal on the eve of trial, when its San Francisco franchise is, in fact, nothing more than an agent of the Oregon company.

5.  Whether Defendant ought to be able to avail itself of diversity where the following countervailing equitable considerations exist:

    1.  A motion for summary judgment was pending in 3 days,

    2.  A motion to amend the complaint for punitive damages was pending in a week,

    3.  A discovery cutoff deadline which Defendant has attempted to repeatedly invade in violation of local rules prohibits further discovery,

    4.  A trial date of July 9, 2007 was stipulated to by the Defendant, and

    5.  Where Plaintiff is a complete quadriplegic who has had six hospitalizations for bladder infections in the last year and who needs home care for better living circumstances and thus urgently needs his day in court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  Facts**

In the case at bar, Plaintiff is permanently disabled because of an accident that happened at the San Francisco franchise of Defendant PACIFIC PRIDE SERVICES. Plaintiff has alleged that this tragic accident happened because PACIFIC PRIDE, an Oregon corporation, doing business

1  through its San Francisco franchisee, failed to have in place an adequate safety system including

2  follow-up to reduce the likelihood of serious injury given the nature of the gasoline distribution

3  business, which includes use of forklifts, heavy equipment, and entails frequent oil spills.

4       PACIFIC PRIDE'S business is the sale of petroleum to truckers by its nationwide network

5  of retail franchises. PACIFIC PRIDE'S agreements with its franchises, including with San

6  Francisco Petroleum, call for PACIFIC PRIDE to maintain supervision and control of numerous

7  aspects of petroleum sales, revenues, and the operation and location of each franchise.

8       The subject accident happened when another employee of PACIFIC PRIDE'S San

9  Francisco franchise negligently operated a forklift by illegally driving front-loaded while Plaintiff

10  was stooped down to clean up an oil spill. Not only was the front-loaded forklift an OSHA

11  violation because of poor visibility, but the operator was not properly certified and none of the

12  OSHA-required forklift operating instructions were posted, all in violation of PACIFIC PRIDE'S

13  manual.

14       Defendant PACIFIC PRIDE brought a motion for summary judgment to be heard June 7,

15  2007 before the Honorable Patrick Mahoney raising one issue: that its San Francisco franchisee

16  was not an agent, but an independent contractor. Plaintiff vigorously opposed this motion with

17  clear evidence showing PACIFIC PRIDE 'S substantial control of its San Francisco franchise such

18  that an agency relationship existed.

19       Three court days before this summary judgment motion was to be heard, one week before

20  the hearing date on Plaintiff's pending motion for leave to amend to add a claim for punitive

21  damages, and substantial time after the discovery cut-off had lapsed with Defendant attempting to

22  serve improper subpoenas nonetheless, and with a trial date four weeks away, Defendant filed a

23  notice of removal based upon complete diversity. Presumably this was done after Plaintiff

24  gratuitously and in good faith dismissed a California defendant, the owner of the premises where

25  the accident happened, since Plaintiff's counsel realized that the landlord's motion for summary

26  judgment was likely to prevail.

27       This left PACIFIC PRIDE, the Oregon corporation, as the sole defendant; however, for

28  reasons enumerated below, diversity does not exist because a California State agency is a real

1  party in interest and has **filed a lien for over one-million dollars to be repaid out of the**

2  **judgment in this action**. As a state agency, State Compensation Insurance Fund may not be

3  removed to federal court without its consent under the Eleventh Amendment.

4      Furthermore, San Francisco Petroleum, PACIFIC PRIDE'S agent, is also a real party in

5  interest in that it will certainly be listed on the jury verdict form at Defendant's request for

6  purposes of comparative negligence. Also, San Francisco Petroleum has a direct financial interest

7  in the outcome of this case because of a requisite indemnity clause in its franchise agreement with

8  PACIFIC PRIDE, mandating that San Francisco Petroleum hold PACIFIC PRIDE harmless from

9  any judgment and name PACIFIC PRIDE as a co-insured on its policy.

10     Finally, equitable considerations abound in this case and federal decisions give this Court

11  ample discretion in its consideration of the equities in the application of procedural rules to avoid

12  an unfair and unjust result. Here, as a complete quadriplegic who has undergone six separate

13  hospital admissions for bladder infections over the past year, Plaintiff's day in court is especially

14  crucial to allow him the recovery he needs to improve his healthcare situation. Thus, this removal

15  would unfairly and inequitably delay justice for an indefinite period of time; thus, the real risk to

16  Plaintiff is that justice will be denied completely.

17                           **II. Argument**

18  A.    **Defendant Cannot Sustain Its Burden of Establishing the Existence of Federal
         Removal Jurisdiction**

19     Removal from state to federal court is proper only if defendant sustains the burden of

20  proving that the action comes within the limited jurisdiction of the federal courts. [See

21  *Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Franchise Tax Bd. V.*

22  *Constr. Laborers Vacation Trust, 463 U.S. 1, 7 (1983)*] Furthermore, pursuant to the decision

23  of the Court of Appeal in *Henderson v. Washington National Insurance Company, 454 F. 3d*

24  *1278, 1281 (11th Cir. 2006)*:

25        "When a defendant removes a case to federal court on diversity grounds, ***a***

26  ***court must remand*** the matter ***back to state court*** if any of the properly joined
          ***parties in interest*** are citizens of the state in which the suit was filed. Such a

27        remand is the necessary corollary of a federal district court's diversity
          jurisdiction, which requires complete diversity of citizenship." See *Henderson,*

28        *454 F .3d at 1281,* citing the United State Supreme Court case of *Lincoln Prop.*

1   *Co. v. Roche, 546 U.S. 81 (2005)* and *28 U.S.C. §1441(b)* [Emphasis added]

2       In the case at bar, a real party in interest is a California State agency which

3   Constitutionally is impervious to litigation in federal court without its consent (U.S. Const.,

4   11th Amend.). Further, this same agency is a lien claimant, having filed a lien for payment of

5   over one-million dollars spent to date in medical bills per California Labor Code §§3850-3865.

6   As such, this state agency clearly has a substantial interest in the outcome of this case. It

7   should also be noted that 28 U.S.C. §1445(c) prohibits removal of worker's compensation

8   cases to federal court.

9       Additionally defeating diversity in this case is the existence of another California party

10   in interest, PACIFIC PRIDE'S franchise, San Francisco Petroleum. Inevitably, PACIFIC

11   PRIDE will ask for and is entitled to an apportionment of fault to San Francisco Petroleum on

12   the jury verdict form. ***Also, there is a specific indemnification clause in PACIFIC PRIDE'S***

13   ***franchise agreement with San Francisco Petroleum mandating that San Francisco***

14   ***Petroleum name PACIFIC PRIDE as a co-insured on its liability policies, thereby giving***

15   ***this San Francisco entity a substantial interest in the outcome of this case.*** Indeed, defense

16   counsel has conceded that the defense costs in this case are being financed by San Francisco

17   Petroleum's insurance company.

18       Therefore, it is apparent that diversity does not exist in fact and that Defendant cannot

19   possibly sustain its burden of showing that there is *no question* that diversity warrants federal

20   jurisdiction, especially on the even of trial. To restate the standard cited in *Henderson*: "the

21   district court was correct to deny the motion to remand only if there was *no possibility* that [the

22   Plaintiffs] could have maintained a cause of action against [the resident defendant] in . . . state

23   court." *454 F.3d at 1281-82.* [Emphasis added]

24   **B.**    **Equitable Considerations Strongly Weigh in Favor of Remand and Allowing the**
25          **Case to Go Forward in State Court as Scheduled**

26       As stated above, there exist numerous factors which would make removal highly

27   inequitable here:

28           1. Trial has been set and stipulated to by the defense for July 9, 2007.

1          2. Defendant's motion for summary judgment turning solely on the critical

2          issue of agency was set for June 7, 2007, the last possible day for such a motion

3          to be heard, likely to be defeated.

4          3. Plaintiff's motion for leave to amend the complaint to add a claim for

5          punitive damages was set for June 14, 2007, likely to be granted.

6          4. The discovery cut-off in the state action passed on June 8, 2007, prohibiting

7          Defendant from further discovery subpoenas, which they nevertheless served in

8          a transparent attempt to violate the state rules of procedure.

9          5. Plaintiff is a complete quadriplegic and is confined to a wheelchair for the

10         rest of his life. He has requires six separate emergency hospitalizations in the

11         past year to manage bladder infections.

12         6. No other barriers to this case being tried as scheduled in state court exist and

13         the alternative dispute resolution has been satisfied.

14         7. PACIFIC PRIDE, though incorporated in Oregon, has hundred of franchises

15         doing business on its behalf in California; as such, PACIFIC PRIDE regularly

16         invades, per contract, California bank accounts for automatic receipt for its

17         share of royalties for transactions.

18         8. PACIFIC PRIDE is represented by a local law firm which also represented

19         the recently dismissed California landlord.

20         9. PACIFIC PRIDE operates de facto through its California agents including

21         San Francisco Petroleum.

22         10. California law would be applied to this case whether it were in state or

23         federal court.

24    This Honorable Court has ample discretion to take into account significant equitable

25 factors in deciding whether removal is appropriate. In *Kona Enterprises, Inc. v. Estate of*

26 *Bishop, 179 F .3d 767 (9th Cir. 1999)*, the Ninth Circuit Court of Appeal remanded to state

27 court a shareholder derivative suit originally brought in state court but removed by defendants

28 to federal court. The Ninth Circuit explicitly held that a technical lack of standing may be

1 | overcome by *equitable considerations*, giving the district court latitude to look past strictly
2 | technical application of rules when parties would suffer unfairly as a result.

3 | Also, in *Tedford v. Warner-Lambert Co. 327 F.3d 423 (5th Cir. 2003)* equitable
4 | considerations were held to outweigh stringent applications of a technical rule. There, where
5 | plaintiff's counsel had fraudulently joined a local defendant in an attempt to remain in state
6 | court, only dismissing that defendant after one year and a day, the Court of Appeal ruled that
7 | equity required the case go forward in federal court in spite of a procedural rule which would
8 | otherwise have dictated remand. [See also the Supreme Court decision in *Grupo Dataflux v.*
9 | *Atlas Global Group. L.P., 541 U.S. 567 (2004)* where an attempt at diversity was defeated
10 | despite an attempt to move to Mexico in the middle of a claim in what the Court recognized as
11 | a transparent tactical maneuver to achieve federal court jurisdiction.]

12 | Since this Court has precedent and equity both on its side, it is respectfully urged to
13 | remand this case on equitable grounds as well.

14 | **C.    This Court Should Refuse Removal Where There is *Any Question* as to the**
15 | **Existence of Complete Diversity in a State Court Case**

16 | In *Florence v. Crescent Res., LLC, 484 F.3d 1293 (11th Cir. 2007)*, the Court of
17 | Appeal made it clear that it is not the federal court's prerogative to assume federal jurisdiction
18 | *when there is even a doubt* as to whether true diversity exists. "As we have previously
19 | cautioned, on a motion for remand, the federal court's analysis "must be limited to
20 | determining whether Plaintiffs have even made an *arguable claim. So, any ambiguity or*
21 | *doubt about the substantive state law favors remand to state court.*" *Florence* citing *Crowe v.*
22 | *Coleman, 113 F.3d 1536, 1539 (11th Cir. 1997).* [Emphasis added]

23 | Thus, since it is clear that there are **two local parties** with substantial interests in this
24 | case, San Francisco Petroleum and State Compensation Insurance Fund, there is certainly
25 | more than just a question as to whether or not diversity exists. Accordingly, this Court should
26 | remand this case to state court.

27 | **D.    This Motion Should Be Heard On an Expedited Emergency Basis**
28 | For the reasons already stated, including because a trial date is imminent and because

---

Plaintiff's Notice of Motion and Motion to Remand Action to the California Superior Court                    No. C 06-2857 MEJ

1　Plaintiff so urgently needs and is entitled to justice and a final determination of his rights, this

2　motion deserves to be heard on an expedited basis.

3

4　DATED: June 6, 2007　　　　　　　　　　　　　LAW OFFICES OF MARK L. WEBB

5

6

7

8　　　　　　　　　　　　　　　　　　　　　　　　Mark L. Webb, Esq.
　　　　　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiff DONALD WALKER

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28