MARK L. WEBB, ESQ. (SBN 067959)
LAW OFFICES OF MARK L. WEBB
414 Gough Street, Suite Two
San Francisco, CA 94102
Telephone: (415) 621-4500
Facsimile: (415) 621-4173

Attorney for Plaintiff,
DONALD WALKER

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| DONALD WALKER, an individual, | No.: C 07-2857 SC |
|---|---|
| Plaintiff, | **DECLARATION OF MARK L. WEBB IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND ACTION TO THE CALIFORNIA STATE COURT; EXPEDITED HEARING REQUESTED DUE TO SUPERIOR COURT TRIAL DATE OF JULY 9, 2007** |
| v. | |
| PACIFIC PRIDE, a business entity, form unknown, RICHARD K. POOLER, an individual, and DOES 1 through 50, inclusive, | |
| Defendants. | Date: July 13, 2007<br>Time: 10:00 AM<br>Dept.: 1 (17th Floor)<br>Judge: Hon. Samuel Conti |

I, Mark L. Webb, declare:

1. I am the attorney of record for DONALD L. WALKER and have been since the inception of the state action. I am licensed to practice in all the courts of this state and have been admitted to practice in federal court as well. I am a former assistant United States attorney for the United States Department of Justice, having worked in the United States Attorney's office in San Francisco for some two and a half years.

2. This case has been set for trial, July 9, 2007, by agreement of counsel for the Defendant and myself several months ago. The discovery cut-off in this action is June 8, 2007, the day after defendant's motion for summary judgment was to be heard before the Honorable Patrick Mahoney.

3. The motion for summary judgment raised a single issue: whether there was any triable issue of fact that PACIFIC PRIDE and its San Francisco Petroleum franchise are in a

1  principal-agent relationship. Our opposition to that motion, attached hereto and incorporated
2  by reference as Exhibit 1, clearly raises triable issues of fact that would have defeated that
3  motion and allowed the case to go forward to trial, in my professional opinion.

4.  I have also filed a motion to amend the complaint to add a claim for punitive damages against PACIFIC PRIDE in light of the alleged callous, wanton and reckless disregard for human safety in failing to supervise their franchises and put in place an appropriate system for safe operation. I have retained experts to prove that the industry standard requires a franchisor to furnish reasonable guidelines to its franchises to avoid an unreasonable risk of harm. Also, I have available expert testimony that this accident could have easily been prevented had only Defendant provided simple and basic safety precautions in light of the fact that the franchises utilize heavy equipment in proximity to human beings.

5.  Defendant has openly ignored the June 8, 2007 discovery cut-off in issuing subpoenas for personal records to be produced at deposition on June 20, 2007, and it is apparent to me that this Defendant wishes to continue discovery in this case, perhaps under the auspices of the federal court removal, despite the state court cut-off.

6.  As a result of this accident which involved a San Francisco Petroleum employee who was not properly certified to drive a forklift, Plaintiff, who was stooped down cleaning up an oil spill per PACIFIC PRIDE and San Francisco Petroleum directives, was not visible to the forklift driver when struck. As a consequence, Plaintiff has been rendered a complete quadriplegic and is in a wheelchair permanently. During approximately the past year of his residency at a care facility, he has sustained six separate bladder infections that required hospitalization for 1-3 weeks each. I am informed and believe based on consultations with medical experts that, if he had the funds to reside in a more personally attentive setting, such as in his own home with a private nurse, these infections would be reduced if not eliminated.

7.  Plaintiff is currently a claimant in a worker's compensation case against San Francisco Petroleum, his employer at the time of the accident and a franchise of PACIFIC PRIDE for many years.

8.  San Francisco Petroleum is required, under the franchise agreement with

1  PACIFIC PRIDE, to maintain an insurance policy under San Francisco Petroleum's name that
2  also names PACIFIC PRIDE as a co-insured.
3      9.    I have been told by defense counsel in this case that it is under this San
4  Francisco petroleum insurance policy that the defense of PACIFIC PRIDE is being paid for
5  and provided, since PACIFIC PRIDE insists on indemnification from its franchises. This
6  makes the outcome of this case of substantial and significant interest to this local entity, San
7  Francisco Petroleum.
8      10.    State Insurance Compensation Fund is the insurance carrier for the worker's
9  compensation claim and has filed a lien in this case for over one-million dollars for medical
10 services rendered on behalf of MR. WALKER for this injury. As this Honorable Court is
11 aware, State Fund is an agency of the State of California and is also a real party in interest
12 defeating diversity, as is San Francisco Petroleum.
13     11.    Discovery in this case has demonstrated the close interaction between PACIFIC
14 PRIDE and San Francisco Petroleum, not only because San Francisco Petroleum is compelled
15 to operate in prescribed ways by the franchise agreement and the operations manual of
16 PACIFIC PRIDE, but also because it is instructed on the products it must sell by PACIFIC
17 PRIDE and because it must maintain bank accounts in California that PACIFIC PRIDE has
18 unlimited access to and derives royalties from twice a month, before an invoice is even issued.
19     12.    PACIFIC PRIDE has at least 1200 different franchises, of which several
20 hundred are in California, which means that PACIFIC PRIDE derives constant royalties
21 directly from dozens of California banks.
22     13.    Both sides have proclaimed their readiness for trial in this case and have
23 attended an alternative dispute resolution hearing, at which time Defendant appeared and
24 offered nothing, making it clear that they wish this case to go to trial. Experts have been
25 declared by both sides and Plaintiff stands ready to produce experts for deposition as soon as
26 possible.
27     14.    Based on the above and as an officer of this Court for 30 years, I truly believe
28 that a delay of the trial in this matter by virtue of removal to federal court is not only unjust but

1 | is contrary to the authorities cited in our motion.

2 |     15.    It is incumbent upon me to ask this Court to hear this motion on an *expedited*
3 | *basis* under Local Rule 6-3(a). This motion will constitute the first appearance before this
4 | Court on this case.

7 | DATED: June 12, 2007            LAW OFFICES OF MARK L. WEBB

*[signature]*

Mark L. Webb, Esq.
Attorney for Plaintiff DONALD WALKER

MARK L. WEBB, ESQ. (BAR NO. 067959)
LAW OFFICES OF MARK L. WEBB
414 Gough Street
San Francisco, CA 94102
(415) 241-1166
Attorneys for Plaintiff
DONALD WALKER

ENDORSED
FILED
San Francisco County Superior Court

MAY 3 2007

GORDON PARK-LI, Clerk
BY: CAROLYN BALISTRERI
         Deputy Clerk

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO
UNLIMITED CIVIL JURISDICTION

| | |
|---|---|
| DONALD WALKER,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC PRIDE, a business entity, form unknown, et al.<br><br>Defendants. | Case No. CGC 06-456176<br><br>PLAINTIFF'S MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>Hearing Date:  June 7, 2007<br>Hearing Time:  9:30 a.m.<br>Courtroom:  302<br>Trial date:  July 9, 2007 |

## I. SUMMARY OF ARGUMENT

This Court should deny Defendant Pacific Pride, Inc.'s ("PACIFIC PRIDE") motion for summary judgment because there are clear triable issues of material fact that must be resolved by a jury at trial. Specifically, there are numerous triable issues of material fact supporting Plaintiff's argument that PACIFIC PRIDErelationship between PACIFIC PRIDE and San Francisco Petroleum ("SF Petroleum") is one of principal to agent. The Offering Circular, Franchise Agreement and Operations Manual supplied by PACIFIC PRIDE to San Francisco Petroleum

Plaintiff Donald Walker's Opposition to Defendant Pacific Pride's Motion for Summary Judgment

1

Exhibit 1-1

entitles PACIFIC PRIDE to *exercise substantial and nearly complete control* over SF Petroleum. As set forth herein, the trier of fact could easily conclude that SF Petroleum is PACIFIC PRIDE's agent upon reviewing the controls wielded by PACIFIC PRIDE as set forth in the Offering Circular, Franchise Agreement and their proprietary and confidential Operations Manual. Consequently, if the trier of fact concludes that the PACIFIC PRIDE has sufficient control over SF Petroleum, then PACIFIC PRIDE is liable to Plaintiff DONALD WALKER for its negligence in failing to take reasonable steps to prevent this accident. Therefore, this Honorable Court should deny this motion and allow the injured Plaintiff DONALD WALKER, now a complete quadriplegic his day in court to present his evidence of PACIFIC PRIDE's control over SF Petroleum to the trier of fact.

## II. STATEMENT OF THE FACTS

On July 21, 2005, Plaintiff DONALD WALKER was working at PACIFIC PRIDE's "SF Petroleum" located at 2121 Third Street, San Francisco, California.[1] PACIFIC PRIDE and SF Petroleum are in a franchisor - franchisee business relationship.

Plaintiff DONALD WALKER was an employee of SF Petroleum at the time of the accident.[2] Plaintiff was in the process of cleaning a fuel spill which occurred while filling the tanks which supply the PACIFIC PRIDE fuel dispensers.[3] Subsequent to filling the PACIFIC PRIDE storage tanks, Plaintiff DONALD WALKER observed some fuel spillage on SF Petroleum's site.[4] In accordance with PACIFIC PRIDE's safety procedures, Plaintiff DONALD WALKER proceeded to clean up the fuel spillage with absorbent materials he maintained in his truck. While

---

[1] *See* Separate Statement of Undisputed Material Facts 1, p.2, ln. 20-25.

[2] *See* Separate Statement of Undisputed Material Facts 2, p.2, ln. 1-5.

[3] *See* Separate Statement of Undisputed Material Facts, Additional Undisputed Fact 23, p.7, ln. 13-15.

[4] *See* Separate Statement of Undisputed Material Facts, Additional Undisputed Fact 7, p.3, ln. 10-11.

---

Plaintiff DONALD WALKER's Opposition to Defendant PACIFIC PRIDE's Motion for Summary Judgment

2

Exhibit 1-2

1  Plaintiff was cleaning up the spilled fuel he was struck from behind by a forklift with an
2  improperly loaded dumpster.[5] Plaintiff DONALD WALKER suffered serious injuries, including
3  but not limited to, a fractured back, a fractured shoulder, a fractured neck, a broken rib,
4  punctured lung and suffers from complete quadriplegia as a result of being hit by the forklift
5  operated by an employee of SF Petroleum.[6]
6      Defendant PACIFIC PRIDE has an agreement with SF Petroleum regarding the sale of
7  petroleum products. Customers must use a PACIFIC PRIDE Card to purchase fuel from a
8  PACIFIC PRIDE Dispenser. Upon purchase, the PACIFIC PRIDE required modem sends the
9  purchase information, utilizing PACIFIC PRIDE software to the PACIFIC PRIDE corporate
10 headquarters and also to the PACIFIC PRIDE franchisee for billing purposes.[7]
11     The facts set forth herein clearly show that PACIFIC PRIDE, either exercises or has the
12 right to exercise control over the vital aspects of SF Petroleum's franchise. PACIFIC PRIDE's
13 controls include, but are not limited to: 1) SF Petroleum's location; 2) means of purchasing
14 products from SF Petroleum; 3) the products SF Petroleum is allowed to sell; 3) hours of
15 operation; 4) access to bank accounts; 5) appearance; 6) software and hardware installations; 7)
16 training of employees; 8) inter-company transfer payments; 9) extraction of royalty fees; and 10)
17 ability to monitor supplies and sales. Accordingly, (1) Defendant PACIFIC PRIDE exercises
18 sufficient control over SF Petroleum to establish that an agency relationship exists between
19 PACIFIC PRIDE and SF Petroleum; (2) The Plaintiff believed that he was performing his duties
20 of filling the gas tanks of PACIFIC PRIDE and believed that PACIFIC PRIDE would stand
21 behind him in the event he was injured; and (3) PACIFIC PRIDE is liable for the injuries to

---

[5] *See* Separate Statement of Undisputed Material Facts, Additional Undisputed Fact 25, p.7, ln. 18-21.
[6] *See* Separate Statement of Undisputed Material Facts, Additional Undisputed Fact 25, p. 7, ln. 18-21.
[7] *See* Separate Statement of Undisputed Material Facts, Undisputed Fact 6 [Disputed], p.4.

---

Plaintiff DONALD WALKER's Opposition to Defendant PACIFIC PRIDE's Motion for Summary Judgment

3

Exhibit 1-3

1 | Plaintiff DONALD WALKER because it was SF Petroleum's principal.

## III. ARGUMENT

### A. LEGAL STANDARD FOR OPPOSING SUMMARY JUDGMENT.

A motion for summary judgment is properly granted **only** if the evidence in support of the motion establishes that there is **no** triable issue of material fact.[8] Summary judgment is a drastic remedy to be ordered with caution because it denies the adverse party the right to a trial. Doubts as to the propriety of summary judgment should be resolved **against** granting the motion.[9]

### B. SUMMARY JUDGMENT SHOULD BE DENIED BECAUSE THERE ARE TRIABLE ISSUES OF MATERIAL FACT THAT ARE SUFFICIENT TO ALLOW THE TRIER OF FACT TO REASONABLY CONCLUDE THAT AN AGENCY RELATIONSHIP EXISTS BETWEEN DEFENDANT PACIFIC PRIDE AND SF Petroleum.

SF Petroleum is the franchisee of Defendant PACIFIC PRIDE, Inc. "The law is clear that a franchisee may be deemed to be the agent of the franchisor."[10] As stated, Defendant PACIFIC PRIDE exercises substantial control over all key aspects of SF Petroleum's fueling operation. These controls are mandated by PACIFIC PRIDE and set forth in the Franchise Agreement; Operations Manual, the Offer Circular; and, as explained in the declaration of Leon Gottlieb, are substantial enough to allow the trier of fact to conclude that an agency relationship exists between Defendant PACIFIC PRIDE and SF Petroleum.

In Kuchta v. Allied Builders Corp., a jury found that Allied Builders Corporation, the franchisor, was liable for the actions of its franchisee, Raphael Weiner, in large part because the franchise agreement granted the franchisor substantial control over the franchisee.[11] Allied

---

[8] See Lipson v. Superior Court (1982) 31 Cal.3d. 362, 374 [Emphasis Added].

[9] See Huynh v. Ingersoll-Rand (1993) 16 Cal.App.4th 825, 830.

[10] See Kuchta v. Allied Builders Corp. (1971) 21 Cal.App.3d 541, 547.

[11] Id. at 551.

---

Plaintiff DONALD WALKER's Opposition to Defendant PACIFIC PRIDE's Motion for Summary Judgment

4

Exhibit 2-4

Builders Corporation appealed arguing that the franchise agreement was insufficient evidence for the jury to find that an agency relationship existed. The court held, "[i]n the field of franchise agreements, the question of whether the franchisee is an independent contractor or an agent is *ordinarily one of fact*, depending on whether the franchisor exercises complete or substantial control over the franchisee."[12] In Kuchta, evidence that the franchise agreement gave the franchisor the following controls was sufficient to show that an agency relationship existed between the franchisor and franchisee:

1. The right to control the location of the franchisee's place of business;
2. To prescribe minimum display equipment;
3. To regulate the quality of the goods used or sold;
4. Right of inspection;
5. The right to share in the profits;
6. Audit the franchisee's books;[13]

Defendant's moving papers, while attaching the Franchise Agreement, make no mention of the numerous controls PACIFIC PRIDE retains as part of its Franchise Agreement. Furthermore, Defendant fails to provide the court with the Operations Manual and makes no mention whatsoever of the requirements set forth in their Operations Manual or the requirements described in the Offer Circular, which further contain requirements and directives for the franchisee to follow.[14] As set forth below, and elucidated in the Declarations of Leon Gottlieb, and the deposition testimony of Defendant's own executives, PACIFIC PRIDE retains substantial control over SF Petroleum in the same, if not greater, fashion as Allied Builders did in Kuchta v. Allied Builders Corporation. The controls exercised by PACIFIC PRIDE over SF Petroleum include,

---

[12] Id. at 548.

[13] Id.

[14] See Separate Statement of Undisputed Material Facts, Undisputed Fact 5 [Disputed], p.3.

Plaintiff DONALD WALKER's Opposition to Defendant PACIFIC PRIDE's Motion for Summary Judgment

5

Exhibit 1-5

but are not limited to:

- Displays and signage;[15]
- Site location;[16]
- Physical condition of the site;[17]
- Safety measures including fuel spillage incidents;[18]
- Products and product quality sold at the site;[19]
- The exclusive means of payment for the product;[20]
- The software and corresponding hardware used to track day-to-day payment and accounting;[21]
- Inter-company transfer payments;[22]
- Compelled creation of a joint bank account which PACIFIC PRIDE has access;[23]
- Advertising;[24]
- Required insurance naming PACIFIC PRIDE as an additional insured;[25] and

---

[15] See Separate Statement of Undisputed Material Facts, Additional Undisputed Fact 7, p. 5, ln. 10-12.

[16] See Separate Statement of Undisputed Material Facts, Additional Undisputed Fact 8, p. 5, ln. 13-5.

[17] See Separate Statement of Undisputed Material Facts, Additional Undisputed Fact 9, p. 5, ln. 17-20.

[18] See Separate Statement of Undisputed Material Facts, Additional Undisputed Fact 10, p. 5, ln. 21-23.

[19] See Separate Statement of Undisputed Material Facts, Additional Undisputed Fact 12, p. 6, ln. 1-4.

[20] See Separate Statement of Undisputed Material Facts, Additional Undisputed Fact 15, p. 6, ln. 10-12.

[21] See Separate Statement of Undisputed Material Facts, Additional Undisputed Fact 15, p. 6, ln. 10-12.

[22] See Separate Statement of Undisputed Material Facts, Additional Undisputed Fact 17, p. 6, ln. 16-20.

[23] See Separate Statement of Undisputed Material Facts, Additional Undisputed Fact 16, p. 6, ln. 13-15.

[24] See Separate Statement of Undisputed Material Facts, Additional Undisputed Fact 18, p. 6, ln. 21-23.

[25] See Separate Statement of Undisputed Material Facts, Additional Undisputed Fact 19, p. 6, ln. 24-25.

---

Plaintiff DONALD WALKER's Opposition to Defendant PACIFIC PRIDE's Motion for Summary Judgment

6

Exhibit 1-6

1. • Hours of operation.[26]
2. • The power to terminate.[27]
3. • The right to audit SF Petroleum's books.[28]

Defendant argues that the Franchise Agreement entered into by PACIFIC PRIDE establishes insufficient franchisor control to create an agency relationship **as a matter of law**. Defendant states that this case is somehow analogous to Weis v. Chevron, U.S.A., Inc.[29] yet, a cursory review of the facts clearly distinguishes this case from Weis. After defendant Chevron filed its motion for summary judgment, plaintiff incorrectly relied on the belief that it was the defendant's burden to **disprove** that an agency relationship existed between Chevron and its franchisee in an accident case.[30] Because of this erroneous assumption, the plaintiff failed to dispute **any facts** supporting Chevron's claims and further, failed to assert any facts supporting her allegation that Chevron had control over its franchisee.[31] Consequently, the Weis court had no alternative but to grant Chevron's motion for summary judgment.

Unlike the plaintiff in Weiss, Plaintiff DONALD WALKER identifies for the Court numerous provisions of PACIFIC PRIDE's Franchise Agreement and PACIFIC PRIDE's Operations Manual demonstrating PACIFIC PRIDE's substantial control over SF Petroleum. Furthermore, Plaintiff disputes two of the most important material facts submitted by Defendant PACIFIC PRIDE 1) the source and extent of PACIFIC PRIDE, Inc.'s control over SF Petroleum;

---

[26] See Separate Statement of Undisputed Material Facts, Additional Undisputed Fact 9, p. 5, ln. 17-20.

[27] See Separate Statement of Undisputed Material Facts, Additional Undisputed Fact 20, p.4, ln. 23-25.

[28] See Separate Statement of Undisputed Material Facts, Additional Undisputed Facts 15-18, p. 6, ln. 10-20.

[29] Weis v. Chevron, U.S.A., Inc., (1988) 204 Cal.App.3d 1094

[30] Id. at 1098.

[31] Id. at 1099.

---

Plaintiff DONALD WALKER's Opposition to Defendant PACIFIC PRIDE's Motion for Summary Judgment

7

Exhibit 1-7

and 2) whether PACIFIC PRIDE has day to day control over SF Petroleum.[32] Additionally, Plaintiff attaches the Declaration of franchise expert Leon Gottlieb in support of his claim that an agency relationship exists between PACIFIC PRIDE and SF Petroleum.[33] Accordingly, the facts in this case are *wholly dissimilar* to those which support the decision in Weiss, and therefore, Weiss is not controlling.

Likewise, Defendant's citation to Cislaw v. Southland Corp. (1992) 4 Cal.App.4th 1284, is inapposite to the facts presented to this court. In Cislaw, the defendant Southland was able to show that the franchisee had control over its inventory and that the controls set forth in the Franchise Agreement did not go beyond the mere protection of the Southland's trademarks. *Id.* at 1296. In reaching this conclusion, the court found it important that the franchisor had control over the franchisee's inventory. *Id.* at 1293. Here, PACIFIC PRIDE has control over what SF Petroleum can and cannot sell.[34] Furthermore, there was no showing in Cislaw of the exhaustive and numerous controls Plaintiff has set forth above, most of which go well beyond the mere protection of trademarking. Thus, this Court should allow Plaintiff to proceed to trial as there are substantial material facts related to the controls PACIFIC PRIDE exercises and he should have his day in court.

C. **DESPITE DEFENDANT PACIFIC PRIDE'S REPRESENTATIONS TO THE CONTRARY, PACIFIC PRIDE IS HARDLY A MERE "AUTOMATED CREDIT SERVICE PROVIDER." PACIFIC PRIDE IS A COMMERCIAL FUELING COMPANY**

In its moving papers, Defendant PACIFIC PRIDE attempts to obfuscate its relationship with SF Petroleum by representing to the Court that it is a "financial service provider" and

---

[32] *See* Separate Statement of Undisputed Material Facts, Undisputed Fact 6 [Disputed], p.4; *See also* Separate Statement of Undisputed Material Facts, Additional Undisputed Facts 15-18, p. 6, ln. 10-20.

[33] Similarly, Defendant also cites Cislaw v. Southland (1992) Cal.App.4th 1284, which is another case where the Plaintiff's did not dispute any of the material facts and submitted no evidence contradicting the moving party's argument.

[34] *See* Separate Statement of Undisputed Material Facts, Additional Undisputed Facts 12, p. 6, ln. 1-3.

---

Plaintiff DONALD WALKER's Opposition to Defendant PACIFIC PRIDE's Motion for Summary Judgment

8

Exhibit 1-8

1  "similar to a typical bank that issues credit cards....". Not surprisingly, Defendant PACIFIC
2  PRIDE fails to include a sample of the agreement between the Citibank and Mastercard for
3  comparison to their own franchise agreement in support of their claim.
4     Defendant PACIFIC PRIDE's comparison would only be analogous to this current action
5  if Mastercard were to require Citibank to, among other requirements, set forth safety and fuel
6  spillage requirements, acquire approval for their site location; carry specific products; create a
7  joint account for which Mastercard has unfettered access to deposit and withdraw; compel
8  payments to other banks using their card at different locations; require separate and exclusive
9  machines for the use of their card; exclusive software for processing their card; and host of other
10 requirements which are "similar to the relationship" PACIFIC PRIDE *clearly* has with its
11 franchisees. To the contrary, PACIFIC PRIDE's Franchise Agreement provides for controls far
12 beyond that of a credit service provider. In fact, only 1 of the 36 Sections of the Franchise
13 Agreement is attributable to the credit aspect of the PACIFIC PRIDE's commercial fueling
14 business.
15     As additional evidence of the absurdity of Defendant PACIFIC PRIDE's claim of being a
16 financial service provider much like a credit card company is PACIFIC PRIDE's own disclaimer
17 as set forth in their own Operations manual.[35] The Operations Manual, in fact, instructs the
18 franchisee's NOT to refer to the Pacific Pride Card as a credit card. Accordingly, this court
19 should disregard Defendant PACIFIC PRIDE Inc.'s disingenuous attempt to represent itself as
20 something they are not, and focus on the provisions of the Franchise Agreement and Operations
21 Manual which expose Defendant PACIFIC PRIDE as the principal in their agency relationship
22 with SF Petroleum.
23 ///
24 ///

---

[35] Separate Statement of Material Facts, **Additional Disputed Fact 2**, p.3, ln. 7-8.

Plaintiff DONALD WALKER's Opposition to Defendant PACIFIC PRIDE's Motion for Summary Judgment

9

Exhibit 1-9

D. **DEFENDANT'S SELF SERVING DISCLAIMER IS NOT CONTROLLING WITH REGARD TO THE TRUE NATURE AND POWER OF PACIFIC PRIDE, INC.'s FRANCHISE AGREEMENT.**

Defendant contends that no agency exists because Section 26 of its Franchise Agreement states that no agency relationship was created. However, it has been consistently held that disclaimers such as the one contained in the Franchise Agreement are not dispositive of the true nature of the relationship between the parties.[36] Furthermore, the fact that Defendant PACIFIC PRIDE requires SF Petroleum to acquire insurance which names PACIFIC PRIDE as an additional insured clearly evidences Defendant PACIFIC PRIDE's own belief that the disclaimers in the Franchise Agreement were insufficient to insulate them from the liability of SF Petroleum's actions. Therefore, *Defendant's self-serving disclaimer has no control over the agency relationship created by the extensive controls created by the remainder of PACIFIC PRIDE's Franchise Agreement.*

E. **PROVISIONS OF PACIFIC PRIDE'S FRANCHISE AGREEMENT HAVE A DIRECT BEARING ON THE HARM SUFFERED BY PLAINTIFF DONALD WALKER.**

In Weis, the court stated that "Plaintiff offered no evidence of any connection between the cause of her injuries and any aspect of the business over which Chevron did exert or could have exerted any control."[37] Here, both the Franchise Agreement and the Operations Manual address the conditions and create the right to inspect the conditions of the site location with the clear requirement that the franchisee obey all laws and maintain a safe environment.[38] PACIFIC PRIDE advertises their belief in safety to the public and requires safety in the Offer in PACIFIC PRIDE, Inc.'s **CONFIDENTIAL** Operation manual which is not to be shared with the public. The Operation Manual echoes the requirements to keep the site safe and further elaborates the

---

[36] Nichols v. Arthur Murray, Inc. (1967) 248 Cal.App.2d 610, 613.

[37] Weiss v. Chevron, U.S.A., Inc., (1988) Cal.App.3d 1094 at 1100.

[38] *See* Separate Statement of Undisputed Material Facts, **Additional Undisputed Facts 9, 10, p. 5, ln. 17-23.**

Plaintiff DONALD WALKER's Opposition to Defendant PACIFIC PRIDE's Motion for Summary Judgment

10

Exhibit 1-10

specifications related to maintaining a safe PACIFIC PRIDE Site.[39] In fact, PACIFIC PRIDE maintains the right to **terminate** the Franchise Agreement if the franchisee fails to maintain a legal and safe site location.[40]

PACIFIC PRIDE has a fuel spillage provision in the Franchise Agreement because they know spillages happen.[41] Pacific Petroleum also knows that forklifts are utilized at franchisee sites.[42] Despite Pacific Petroleum's admitted knowledge of the common use of forklifts at their sites, the fail to include safety requirements for the franchisee to follow.

The fact remains that SF Petroleum maintained an unsafe PACIFIC PRIDE site which had numerous OSHA violations, a terminable offense pursuant to provisions of the Franchise Agreement and Operation Manual.[43] PACIFIC PRIDE continued accepting money from SF Petroleum while wearing blinders regarding SF Petroleum's various breaches of the Franchise Agreement and ongoing failures to comply with the provisions of the Operations Manual.

**F.   THE CONTROLS SET FORTH IN THE FRANCHISE AGREEMENT ARE SUFFICIENT TO CREATE AN AGENCY RELATIONSHIP WHETHER OR NOT THE CONTROLS WERE ACTUALLY EXERCISED BY PACIFIC PRIDE.**

Whether or not PACIFIC PRIDE actually exercised the controls is has over SF Petroleum is of little relevance with respect to its responsibility for SF Petroleum's actions. California has long held that, with respect to whether there is an agency relationship or an independent contractor, "the most important factor is the **right to control** the manner and means of accomplishing the result desired . . . whether or not that potential control is exercised with

---

[39] See Separate Statement, Additional Undisputed Material Facts 20, p. 7, ln. 1-6.

[40] See Separate Statement of Undisputed Material Facts, Additional Undisputed Facts 20, p. 7, ln. 1-6.

[41] See Separate Statement of Undisputed Material Facts, Additional Undisputed Facts 10, p. 5, ln. 22-23; See also Separate Statement of Undisputed Material Facts, Additional Undisputed Facts 20, p. 7, ln. 1-6.

[42] See Separate Statement of Undisputed Material Facts, Additional Undisputed Facts 30, p. 8, ln. 6-8.

[43] See Separate Statement of Undisputed Material Facts, Additional Undisputed Facts 31, p. 8, ln. 9-10.

---

Plaintiff DONALD WALKER's Opposition to Defendant PACIFIC PRIDE's Motion for Summary Judgment

11

Exhibit 1-44

respect to all details."[44] Here, Plaintiff has shown that the Offering Circular, Franchise Agreement and Operations Manual create significant controls which PACIFIC PRIDE could have exercised. PACIFIC PRIDE's decision to create these controls and thereafter fail to exercise them is not relevant in determining their agency, however, is negligent the trier of fact finds that an agency relationship exists.

As set forth herein, the Franchise Agreement and Operations Manual provides SF Petroleum with rules and requirements demanded by PACIFIC PRIDE. The Franchise agreement further provides that these rules and requirements are not arbitrarily set by PACIFIC PRIDE and that termination for violation of the Franchise Agreement or Operations Manual may result in the termination of the franchise.

### G. PUBLIC POLICY MANDATES THAT DEFENDANT PACIFIC PRIDE BE HELD ACCOUNTABLE FOR ITS PARTICIPATION IN THE AGENCY RELATIONSHIP WITH SF PETROLEUM.

Indeed, California Courts are among the most progressive in protecting the right of injured citizens.[45] In the case at bar, PACIFIC PRIDE, makes financial royalties from each and every transaction. It compels the creation of accessible accounts, the means of payment, the products sold, the accounting and the location of the frachisee. Yet, when it's time to take responsibilities of providing a safe working environment here in California, this Oregon corporation suddenly wants to pretend to be at arm's length from its franchisee, SF Petroleum. PACIFIC PRIDE gladly reaps the profits of doing business in California while hiding behind its self-serving agreements when asked to stand up for its failure to adequately protect its employees and the citizens of California. This court ought not to allow such an inequitable and irresponsible result on a motion for summary judgment.

---

[44] City of Los Angeles v. Vaughn, (1961) 55 Cal.2d.198.

[45] 9 Witkin, Cal.Proc. 4th (1997) Section 957, p. 1002.

---

Plaintiff DONALD WALKER's Opposition to Defendant PACIFIC PRIDE's Motion for Summary Judgment

12

Exhibit 1-12

### H. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED BECAUSE THEY HAVE WILFULLY REFUSED TO PRODUCE MATERIAL DISCOVERY IN RESPONSE TO PLAINTIFF'S REASONABLE DISCOVERY REQUESTS.

On April 23, Plaintiff served noticed of deposition for PACIFIC PRIDE to produce of telephone records, emails and other written communication relevant to show substantial contact between PACIFIC PRIDE and SF Petroleum. Defendant did not produce those records and refused to meet and confer regarding the same.[46]

Comes now Defendant bringing a Motion for Summary Judgment on the last possible day, claiming there is not agency relationship, yet they fail to produce the very documents which show the contacts between PACIFIC PRIDE and San Francisco Petroleum. Incredibly, PACIFIC PRIDE urges this court to believe that SF Petroleum is merely an "independent contractor," while asserting an objection based on "trade secrets." Plaintiff finds it completely disingenuous that PACIFIC PRIDE would attempt to distance itself from San Francisco Petroleum by calling it an independent contractor, while simultaneously sharing bank accounts and trade secrets with that very same independent contractor. Accordingly, Plaintiff requests this court to deny the motion pursuant to Code of Civil Procedure Section 437c(h).

### I. DEFENDANT PACIFIC PRIDE FAILED TO COMPLY WITH CALIFORNIA LAW AND THE CALIFORNIA RULES OF COURT.

The California Rules of Court require separate statements of undisputed fact to identify the corresponding causes of action:

> The Separate Statement of Undisputed Material Facts in support of a motion must **separately identify each cause of action** . . . and each supporting material fact claimed to be without dispute with respect to the cause of action. [Emphasis added.][47]

---

[46] *See* Separate Statement of Undisputed Material Facts, Additional Undisputed Facts 32, p. 8, ln. 11-19

[47] California Rules of Court 342 (d).

Despite this Rule, Defendant PACIFIC PRIDE fails to associate any of the six separate "undisputed" facts with the causes of action alleged by Plaintiff. The facts set forth in Defendant PACIFIC PRIDE's motion are lumped together into one long list, with no reference to corresponding causes of action. Accordingly, the Court and Plaintiff's have no context in which to interpret the facts, making it unreasonably difficult for Plaintiff's to formulate a meaningful response.

### III. CONCLUSION

As set forth herein, Plaintiff can show there are triable issues of material fact regarding the amount of control exercised by PACIFIC PRIDE over SF Petroleum. Plaintiff can demonstrate that PACIFIC PRIDE exercised sufficient control over SF Petroleum such that a trier of fact could reasonable infer that an agency relationship existed between the two. Accordingly, Plaintiff's motion for summary judgment should be denied and Plaintiff should be afforded his day in court.

Date: May 21, 2007

Law Offices of Mark L. Webb

by Mark L. Webb, Attorneys for
Plaintiff DONALD WALKER

---

Plaintiff DONALD WALKER's Opposition to Defendant PACIFIC PRIDE's Motion for Summary Judgment

14

Exhibit 1-14