Peter M. Hart, (State Bar No. 107920)
Bradley D. Fell (State Bar No. 212988)
Matthew R. Halloran (State Bar No. 236461)
WRIGHT, ROBINSON, OSTHIMER & TATUM
44 Montgomery Street, 18th Floor
San Francisco, California 94104-4705
Telephone: (415) 391-7111
Telefax: (415) 391-8766

Attorneys for Defendant
PACIFIC PRIDE SERVICES, INC.

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD WALKER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC PRIDE, a business entity, form unknown, and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No.: C 07-2857 SC<br><br>**DEFENDANT'S OPPOSTION TO PLAINTIFF'S MOTION FOR AN ORDER SHORTENING TIME TO HEAR MOTION TO REMAND**<br><br>Noticed Date: July 13, 2007<br>Noticed Time: 10:00 a.m.<br>Department: 1 (17th Floor)<br>Judge: Hon. Samuel Conti |

## I. Statement of Issue to be Decided

The lone issue to be decided is whether plaintiff's motion for an order remanding this matter to State Court should be heard on shortened time. Defendant PACIFIC PRIDE SERVICES INC. (hereinafter "Pacific Pride") does not believe that plaintiff has stated adequate reason for this Court to deviate from its standard motion practice, and therefore requests that the Court deny plaintiff's motion.

## II. Statement of Relevant Facts

Plaintiff filed his complaint for damages in State Court in September 2006, naming defendants Pacific Pride, and Richard K. Pooler, an individual.[1] Plaintiff voluntarily dismissed

---

[1] Declaration of Matthew R. Halloran, ¶ 2.

1

Defendant's Opposition to Plaintiff's Motion for an Order Shortening Time

the action against Richard K. Pooler, an individual, with prejudice on May 2, 2007, but continued to proceed against Richard K. Pooler, Inc. as a defendant.[2] On May 29, 2007, plaintiff accepted Richard K. Pooler, Inc.'s statutory settlement offer of one dollar ($1), and dismissed the action against it with prejudice.[3]

Plaintiff Donald Walker is an individual California resident. Defendant Pacific Pride is a business entity with its principal place of business in Oregon, and is incorporated under the laws of Oregon.[4] Thus, diversity jurisdiction arose in this matter when plaintiff dismissed the claim against Richard K. Pooler, Inc., a California corporation, on May 29, 2007. Pacific Pride subsequently and promptly filed its notice of removal on June 1, 2007.[5]

Upon removal, this case was initially assigned to Magistrate Judge Maria-Elena James. On June 6, 2007, plaintiff filed a motion to remand the case to the State Court on an expedited basis, requesting a hearing on June 14, 2007, thereby providing defendant with only eight days' notice.[6] On June 12, 2007, counsel for Pacific Pride contacted the Magistrate Judge's courtroom deputy, and confirmed that the hearing had not, and would not be put on the Court's calendar for June 14, 2007, due to plaintiff's failure to file a properly noticed motion.[7]

On the afternoon of June 12, 2007, Magistrate Judge James' clerk contacted counsel for Pacific Pride to determine whether defendant was amenable to having the case heard by the Magistrate Judge.[8] After careful consideration, defendant chose to have the case heard by a United States District Judge, and filed a request that afternoon that the matter be reassigned.[9] On June 13, 2007, plaintiff re-filed the motion to remand, requesting a hearing date of July 13, 2007,

---

[2] Declaration of Matthew R. Halloran, ¶ 3.
[3] Declaration of Matthew R. Halloran, ¶ 4.
[4] Declaration of Matthew R. Halloran, ¶ 5.
[5] Declaration of Matthew R. Halloran, ¶ 6.
[6] Declaration of Matthew R. Halloran, ¶ 7.
[7] Declaration of Matthew R. Halloran, ¶ 8.
[8] Declaration of Matthew R. Halloran, ¶ 9.
[9] Declaration of Matthew R. Halloran, ¶ 10.

giving defendant only thirty days' notice.[10] The same day, plaintiff filed the motion seeking an order shortening time to have the remand motion heard, requesting a hearing date of either June 15, 2007 or June 22, 2007.[11]

After receiving service of plaintiff's motions on June 13, 2007, counsel for Pacific Pride contacted this Court's clerk and courtroom deputy, both of whom confirmed that any opposition to the motion for an order shortening time would have to be submitted the following day, June 14, 2007.[12]

### III. Argument

**A.  Plaintiff has not Stated Adequate Grounds for Shortening Time for the Hearing of the Motion to Remand.**

Civil Local Rule 6-3(a)(1) requires that a party seeking an order shortening time for the hearing of a motion set forth with particularity the reasons for the request. Plaintiff asserts the following reasons for the Court to hear the motion to remand on shortened time:

  (a) An imminent trial date in State Court (July 9, 2007);
  (b) The lack of diversity in this case;
  (c) Plaintiff's dire medical condition;
  (d) Defense counsel's deliberate procedural gamesmanship transparently aimed at depriving this quadriplegic plaintiff of his July 9, 2007, day in court.[13]

Defendant responds to each of plaintiff's assertions as follow:

  (a) There is no imminent trial date in State Court on July 9, 2007. All State Court action in this matter was stayed indefinitely on June 1, 2007, when defendant effected the removal of the action to Federal Court pursuant to 28 U.S.C. §1446(d).

  (b) Pacific Pride asserts that there very clearly *is* diversity between the only two remaining parties to this case, but that is an issue to be decided by the Court when the motion to

---

[10] Declaration of Matthew R. Halloran, ¶ 11.
[11] Declaration of Matthew R. Halloran, ¶ 12.
[12] Declaration of Matthew R. Halloran, ¶ 13.
[13] Plaintiff's Motion for an Order Shortening Time to Hear Motion to Remand; Declaration of Mark L. Webb in Support ( hereinafter "Motion for an Order Shortening Time"), p. 3.

remand is heard. It has nothing to do with this motion for an order shortening time.

(c)    Plaintiff is quadriplegic, but plaintiff's counsel has provided no evidence that he is in such "dire medical condition" to warrant a departure from this Court's standard motion practice.

(d)    Plaintiff's ad hominem regarding defense counsel's "deliberate procedural gamesmanship" warrants only the following response: Pacific Pride removed this case to Federal Court within a year of the case being filed and almost immediately after diversity jurisdiction arose. Pacific Pride is within its rights to remove this case as a foreign corporation.

### B.    Plaintiff's Motion for an Order Shortening Time Should Be Denied Because of Plaintiff's Disregard for this Court's Procedural Rules.

Civil Local Rule 7-2(a) states that all motions must be filed and noticed for hearing not less than thirty-five days after service of the motion. Plaintiff provided only thirty days' notice for the hearing of the motion to remand this case. Yet, even having given less notice than the rules require, plaintiff found it necessary to file this motion for an order shortening time. On June 13, 2007, plaintiff requested a hearing date of June 15, 2007, giving defendant only two days' notice. Under Civil Local Rule 6-3(c), a party opposing a motion to change time is typically given three days to file its opposition. As a result of plaintiff's disregard for the Court's rules, defendant was required to submit this opposition with just one day's notice.

Moreover, Civil Local Rule 7-5(b) states that any declaration in support of a motion may contain only facts, and may be stricken in whole or in part if not in compliance. The Declaration of Mark L. Webb, on the other hand, is rife with opinion, unsupported accusations, and legal conclusions. For instance, plaintiff's counsel refers to SF Petroleum as an agent of Pacific Pride,[14] though counsel is well aware that this entire case turns on whether such an agency relationship exists. Counsel asserts **in bold font** that there is no diversity of citizenship in this

4

case, though that is the very issue to be decided when plaintiff's motion is heard. Counsel asserts and <u>underlines</u> his accusation that defense counsel, "have done everything in their power to delay" trial and deny plaintiff his day in Court.[15] Yet in the same paragraph, counsel implicitly acknowledges that Pacific Pride removed this case promptly upon dismissal of the non-diverse defendant.[16] Such unsupported accusations do not belong in an officer of the Court's factual declaration, and run contrary to the rules of this Court.

## IV. Conclusion

If plaintiff's counsel had met and conferred and requested that plaintiff's motion to remand be heard on a shortened *but reasonable* date that gave Pacific Pride adequate time to prepare its opposition, defendant might have so stipulated. Instead, counsel sought to have the motion heard with only two days' notice, leaving defendant little choice but to file this opposition the following day. Accordingly, defendant again respectfully requests that the Court deny plaintiff's motion for an order shortening time, and require plaintiff to follow the Court's rules governing standard motion practice.

Dated: June 14, 2007                         WRIGHT, ROBINSON, OSTHIMER & TATUM

By _____
PETER M. HART
MATTHEW R. HALLORAN
Attorneys for Defendant
PACIFIC PRIDE SERVICES, INC.

---

[14] Motion for an Order Shortening Time, p.2, ¶ 4.
[15] Motion for an Order Shortening Time, p.2, ¶ 5.
[16] *See* Motion for an Order Shortening Time, p.2, ¶ 5(a).