Peter M. Hart, (State Bar No. 107920)
Bradley D. Fell (State Bar No. 212988)
Matthew R. Halloran (State Bar No. 236461)
WRIGHT, ROBINSON, OSTHIMER & TATUM
44 Montgomery Street, 18th Floor
San Francisco, California 94104-4705
Telephone: (415) 391-7111
Telefax: (415) 391-8766

Attorneys for Defendant
PACIFIC PRIDE SERVICES, INC.

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD WALKER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC PRIDE, a business entity, form unknown, and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No.: C 07-2857 SC<br><br>**DEFENDANT'S OPPOSTION TO PLAINTIFF'S MOTION SEEKING AN ORDER REMANDING ACTION TO STATE COURT**<br><br>Date: July 29, 2007<br>Time: 10:00 a.m.<br>Department: 1 (17th Floor)<br>Judge: Hon. Samuel Conti |

### I. Statement of Issues to be Decided

1. Whether this matter should be remanded to State Court for lack of federal diversity jurisdiction, where it is undisputed that: (i) the lone plaintiff, Donald Walker, is a citizen of the State of California; (ii) the lone defendant, Pacific Pride Services, Inc. (hereinafter "Pacific Pride"), is a business entity incorporated under the laws of the State of Oregon with its principal place of business in the State of Oregon; and (iii) the amount in controversy exceeds seventy-five thousand dollars ($75,000);

2. Whether Pacific Pride should be denied access to the United States District Court due to strictly equitable considerations; and

3. Whether the Court should act of its own initiative in issuing Rule 11 sanctions against plaintiff's counsel for filing a frivolous motion unsupported by the law.

## II. Statement of Relevant Facts

Plaintiff filed his initial complaint for damages in State Court in September 2006, naming defendants Pacific Pride, and Richard K. Pooler, an individual.[1] Plaintiff voluntarily dismissed the action against Richard K. Pooler, an individual, with prejudice on May 2, 2007, but continued to proceed against Richard K. Pooler, Inc. as a defendant.[2] On May 29, 2007, plaintiff accepted Richard K. Pooler, Inc.'s statutory settlement offer of one dollar ($1), and dismissed the action against it with prejudice.[3]

Plaintiff Donald Walker is an individual California resident.[4] Defendant Pacific Pride is a business entity incorporated under the laws of the State of Oregon with its principal place of business in the State of Oregon.[5] Thus, defendant contends that diversity jurisdiction arose in this matter when plaintiff dismissed the claim against Richard K. Pooler, Inc., a California corporation, on May 29, 2007. Pacific Pride subsequently and promptly filed its notice of removal on June 1, 2007.[6] Plaintiff filed the present motion on June 12, 2007, claiming that the Court should remand this matter either because it lacks diversity jurisdiction, or because of "equitable considerations."[7]

## III. Argument

A.  **Plaintiff's Motion for an Order Remanding this Case Should Be Denied, Because the Only Parties to this Case are Residents of Different States, and the Amount in Controversy Exceeds the Statutory Limit.**

28 U.S.C. §1332 states the district courts shall have original jurisdiction of all civil

---

[1] Declaration of Matthew R. Halloran, ¶ 2.
[2] Declaration of Matthew R. Halloran, ¶ 8.
[3] Declaration of Matthew R. Halloran, ¶ 9.
[4] *See* Declaration of Matthew R. Halloran ¶¶5-7, and plaintiff's response to California General Form Interrogatory 2.5, attached thereto as Exhibit E.
[5] *See* Declaration of Cynthia Condon, ¶¶ 2-3.
[6] Declaration of Matthew R. Halloran, ¶ 10.
[7] Declaration of Matthew R. Halloran, ¶ 11; *see also* Plaintiff's Notice of Motion and Motion to Remand Action to the California State Court; *Expedited Hearing Requested* Due to Superior Court Trial Date of July 9, 2007 (hereinafter "Motion to Remand").

actions where the matter in controversy exceeds the sum or value of seventy-five thousand dollars ($75,000), and is between citizens of different States. Here, there is no dispute that the matter in controversy exceeds the statutory limit.[8] There is no dispute that the only plaintiff in this matter, Donald Walker, was a resident of the State of California at the time the case was removed, and remains so today.[9] There is no dispute that the only defendant in this matter, Pacific Pride, was and is a business entity incorporated under the laws of the State of Oregon.[10] Although plaintiff notes at times that defendant has franchisees located in multiple states, there is also no real dispute that Pacific Pride's principal place of business is in the State of Oregon.[11] In spite of these facts, plaintiff disputes this Court's jurisdiction, claiming that the case should be remanded because non-parties reside in the State of California.

In so doing, plaintiff implicitly asks the Court to revisit *Strawbridge v. Curtiss*.[12] Chief Justice John Marshall delivered the opinion of the Supreme Court in *Strawbridge* in 1806. Analyzing the language that Congress used to impart diversity jurisdiction upon the federal courts, the Chief Justice observed: "The words of the act of congress are, 'where an alien is a party; or the suit is between a citizen of a state where the suit is brought, and a citizen of another state.'"[13] Then, and for the two hundred-plus years that followed, the Court understood the plain meaning of that language to create federal jurisdiction over cases in which *the parties to the action* were of diverse citizenship.[14]

As plaintiff acknowledges, Pacific Pride is an Oregon corporation and the sole defendant

---

[8] *See* Declaration of Matthew R. Halloran ¶4, and plaintiff's Statement of Damages, attached thereto as Exhibit C.
[9] *See* Declaration of Matthew R. Halloran ¶¶ 5-7, and plaintiff's response to California Form Interrogatory 2.5 attached thereto as Exhibit E.
[10] *See* Declaration of Cynthia Condon, ¶2; *see also* plaintiff's Motion to Remand at p. 7 (wherein plaintiff refers to Pacific Pride as "the Oregon corporation").
[11] *See* Declaration of Cynthia Condon, ¶3.
[12] 7 U.S. 267 (1806).
[13] *Id.*
[14] *See e.g.* Newman- Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989); *accord Am. Fiber & Finishing, Inc. v. Tyco Healthcare Group, LP*, 362 F.3d 136, 139 (1st Cir. 2004); *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998); *Her Majesty The Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332,

in this case.[15] Yet, plaintiff asserts that diversity jurisdiction does not exist because two California entities—San Francisco Petroleum, Inc. (hereinafter "SF Petroleum") and State Compensation Insurance Fund (hereinafter "SCIF")—have an *interest* in the case's outcome. In support of the argument, plaintiff cites only *Henderson v. Washington National Insurance Company* as follows: "When a defendant removes a case to federal court on diversity grounds, ***a court must remand*** the matter ***back to state court*** if any of the properly joined ***parties in interest*** are citizens of the state in which the suit was filed."[16] Defendant Pacific Pride would quote the same passage in support of this opposition, but emphasize only the words ***"properly joined."*** Neither SF Petroleum nor SCIF have been joined in this action, and thus any interest they or anyone else might have in the case's outcome is wholly irrelevant.

**B.  Plaintiff's Argument That "Equitable Considerations" Favor Remand Should be Rejected in Deference to Defendant's Right to Remove this Case in Accordance with Federal Law.**

Plaintiff cites a bevy of "equitable considerations," asserting that they weigh in favor of remanding this matter to State Court. Defendant will cite only the following consideration to the contrary: This case is in United States District Court because Pacific Pride exercised its statutory right to protect its legal interests by removing the case to a neutral forum shielded from potential local prejudice against it as an out-of-State party. None of the authorities cited by plaintiff[17]

---

339 (6th Cir. 1989).

[15] *See* Plaintiff's Motion to Remand, p. 7 (wherein, after addressing the dismissal of a non-diverse former defendant, plaintiff states: "This left PACIFIC PRIDE, the Oregon corporation, as the sole defendant").

[16] Plaintiff's Motion to Remand, pp. 7-8 (citing *Henderson v. Washington National Insurance Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006).

[17] The authorities plaintiff cites in support of the request for an equitable remand are *Kona Enterprises, Inc. v. Estate of Bishop*, 179 F.3d 767 (9th Cir. 1999); *Tedford v. Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2003); and *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004). *See* Plaintiff's Motion for Remand, pp. 9-10. *Tedford* was a case where the Court refused to allow plaintiff to join a non-diverse party simply to defeat diversity. *Tedford, supra*, 327 F.3d 423. *Grupo* was a case where diversity jurisdiction was defeated because the parties were not diverse at the time the case was filed with the Federal Court. *See Grupo, supra*, 541 U.S. 567. Finally, *Kona* was simply a case in which the Court of Appeals affirmed a District Court's determination that: (1) the appellant corporation did not assert any direct claims against defendants; (2) the continuous share requirement for bringing derivative actions applies in diversity cases; and (3) the appellant corporation lacked the equitable standing for fitting into an exception to the continuous ownership requirement for bringing shareholder derivative actions. *See Kona,*

support plaintiff's request for this Court to disregard the federal statute that gives Pacific Pride that right.[18]

### C. The Court Should Exercise its Authority to Sanction Plaintiff's Counsel in Accordance with the Federal Rules of Civil Procedure in Order to Discourage Any Further Frivolous Motion Practice in this Case.

By presenting to the Court a written motion, an attorney is certifying that to the best of his or her knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, that the legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.[19]

As discussed above, it has been the established rule for over two hundred years that diversity of citizenship for federal jurisdictional purposes relates to diversity between the plaintiff(s) and defendant(s). In this motion to remand, plaintiff's counsel cites no authority to the contrary, but asserts nonetheless that the residence of non-parties defeats the Court's diversity jurisdiction. In short, plaintiff's motion is based on a legal contention unsupported by any existing law or nonfrivolous argument.

Defendant was unable to file a properly noticed motion requesting that the Court impose Rule 11 sanctions against plaintiff's counsel for filing the present motion, as a result of plaintiff's counsel's insistence that the motion be heard on shortened time. Specifically, there was no way defendant could provide plaintiff with twenty-one days to withdraw the offending motion as required by the Federal Rules of Civil Procedure.[20] But this Court has the authority to impose

---

*supra*, 179 F.3d 767.
[18] *See J.A. Olson Co. v. Winona*, 818 F.2d 401, 404 (5th Cir. 1987) (noting that diversity jurisdiction exists to provide a neutral forum in cases where one or more of the parties is a citizen of another State or country; and to protect against local prejudice in State Courts).
[19] Federal Rules of Civil Procedure § 11(b)(2).
[20] *See* FRCP § 11(c)(1)(A).

Rule 11 sanctions of its own initiative,[21] and should do so in the interest of dissuading plaintiff's counsel from filing any additional frivolous motions in this matter. Accordingly, defendant respectfully requests that the Court sanction plaintiff's counsel accordingly if counsel is unable to show justifiable cause for violating Rule 11 subdivision (b) of the Federal Rules of Civil Procedure.

## IV. Conclusion

There are only two requirements for effectively removing a case from State Court to Federal Court under 28 U.S.C. §1332 that are relevant to this motion: All defendants must be residents of different states than all plaintiffs at the time of removal; and the matter in controversy must exceed the sum or value of seventy-five thousand dollars ($75,000). In this case the following facts are undisputed: (i) *The only* plaintiff is, and has been a resident of California; (ii) *the only* defendant is, and has been a resident of Oregon; and (iii) the amount in controversy far exceeds the statutory minimum. Accordingly, defendant Pacific Pride again respectfully requests that the Court deny plaintiff's motion seeking an order remanding this matter to State Court, and sanction plaintiff's counsel accordingly for putting this Court and the defendant to the time and expense of dealing with this frivolous motion.

Dated: June 21, 2007                    WRIGHT, ROBINSON, OSTHIMER & TATUM

By _____
PETER M. HART
MATTHEW R. HALLORAN
Attorneys for Defendant
PACIFIC PRIDE SERVICES, INC.

---

[21] *See* FRCP § 11(c)(1)(B).