Peter M. Hart, (State Bar No. 107920)
Bradley D. Fell (State Bar No. 212988)
Matthew R. Halloran (State Bar No. 236461)
WRIGHT, ROBINSON, OSTHIMER & TATUM
44 Montgomery Street, 18th Floor
San Francisco, California  94104-4705
Telephone:  (415) 391-7111
Telefax:  (415) 391-8766

Attorneys for Defendant
PACIFIC PRIDE SERVICES, INC.

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD WALKER, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>PACIFIC PRIDE, a business entity, form unknown, and DOES 1 through 50, inclusive,<br><br>        Defendant. | Case No.:  C 07-2857 SC<br><br>**DECLARATION OF MATTHEW R. HALLORAN**<br><br>Noticed Date:  July 13, 2007<br>Noticed Time:  10:00 a.m.<br>Department:  1 (17th Floor)<br>Judge:  Hon. Samuel Conti |

I, Matthew R. Halloran declare:

1.      I am an attorney licensed to practice law in all the Courts of the State of California, and admitted to practice before the United States District Court for the Northern District of California.  I am an associate with the law firm of Wright, Robinson, Osthimer & Tatum, attorneys of record for defendant Pacific Pride Services, Inc. (hereinafter "Pacific Pride").  I have personal knowledge of the facts contained herein, and could, if necessary, testify to them under oath in a Court of law.

2.      Plaintiff Donald Walker filed an action in Superior Court of the State of California, County of San Francisco entitled DONALD WALKER, an individual v. PACIFIC PRIDE, a business entity, form unknown, RICHARD K. POOLER, an individual, and DOES 1 through 50, inclusive, Case No. CGC 06-456176 on September 14, 2006.  A true and correct

1

copy of plaintiff's Complaint is attached hereto as Exhibit A.

3.    Plaintiff filed a Summons and First Amended Complaint in the Superior Court of the State of California, County of San Francisco on September 18, 2006. True and correct copies of the Summons and First Amended Complaint are attached hereto as Exhibit B.

4.    This amount of damages in controversy in this matter exceeds seventy-five thousand dollars ($75,000) exclusive of interest and costs as evidenced by plaintiff's Statement of Damages, wherein plaintiff claims damages in the amount of five million three hundred thousand dollars ($5,300,000). A true and correct copy of plaintiff's Statement of Damages is attached hereto as Exhibit C.

5.    On November 6, 2006, Pacific Pride propounded California General Form Interrogatories, Set One, to plaintiff, including general form interrogatory 2.5 requesting that plaintiff state his present residence address, his residence address for the past five years, and the dates he lived at each address. A true and correct copy of defendant's General Form Interrogatories, Set One, are attached hereto as Exhibit D.

6.    Plaintiff replied to defendant's General Form Interrogatories, Set One, on February 5, 2006. In response to form interrogatory 2.5, plaintiff indicated that from 1997 until July 21, 2005, he was a resident of Daly City, California, and from July 21, 2005 to the date of responding he was a resident of Fairfax, California. A true and correct copy of plaintiff's responses to General Form Interrogatories, Set One, is attached hereto as Exhibit E.

7.    I am informed and believe that plaintiff continues to be a resident of Fairfax, California.

8.    Plaintiff voluntarily dismissed the action against Richard K. Pooler, an individual, with prejudice on May 2, 2007, but continued to proceed against Richard K. Pooler, Inc. as a defendant.

9.    On May 29, 2007, plaintiff accepted Richard K. Pooler, Inc.'s statutory settlement

2

offer of one dollar ($1), and dismissed the action against it with prejudice.

10.    Pacific Pride filed a notice of removal to the United States District Court on June 1, 2007.

11.    Plaintiff filed the motion at issue on June 12, 2007, claiming that the Court should remand this matter either because it lacks diversity jurisdiction, or because of "equitable considerations."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 21st day of June, 2007, in San Francisco, California.

_____
Matthew R. Halloran

3

Exhibit A

(

F I L E D
San Francisco County Superior Court

SEP 1 4 2006

CORDON PARK-LI, Clerk
CASE MANAGEMENT CONFERENCE SET BY
BY:_____ Deputy Clerk

FEB 1 6 2007   - 9ᵐ AM

DEPARTMENT 212   SUMMONS ISSUED

1  MARK L. WEBB, ESQ. (SBN 067959)
   ZACHARY S. TOLSON, ESQ. (SBN 242824)
2  LAW OFFICES OF MARK L. WEBB
   S.F. Historic Landmark No. 48
3  294 Page Street
   San Francisco, CA 94102
4  Telephone: (415) 621-4500
   Facsimile: (415) 621-4173
5
   Attorney for Plaintiff,
6  DONALD WALKER

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8               IN AND FOR THE COUNTY OF SAN FRANCISCO

9                    UNLIMITED CIVIL JURISDICTION

10  DONALD WALKER, an individual,          Case No. CGC-06-456176

11         Plaintiffs,                      COMPLAINT FOR NEGLIGENCE AND
                                            PREMISES LIABILITY
12     v.

13  PACIFIC PRIDE, a business entity, form
    unknown, and DOES 1 through 50, inclusive,
14
           Defendants.
15

16                        **FACTUAL ALLEGATIONS**

17       1.    Plaintiff DONALD WALKER is an individual currently residing in Fairfax,

18  California. DONALD WALKER was an employee of San Francisco Petroleum Company, dba

19  International Marine Fuels Group, Inc. (hereinafter "SF Petroleum") at the time he was injured.

20       2.    Defendant PACIFIC PRIDE is a business entity, form unknown, who conducts

21  business in the State of California and within the City and County of San Francisco.

22       3.    PACIFIC PRIDE is also a franchisor to SF Petroleum, which is an oil and

23  petroleum product distribution facility located at 2121 3ʳᵈ Street, in San Francisco, California.

24       4.    PACIFIC PRIDE attracts and invites the public, including employees of its

25  franchises, to use their fueling system to dispense gasoline and/or related oil and petroleum

26  products from distribution outlets throughout the Bay Area and the United States, and has a self-

27  proclaimed duty to ensure that, as advertised, those fuel stations are "clean and well-lit," and

28  thereby safe for users.

5.      PACIFIC PRIDE communicates to the public at large through the internet and other media that SF Petroleum and other of its sites are owned, operated, managed, controlled, and/or overseen by PACIFIC PRIDE as the franchisor.  As such, PACIFIC PRIDE has the access, the control, the right, and therefore also the duty, to take reasonable steps in inspecting its premises, including SF Petroleum, Inc., to ensure that they are managed, operated, controlled or overseen within the dictates of applicable laws, including, but not limited to OSHA (Occupational Safety & Health Administration) regulations that govern the safe operation of work sites. Likewise, PACIFIC PRIDE has the right to terminate its franchisor/franchisee relationship with any site that fails to comport with PACIFIC PRIDE'S standards for fueling sites, including product quality, site cleanliness and safety.

6.      Visible and prominent signage at PACIFIC PRIDE'S SF Petroleum site includes a large and colorful mounted display bearing the name "PACIFIC PRIDE," which sign is located near the locus of this accident.  A second sign is also displayed near the area of this accident, and advertises the facility as a PACIFIC PRIDE site, even giving a phone number of 415-621-5226 as the number of PACIFIC PRIDE.  In actuality, that phone number is for SF Petroleum, which thus further affiliates and associates PACIFIC PRIDE as the controller and co-manager of SF Petroleum.

7.      Plaintiff herein relied on the fact that PACIFIC PRIDE, because of its use of prominent signage at SF Petroleum and its clear role in affiliation with SF Petroleum, would take reasonable steps to ensure that there would be a safe working environment at 2121 Third Street in San Francisco, and would be responsible, to one degree or another, to make the premises reasonably safe for Plaintiff and others.

8.      Despite advertisements by PACIFIC PRIDE to the contrary, PACIFIC PRIDE'S SF Petroleum site was being run and operated unlawfully in violation of numerous OSHA violations and without reasonable care for the safety of others, including Plaintiff.

9.      Numerous obvious violations of OSHA regulations and basic safety law existed for an indefinite period of time prior to the date of this accident, July 21, 2005.  These included: (a) an improperly maintained emergency power cutoff circuit breaker to the fuel dispensing pumps and a

1  faded label which failed to clearly identify the cutoff; (b) inadequate stairway railings; (c)

2  dangerous steps; (d) improper and inadequate warnings on equipment (including the forklift which

3  was the immediate cause of this accident); (e) failure to check the forklift at the beginning of each

4  shift to find any unsafe conditions and a failure to take the forklift out of service to make it safe;

5  (f) failure to post a set of operating rules for the forklift; (g) failure to certify that the forklift

6  operator was properly trained and evaluated; (h) failure to require refresher training and

7  evaluations of training for forklift operators; (i) failure to operate a forklift properly in accordance

8  with operating rules.

9      10.    On or about July 21, 2005, Plaintiff DONALD WALKER was working at

10  PACIFIC PRIDE'S SF Petroleum 2121 Third Street site in San Francisco as a fuel truck operator.

11      11.    On or about July 21, 2005, at approximately 4:00 p.m., Plaintiff DONALD

12  WALKER was cleaning up a fuel spill with an absorbent material while in a crouched position.

13  While doing so, DONALD WALKER was struck by a dumpster that was loaded in an improper

14  and unlawful manner on a "Kalmar" forklift.  Defendants herein knew, or should have known, that

15  the unlawful use of this forklift was a customary and habitual practice at PACIFIC PRIDE'S SF

16  Petroleum site, 2121 Third Street in San Francisco, which posed a serious risk of injury or death at

17  this site.

18      12.    Defendants herein also knew, or should have known, that petroleum and/or oil

19  leaks, were a common occurrence during the delivery and distribution of PACIFIC PRIDE

20  products, thus requiring employees or agents to clean up such spills, further exposing them,

21  including Plaintiff, to serious risk of injury or death at this site.

22      13.    Plaintiff DONALD WALKER, as a result of being struck by said dumpster,

23  suffered serious injuries, including, but not limited to, a fractured back, shoulder, neck, rib, a

24  punctured lung, resulting in complete quadriplegia.

25      14.    PACIFIC PRIDE and its agents were aware, or should have been aware, that at

26  PACIFIC PRIDE'S SF Petroleum site, and other of its franchises, fuel and/or petroleum spills

27  regularly occur and that heavy machinery, such as forklifts, are commonly used and operated.

28

---

COMPLAINT
- 3 -

15.    PACIFIC PRIDE and its agents, failed to participate in any reasonable way, in ensuring that the forklift being used at PACIFIC PRIDE'S SF Petroleum site was being operated safely, or even that the SF Petroleum employees were properly trained, certified and instructed.

16.    PACIFIC PRIDE and its agents failed to take adequate steps to ensure that fuel/petroleum spills would not occur, so as to avoid the need for Plaintiff and others to stoop down to the ground level to clean up such spills while heavy equipment was being operated in the vicinity.   Despite knowing that such spills were foreseeable and even predictable, Defendants failed to post instructions so as to guide Plaintiff and others on how to most safely handle such situations.  Neither did Defendants take steps to provide adequate instructions or training to Plaintiff and others so that they would know how to safely handle such spills.

17.    Plaintiff DONALD WALKER is ignorant of the true names of Defendants Does 1 through 50, inclusive, and therefore claims against them by those fictitious names. Plaintiff is informed and believes and based thereon alleges that each Doe Defendant was in some way responsible for the events and happenings alleged in this Complaint and for Plaintiff's injuries and damages.

18.    Plaintiff is informed and believes and based thereon alleges that, at all times mentioned in this Application, Defendants Does 1 through 50 were the agents and employees of Defendant PACIFIC PRIDE, and in doing the things alleged in this complaint were acting within the course and scope of that agency and employment.

19.    The Defendants' acts and omissions complained of herein were a substantial factor in causing Plaintiffs injuries from a forklift collision, which resulted in permanent total disability, from July 21, 2005 to the present, and for an as yet unknown period into the future, and to receive medical treatment at various times from July 21, 2005 and continuing.

### FIRST CAUSE OF ACTION
For Negligence
(Against PACIFIC PRIDE and DOES 1 through 50)

20.    Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 19 as though fully set forth at length.

21.   Defendants and their agents had a duty to exercise reasonable care to provide a safe environment at their PACIFIC PRIDE SF Petroleum franchise site.

22.   Defendants and their agents breached their duty of care to Plaintiff when they failed to take reasonable steps to make safe dangerous conditions on the PACIFIC PRIDE SF Petroleum site, which Defendants knew, or if had said Defendants exercised reasonable care, would have been discovered in time to remedy or give adequate warning before this injury occurred.

23.   That as a result of Defendants' negligent acts and/or omissions Plaintiff suffered serious injuries, including, but not limited to, a fractured back, shoulder, neck, rib, a punctured lung, and complete quadriplegia.

24.   Defendants' negligent acts and/or omissions in their failure to take reasonable steps to prevent this harm were the legal and/or proximate causes of Plaintiff's harm.

## SECOND CAUSE OF ACTION
### Premises Liability
#### (Against PACIFIC PRIDE and DOES 1 through 50)

25.   Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 24 as though fully set forth at length.

26.   That Defendants and their agents occupied, owned, leased, controlled, managed, or had the right to control or manage PACIFIC PRIDE'S 2121 Third Street SF Petroleum site in San Francisco.

27.   That Plaintiff DONALD WALKER believed SF Petroleum to be an agent of PACIFIC PRIDE through signage, conduct, franchise agreement and other methods.

28.   That Plaintiff DONALD WALKER believed PACIFIC PRIDE'S 2121 Third Street SF Petroleum site to be safe because it was part of PACIFIC PRIDE'S large, well-recognized network of fueling stations.

29.   PACIFIC PRIDE, through franchise agreement, signage, advertising, their own website, and other means, treated the 2121 Third Street SF Petroleum site as though it were PACIFIC PRIDE.

30.   That Defendants and their agents owed a duty of reasonable care to keep the property in a reasonably safe condition and to use reasonable care to discover any unsafe

COMPLAINT
- 5 -

1   conditions and to make safe that which could be reasonably expected to harm others, including

2   Plaintiff DONALD WALKER.

3       31.   That Defendants were negligent in the management, occupation, control or

4   operation of PACIFIC PRIDE'S 2121 Third Street SF Petroleum site in San Francisco in that they

5   failed to exercise control over their franchisee to ensure compliance with applicable laws,

6   including, but not limited to those OSHA violations set forth above, as well as reasonable

7   standards safety in both the handling of fuel spill and the operation of heavy equipment, including

8   forklifts.

9       32.   That Plaintiff DONALD WALKER was harmed because of the way Defendants

10  managed, controlled, occupied, or operated PACIFIC PRIDE'S 2121 Third Street SF Petroleum

11  site in San Francisco, including, but not limited to, a fractured back, shoulder, neck, rib, a

12  punctured lung, and complete quadriplegia.

13      33.   That Defendants' and their agents' negligence was a substantial factor in causing

14  Plaintiff DONALD WALKER'S harm.

## PRAYER FOR RELIEF

16  WHEREFORE, Plaintiff DONALD WALKER prays as follows:

17      1.  For special damages according to proof;

18      2.  For general and compensatory damages according to proof;

19      3.  For prejudgment interest in an amount to be proved at the time of trial;

20      4.  For costs of suit incurred herein; and

21      5.  For such other and further relief as the court may deem just and proper.

22  DATED: September 14, 2006

                                    LAW OFFICES OF MARK L. WEBB

24

25                                  Mark L. Webb, Esq.
                                    Attorney for Plaintiff DONALD WALKER

26

27

28

COMPLAINT

-6-

Exhibit B

<table>
| 1 | MARK L. WEBB, ESQ. (SBN 067959) | **ENDORSED** |
</table>

1  MARK L. WEBB, ESQ. (SBN 067959)
   ZACHARY S. TOLSON, ESQ. (SBN 242824)
2  LAW OFFICES OF MARK L. WEBB
   S.F. Historic Landmark No. 48
3  294 Page Street
   San Francisco, CA 94102
4  Telephone: (415) 621-4500
   Facsimile: (415) 621-4173
5
6  Attorney for Plaintiff,
   DONALD WALKER

**ENDORSED**
**F I L E D**
San Francisco County Superior Court

**SEP 1 8 2006**

GORDON PARK-LI, Clerk
By_____
                    **Deputy Clerk**

7           SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                IN AND FOR THE COUNTY OF SAN FRANCISCO

9                     UNLIMITED CIVIL JURISDICTION

10  DONALD WALKER, an individual,          Case No.: CGC 06-456176

11             Plaintiffs,                  **PLAINTIFF'S FIRST AMENDED**
                                            **COMPLAINT FOR NEGLIGENCE AND**
12        v.                                **PREMISES LIABILITY**

13  PACIFIC PRIDE, a business entity, form
    unknown, RICHARD K. POOLER, an
14  individual, and DOES 1 through 50, inclusive,

15             Defendants.

16

17                     FACTUAL ALLEGATIONS

18       1.    Plaintiff DONALD WALKER is an individual currently residing in Fairfax,

19  California. DONALD WALKER was an employee of San Francisco Petroleum Company, dba

    International Marine Fuels Group, Inc. (hereinafter "SF Petroleum") at the time he was injured.

20       2.    Defendant PACIFIC PRIDE is a business entity, form unknown, who conducts

21  business in the State of California and within the City and County of San Francisco.

22       3.    PACIFIC PRIDE is also a franchisor to SF Petroleum, which is an oil and

23  petroleum product distribution facility located at 2121 3rd Street, in San Francisco, California.

24       4.    Defendant RICHARD K. POOLER is an individual who is the owner of the

25  property known as 2121 Third Street in San Francisco, California, according to the San Francisco

26  Recorder's office.

27       5.    PACIFIC PRIDE attracts and invites the public, including employees of its

28  franchises, to use their fueling system to dispense gasoline and/or related oil and petroleum

                     PLAINTIFF'S FIRST AMENDED COMPLAINT
                                  - 1 -

1  products from distribution outlets throughout the Bay Area and the United States, and has a self-

2  proclaimed duty to ensure that, as advertised, those fuel stations are "clean and well-lit," and

3  thereby safe for users.

4      6.    PACIFIC PRIDE communicates to the public at large through the internet and

5  other media that SF Petroleum and other of its sites are owned, operated, managed, controlled,

6  and/or overseen by PACIFIC PRIDE as the franchisor.  As such, PACIFIC PRIDE has the access,

7  the control, the right, and therefore also the duty, to take reasonable steps in inspecting its

8  premises, including SF Petroleum, Inc., to ensure that they are managed, operated, controlled or

9  overseen within the dictates of applicable laws, including, but not limited to OSHA (Occupational

10  Safety & Health Administration) regulations that govern the safe operation of work sites.

11  Likewise, PACIFIC PRIDE has the right to terminate its franchisor/franchisee relationship with

12  any site that fails to comport with PACIFIC PRIDE'S standards for fueling sites, including

13  product quality, site cleanliness and safety.

14      7.    Visible and prominent signage at PACIFIC PRIDE'S SF Petroleum site includes a

15  large and colorful mounted display bearing the name "PACIFIC PRIDE," which sign is located

16  near the locus of this accident.  A second sign is also displayed near the area of this accident, and

17  advertises the facility as a PACIFIC PRIDE site, even giving a phone number of 415-621-5226 as

18  the number of PACIFIC PRIDE.  In actuality, that phone number is for SF Petroleum, which thus

19  further affiliates and associates PACIFIC PRIDE as the controller and co-manager of SF

20  Petroleum.

21      8.    Plaintiff herein relied on the fact that PACIFIC PRIDE, because of its use of

22  prominent signage at SF Petroleum and its clear role in affiliation with SF Petroleum, would take

23  reasonable steps to ensure that there would be a safe working environment at 2121 Third Street in

24  San Francisco, and would be responsible, to one degree or another, to make the premises

25  reasonably safe for Plaintiff and others.

26      9.    Despite advertisements by PACIFIC PRIDE to the contrary, PACIFIC PRIDE'S SF

27  Petroleum site was being run and operated unlawfully in violation of numerous OSHA violations

28  and without reasonable care for the safety of others, including Plaintiff.

PLAINTIFF'S FIRST AMENDED COMPLAINT

- 2 -

1    10.    Numerous obvious violations of OSHA regulations and basic safety law existed for

2  an indefinite period of time prior to the date of this accident, July 21, 2005.  These included: (a) an

3  improperly maintained emergency power cutoff circuit breaker to the fuel dispensing pumps and a

4  faded label which failed to clearly identify the cutoff; (b) inadequate stairway railings; (c)

5  dangerous steps; (d) improper and inadequate warnings on equipment (including the forklift which

6  was the immediate cause of this accident); (e) failure to check the forklift at the beginning of each

7  shift to find any unsafe conditions and a failure to take the forklift out of service to make it safe;

8  (f) failure to post a set of operating rules for the forklift; (g) failure to certify that the forklift

9  operator was properly trained and evaluated; (h) failure to require refresher training and

10  evaluations of training for forklift operators; (i) failure to operate a forklift properly in accordance

11  with operating rules.

12    11.    On or about July 21, 2005, Plaintiff DONALD WALKER was working at

13  PACIFIC PRIDE'S SF Petroleum 2121 Third Street site in San Francisco as a fuel truck operator.

14    12.    That Plaintiff DONALD WALKER believed PACIFIC PRIDE'S 2121 Third Street

15  SF Petroleum site to be safe because it was part of PACIFIC PRIDE'S large, well-recognized

16  network of fueling stations.

17    13.    PACIFIC PRIDE, through franchise agreement, signage, advertising, their own

18  website, and other means, treated the 2121 Third Street SF Petroleum site as though it were

19  PACIFIC PRIDE.

20    14.    That Plaintiff DONALD WALKER believed SF Petroleum to be an agent of

21  PACIFIC PRIDE through signage, conduct, franchise agreement and other methods.

22    15.    On or about July 21, 2005, at approximately 4:00 p.m., Plaintiff DONALD

23  WALKER was cleaning up a fuel spill with an absorbent material while in a crouched position.

24  While doing so, DONALD WALKER was struck by a dumpster that was loaded in an improper

25  and unlawful manner on a "Kalmar" forklift.  Defendants herein knew, or should have known, that

26  the unlawful use of this forklift was a customary and habitual practice at PACIFIC PRIDE'S SF

27  Petroleum site, 2121 Third Street in San Francisco, which posed a serious risk of injury or death at

28  this site.

PLAINTIFF'S FIRST AMENDED COMPLAINT

- 3 -

16.    Defendants herein also knew, or should have known, that petroleum and/or oil leaks, were a common occurrence during the delivery and distribution of PACIFIC PRIDE products, thus requiring employees or agents to clean up such spills, further exposing them, including Plaintiff, to serious risk of injury or death at this site.

17.    Plaintiff DONALD WALKER, as a result of being struck by said dumpster, suffered serious injuries, including, but not limited to, a fractured back, shoulder, neck, rib, a punctured lung, resulting in complete quadriplegia.

18.    PACIFIC PRIDE and its agents were aware, or should have been aware, that at PACIFIC PRIDE'S SF Petroleum site, and other of its franchises, fuel and/or petroleum spills regularly occur and that heavy machinery, such as forklifts, are commonly used and operated.

19.    PACIFIC PRIDE and its agents, failed to participate in any reasonable way, in ensuring that the forklift being used at PACIFIC PRIDE'S SF Petroleum site was being operated safely, or even that the SF Petroleum employees were properly trained, certified and instructed.

20.    PACIFIC PRIDE and its agents failed to take adequate steps to ensure that fuel/petroleum spills would not occur, so as to avoid the need for Plaintiff and others to stoop down to the ground level to clean up such spills while heavy equipment was being operated in the vicinity.   Despite knowing that such spills were foreseeable and even predictable, Defendants failed to post instructions so as to guide Plaintiff and others on how to most safely handle such situations.  Neither did Defendants take steps to provide adequate instructions or training to Plaintiff and others so that they would know how to safely handle such spills.

21.    Plaintiff DONALD WALKER is ignorant of the true names of Defendants Does 1 through 50, inclusive, and therefore claims against them by those fictitious names. Plaintiff is informed and believes and based thereon alleges that each Doe Defendant was in some way responsible for the events and happenings alleged in this Complaint and for Plaintiff's injuries and damages.

22.    Plaintiff is informed and believes and based thereon alleges that, at all times mentioned in this Application, Defendants Does 1 through 50 were the agents and employees of

PLAINTIFF'S FIRST AMENDED COMPLAINT
-4-

1  Defendant PACIFIC PRIDE, and in doing the things alleged in this complaint were acting within

2  the course and scope of that agency and employment.

3      23.    The Defendants' acts and omissions complained of herein were a substantial factor

4  in causing Plaintiffs injuries from a forklift collision, which resulted in permanent total disability,

5  from July 21, 2005 to the present, and for an as yet unknown period into the future, and to receive

6  medical treatment at various times from July 21, 2005 and continuing.

7  **FIRST CAUSE OF ACTION**
For Negligence

8  **(Against PACIFIC PRIDE, RICHARD K. POOLER, and DOES 1 through 50)**

9      24.    Plaintiff hereby incorporates by reference each and every allegation contained in

10  paragraphs 1 through 23 as though fully set forth at length.

11      25.    Defendants and their agents had a duty to exercise reasonable care to provide a safe

12  environment at their PACIFIC PRIDE SF Petroleum franchise site.

13      26.    Defendants and their agents breached their duty of care to Plaintiff when they failed

14  to take reasonable steps to make safe dangerous conditions on the PACIFIC PRIDE SF Petroleum

15  site, which Defendants knew, or if had said Defendants exercised reasonable care, would have

16  been discovered in time to remedy or give adequate warning before this injury occurred.

17      27.    That as a result of Defendants' negligent acts and/or omissions Plaintiff suffered

18  serious injuries, including, but not limited to, a fractured back, shoulder, neck, rib, a punctured

19  lung, and complete quadriplegia.

20      28.    Defendants' and their agents' negligent acts and/or omissions in their failure to take

21  reasonable steps to prevent this harm were the legal and/or proximate causes of Plaintiff's harm.

22  **SECOND CAUSE OF ACTION**
Premises Liability

23  **(Against PACIFIC PRIDE, RICHARD K. POOLER, and DOES 1 through 50)**

24      29.    Plaintiff hereby incorporates by reference each and every allegation contained in

25  paragraphs 1 through 28 as though fully set forth at length.

26      30.    That Defendants and their agents occupied, owned, leased, controlled, managed, or

27  had the right to control or manage PACIFIC PRIDE'S 2121 Third Street SF Petroleum site in San

28  Francisco.

**PLAINTIFF'S FIRST AMENDED COMPLAINT**
- 5 -

1      31.    That Defendants and their agents owed a duty of reasonable care to keep the

2    property in a reasonably safe condition and to use reasonable care to discover any unsafe

3    conditions and to make safe that which could be reasonably expected to harm others, including

4    Plaintiff DONALD WALKER.

5      32.    That Defendants and their agents were negligent in the management, occupation,

6    control or operation of PACIFIC PRIDE'S 2121 Third Street SF Petroleum site in San Francisco

7    in that they failed to exercise control over their property or franchisee to ensure basic compliance

8    with applicable laws.

9      33.    That Plaintiff DONALD WALKER was harmed because of the way Defendants

10   owned, managed, controlled, occupied, or operated PACIFIC PRIDE'S 2121 Third Street SF

11   Petroleum site in San Francisco, including, but not limited to, a fractured back, shoulder, neck, rib,

12   a punctured lung, and complete quadriplegia.

13     34.    That Defendants' and their agents' negligence was a substantial factor in causing

14   Plaintiff DONALD WALKER'S harm.

15                                   **PRAYER FOR RELIEF**

16        WHEREFORE, Plaintiff DONALD WALKER prays as follows:

17        1.  For special damages according to proof;

18        2.  For general and compensatory damages according to proof;

19        3.  For prejudgment interest in an amount to be proved at the time of trial;

20        4.  For costs of suit incurred herein; and

21        5.  For such other and further relief as the court may deem just and proper.

22   DATED: September 18, 2006                    LAW OFFICES OF MARK L. WEBB

23

24                                                _____
                                                  Mark L. Webb, Esq.
25                                                Attorney for Plaintiff DONALD WALKER

26

27

28

---

PLAINTIFF'S FIRST AMENDED COMPLAINT
- 6 -

SU___IONS ON FIRST AMENDED COMPLAINT
*(CITACION JUDICIAL)*

Served 9-25-06
1:30    SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PACIFIC PRIDE, a business entity, form unknown,
RICHARD K. POOLER, an individual, and DOES 1 through
50, inclusive,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)* One

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DONALD WALKER, an individual,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Francisco Superior Court
400 McAllister Street

San Francisco, CA 94102

CASE NUMBER:
*(Número del Caso):* CGC 06-456176

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
ZACHARY S. TOLSON (SBN 242824)/MARK L. WEBB (SBN 067959)   (415) 621-4500
LAW OFFICES OF MARK L. WEBB
HISTORIC LANDMARK NO. 48
SAN FRANCISCO, CA 94102

GORDON PARK-LI

DATE:                                    Clerk, by _____ ELIAS BUTT , Deputy
*(Fecha)*  SEP 15 2006     *(Secretario)*                                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
℘ Plus

Code of Civil Procedure §§ 412.20, 465



Exhibit C

**— DO NOT FILE WITH THE COURT —**
**- UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO.: (415) 621-4500 | FOR COURT USE ONLY |
|---|---|---|
| ZACHARY S. TOLSON (SBN 242824)<br>LAW OFFICES OF MARK L. WEBB<br>HISTORIC LANDMARK NO. 48<br>294 PAGE STREET<br>SAN FRANCISCO, CA 94102 | | |

ATTORNEY FOR (name):

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco
STREET ADDRESS:  400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE:  San Francisco, CA 94102
BRANCH NAME:
PLAINTIFF:  Donald Walker
DEFENDANT:  Pacific Pride, et al.

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>CGC 06-456176 |
|---|---|

To (name of one defendant only):  Pacific Pride
Plaintiff (name of one plaintiff only):  Donald Walker
seeks damages in the above-entitled action, as follows:

AMOUNT

1. **General damages**
   a. [X] Pain, suffering, and inconvenience ................................................ $ 2,000,000.
   b. [X] Emotional distress ............................................................... $ 2,000,000.
   c. [ ] Loss of consortium .............................................................. $ 0.00
   d. [ ] Loss of society and companionship (wrongful death actions only) ............ $ 0.00
   e. [ ] Other (specify) ................................................................ $ 0.00
   f. [ ] Other (specify) ................................................................ $ 0.00
   g. [ ] Continued on Attachment 1.g.

2. **Special damages**
   a. [X] Medical expenses (to date) ..................................................... $ 1,000,000.
   b. [X] Future medical expenses (present value) ........................................ $ Unknown
   c. [X] Loss of earnings (to date) ..................................................... $ 50,000.00
   d. [X] Loss of future earning capacity (present value) ................................ $ 250,000.00
   e. [ ] Property damage ................................................................ $ 0.00
   f. [ ] Funeral expenses (wrongful death actions only) ................................. $ 0.00
   g. [ ] Future contributions (present value) (wrongful death actions only) ............. $ 0.00
   h. [ ] Value of personal service, advice, or training (wrongful death actions only) .. $ 0.00
   i. [ ] Other (specify) ................................................................ $ 0.00
   j. [ ] Other (specify) ................................................................ $ 0.00
   k. [ ] Continued on Attachment 2.k.

3. [ ] Punitive damages: Plaintiff reserves the right to seek punitive damages in the amount of (specify) . $ 0.00
       when pursuing a judgment in the suit filed against you.

Date: September 14, 2006

ZACHARY S. TOLSON (SBN 242824) .......... ▶
(TYPE OR PRINT NAME)                          (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)
                        (Proof of service on reverse)

Form Adopted by Rule 982
Judicial Council of California
982(a)(24) [New January 1, 1997]
Mandatory Form
STATEMENT OF DAMAGES
(Personal Injury or Wrongful Death)
Legal Solutions Plus
Code of Civil Procedure, §§ 425.11, 425.115

Exhibit D

FI-120

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
PETER M. HART (SBN 107920)
WRIGHT, ROBINSON, OSTHIMER & TATUM
44 Montgomery St., 18th Fl.
San Francisco, CA  94104

TELEPHONE NO.: (415) 391-7111
FAX NO. *(Optional):* (415) 391-8766
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Defendants: Pacific Pride and Richard Pooler

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
Superior Court

SHORT TITLE OF CASE: WALKER v. PACIFIC PRIDE, ET AL.

| FORM INTERROGATORIES—GENERAL | CASE NUMBER: |
|---|---|
| Asking Party: Defendant: PACIFIC PRIDE | CGC06-456176 |
| Answering Party: Plaintiff: DONALD WALKER | |
| Set No.: ONE | |

### Sec. 1.    Instructions to All Parties

(a)  Interrogatories are written questions prepared by a party to an action that are sent to any other party in the action to be answered under oath.  The interrogatories below are form interrogatories approved for use in civil cases.

(b)  For time limitations, requirements for service on other parties, and other details, see Code of Civil Procedure sections 2030.010-2030.410 and the cases construing those sections.

(c)  These form interrogatories do not change existing law relating to interrogatories nor do they affect an answering party's right to assert any privilege or make any objection.

### Sec. 2.    Instructions to the Asking Party

(a)  These interrogatories are designed for optional use by parties in unlimited civil cases where the amount demanded exceeds $25,000.  Separate interrogatories, *Form Interrogatories—Economic Litigation* (form FI-129), which have no subparts, are designed for use in limited civil cases where the amount demanded is $25,000 or less; however, those interrogatories may also be used in unlimited civil cases.

(b)  Check the box next to each interrogatory that you want the answering party to answer. Use care in choosing those interrogatories that are applicable to the case.

(c)  You may insert your own definition of **INCIDENT** in Section 4, but only where the action arises from a course of conduct or a series of events occurring over a period of time.

(d)  The interrogatories in section 16.0, Defendant's Contentions—Personal Injury, should not be used until the defendant has had a reasonable opportunity to conduct an investigation or discovery of plaintiff's injuries and damages.

(e)  Additional interrogatories may be attached.

### Sec. 3.    Instructions to the Answering Party

(a)  An answer or other appropriate response must be given to each interrogatory checked by the asking party.

(b)  As a general rule, within 30 days after you are served with these interrogatories, you must serve your responses on the asking party and serve copies of your responses on all other parties to the action who have appeared.  See Code of Civil Procedure section 2030.260-2030.270 for details.

(c)  Each answer must be as complete and straightforward as the information reasonably available to you, including the information possessed by your attorneys or agents, permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

(d)  If you do not have enough personal knowledge to fully answer an interrogatory, say so, but make a reasonable and good faith effort to get the information by asking other persons or organizations, unless the information is equally available to the asking party.

(e)  Whenever an interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response.  If the document has more than one page, refer to the page and section where the answer to the interrogatory can be found.

(f)  Whenever an address and telephone number for the same person are requested in more than one interrogatory, you are required to furnish them in answering only the first interrogatory asking for that information.

(g)  If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

(h)  Your answers to these interrogatories must be verified, dated, and signed. You may wish to use the following form at the end of your answers:

   *I declare under penalty of perjury under the laws of the State of California that the foregoing answers are true and correct.*

_____     _____
        *(DATE)*                          *(SIGNATURE)*

### Sec. 4.    Definitions

Words in **BOLDFACE CAPITALS** in these interrogatories are defined as follows:

(a) *(Check one of the following):*

☐  **(1) INCIDENT** includes the circumstances and events surrounding the alleged accident, injury, or other occurrence or breach of contract giving rise to this action or proceeding.

Form Approved for Optional Use
Judicial Council of California
FI-120 [Rev. January 1, 2006]

**FORM INTERROGATORIES—GENERAL**

Legal Solutions Plus

Code of Civil Procedure,
§§ 2030.010-2030.410, 2033.710

☐ **(2) INCIDENT** means *(insert your definition here or on a separate, attached sheet labeled "Sec. 4(a)(2)")*:

**(b) YOU OR ANYONE ACTING ON YOUR BEHALF** includes you, your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

**(c) PERSON** includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

**(d) DOCUMENT** means a writing, as defined in Evidence Code section 250, and includes the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

**(e) HEALTH CARE PROVIDER** includes any **PERSON** referred to in Code of Civil Procedure section 667.7(e)(3).

**(f) ADDRESS** means the street address, including the city, state, and zip code.

## Sec. 5. Interrogatories

The following interrogatories have been approved by the Judicial Council under Code of Civil Procedure section 2033.710:

### CONTENTS

1.0   Identity of Persons Answering These Interrogatories
2.0   General Background Information—Individual
3.0   General Background Information—Business Entity
4.0   Insurance
5.0   *[Reserved]*
6.0   Physical, Mental, or Emotional Injuries
7.0   Property Damage
8.0   Loss of Income or Earning Capacity
9.0   Other Damages
10.0  Medical History
11.0  Other Claims and Previous Claims
12.0  Investigation — General
13.0  Investigation — Surveillance
14.0  Statutory or Regulatory Violations
15.0  Denials and Special or Affirmative Defenses
16.0  Defendant's Contentions Personal Injury
17.0  Responses to Request for Admissions
18.0  *[Reserved]*
19.0  *[Reserved]*
20.0  How the Incident Occurred—Motor Vehicle
25.0  *[Reserved]*
30.0  *[Reserved]*
40.0  *[Reserved]*
50.0  Contract
60.0  *[Reserved]*
70.0  Unlawful Detainer *[See separate form FI-128]*
101.0 Economic Litigation *[See separate form FI-129]*
200.0 Employment Law *[See separate form FI-130]*
      Family Law *[See separate form 1292.10]*

## 1.0 Identity of Persons Answering These Interrogatories

☒ 1.1 State the name, **ADDRESS**, telephone number, and relationship to you of each **PERSON** who prepared or assisted in the preparation of the responses to these interrogatories. *(Do not identify anyone who simply typed or reproduced the responses.)*

## 2.0 General Background Information—individual

☒ 2.1 State:
(a) your name;
(b) every name you have used in the past; and
(c) the dates you used each name.

☒ 2.2 State the date and place of your birth.

☒ 2.3 At the time of the **INCIDENT**, did you have a driver's license? If so, state:
(a) the state or other issuing entity;
(b) the license number and type;
(c) the date of issuance; and
(d) all restrictions.

☒ 2.4 At the time of the **INCIDENT**, did you have any other permit or license for the operation of a motor vehicle? If so, state:
(a) the state or other issuing entity;
(b) the license number and type;
(c) the date of issuance; and
(d) all restrictions.

☒ 2.5 State:
(a) your present residence **ADDRESS;**
(b) your residence **ADDRESSES** for the past five years; and
(c) the dates you lived at each **ADDRESS.**

☒ 2.6 State:
(a) the name, **ADDRESS**, and telephone number of your present employer or place of self-employment; and
(b) the name, **ADDRESS**, dates of employment, job title, and nature of work for each employer or self-employment you have had from five years before the **INCIDENT** until today.

☒ 2.7 State:
(a) the name and **ADDRESS** of each school or other academic or vocational institution you have attended, beginning with high school;
(b) the dates you attended;
(c) the highest grade level you have completed; and
(d) the degrees received.

☒ 2.8 Have you ever been convicted of a felony? If so, for each conviction state:
(a) the city and state where you were convicted;
(b) the date of conviction;
(c) the offense; and
(d) the court and case number.

☒ 2.9 Can you speak English with ease? If not, what language and dialect do you normally use?

☒ 2.10 Can you read and write English with ease? If not, what language and dialect do you normally use?

[x] **2.11** At the time of the **INCIDENT** were you acting as an agent or employee for any **PERSON**? If so, state:
(a) the name, **ADDRESS**, and telephone number of that **PERSON**; and
(b) a description of your duties.

[x] **2.12** At the time of the **INCIDENT** did you or any other person have any physical, emotional, or mental disability or condition that may have contributed to the occurrence of the **INCIDENT**? If so, for each person state:
(a) the name, **ADDRESS**, and telephone number;
(b) the nature of the disability or condition; and
(c) the manner in which the disability or condition contributed to the occurrence of the **INCIDENT**.

[x] **2.13** Within 24 hours before the **INCIDENT** did you or any person involved in the **INCIDENT** use or take any of the following substances: alcoholic beverage, marijuana, or other drug or medication of any kind (prescription or not)? If so, for each person state:
(a) the name, **ADDRESS**, and telephone number;
(b) the nature or description of each substance;
(c) the quantity of each substance used or taken;
(d) the date and time of day when each substance was used or taken;
(e) the **ADDRESS** where each substance was used or taken;
(f) the name, **ADDRESS**, and telephone number of each person who was present when each substance was used or taken; and
(g) the name, **ADDRESS**, and telephone number of any **HEALTH CARE PROVIDER** who prescribed or furnished the substance and the condition for which it was prescribed or furnished.

**3.0 General Background Information — Business Entity**

[ ] **3.1** Are you a corporation? If so, state:
(a) the name stated in the current articles of incorporation;
(b) all other names used by the corporation during the past 10 years and the dates each was used;
(c) the date and place of incorporation;
(d) the **ADDRESS** of the principal place of business; and
(e) whether you are qualified to do business in California.

[ ] **3.2** Are you a partnership? If so, state:
(a) the current partnership name;
(b) all other names used by the partnership during the past 10 years and the dates each was used;
(c) whether you are a limited partnership and, if so, under the laws of what jurisdiction;
(d) the name and **ADDRESS** of each general partner; and
(e) the **ADDRESS** of the principal place of business.

[ ] **3.3** Are you a limited liability company? If so, state:
(a) the name stated in the current articles of organization;
(b) all other names used by the company during the past 10 years and the date each was used;
(c) the date and place of filing of the articles of organization;
(d) the **ADDRESS** of the principal place of business; and
(e) whether you are qualified to do business in California.

[ ] **3.4** Are you a joint venture? If so, state:
(a) the current joint venture name;
(b) all other names used by the joint venture during the past 10 years and the dates each was used;
(c) the name and **ADDRESS** of each joint venturer; and
(d) the **ADDRESS** of the principal place of business.

[ ] **3.5** Are you an unincorporated association? If so, state:
(a) the current unincorporated association name;
(b) all other names used by the unincorporated association during the past 10 years and the dates each was used; and
(c) the **ADDRESS** of the principal place of business.

[ ] **3.6** Have you done business under a fictitious name during the past 10 years? If so, for each fictitious name state:
(a) the name;
(b) the dates each was used;
(c) the state and county of each fictitious name filing; and
(d) the **ADDRESS** of the principal place of business.

[ ] **3.7** Within the past five years has any public entity registered or licensed your business? If so, for each license or registration:
(a) identify the license or registration;
(b) state the name of the public entity; and
(c) state the dates of issuance and expiration.

**4.0 Insurance**

[x] **4.1** At the time of the **INCIDENT**, was there in effect any policy of insurance through which you were or might be insured in any manner (for example, primary, pro-rata, or excess liability coverage or medical expense coverage) for the damages, claims, or actions that have arisen out of the **INCIDENT**? If so, for each policy state:
(a) the kind of coverage;
(b) the name and **ADDRESS** of the insurance company;
(c) the name, **ADDRESS**, and telephone number of each named insured;
(d) the policy number;
(e) the limits of coverage for each type of coverage contained in the policy;
(f) whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company; and
(g) the name, **ADDRESS**, and telephone number of the custodian of the policy.

[ ] **4.2** Are you self-insured under any statute for the damages, claims, or actions that have arisen out of the **INCIDENT**? If so, specify the statute.

**5.0** *[Reserved]*

**6.0 Physical, Mental, or Emotional Injuries**

[x] **6.1** Do you attribute any physical, mental, or emotional injuries to the **INCIDENT**? *(If your answer is "no," do not answer interrogatories 6.2 through 6.7.)*

[x] **6.2** Identify each injury you attribute to the **INCIDENT** and the area of your body affected.

[x] **6.3** Do you still have any complaints that you attribute to the **INCIDENT**? If so, for each complaint state:
(a) a description;
(b) whether the complaint is subsiding, remaining the same, or becoming worse; and
(c) the frequency and duration.

[x] **6.4** Did you receive any consultation or examination (except from expert witnesses covered by Code of Civil Procedure section 2034.210–2034.310) or treatment from a **HEALTH CARE PROVIDER** for any injury you attribute to the **INCIDENT**? If so, for each **HEALTH CARE PROVIDER** state:
(a) the name, **ADDRESS**, and telephone number;
(b) the type of consultation, examination, or treatment provided;
(c) the dates you received consultation, examination, or treatment; and
(d) the charges to date.

[x] **6.5** Have you taken any medication, prescribed or not, as a result of injuries that you attribute to the **INCIDENT**? If so, for each medication state:
(a) the name;
(b) the **PERSON** who prescribed or furnished it;
(c) the date it was prescribed or furnished;
(d) the dates you began and stopped taking it; and
(e) the cost to date.

[x] **6.6** Are there any other medical services necessitated by the injuries that you attribute to the **INCIDENT** that were not previously listed (for example, ambulance, nursing, prosthetics)? If so, for each service state:
(a) the nature;
(b) the date;
(c) the cost; and
(d) the name, **ADDRESS**, and telephone number of each provider.

[x] **6.7** Has any **HEALTH CARE PROVIDER** advised that you may require future or additional treatment for any injuries that you attribute to the **INCIDENT**? If so, for each injury state:
(a) the name and **ADDRESS** of each **HEALTH CARE PROVIDER**;
(b) the complaints for which the treatment was advised; and
(c) the nature, duration, and estimated cost of the treatment.

**7.0  Property Damage**

[x] **7.1** Do you attribute any loss of or damage to a vehicle or other property to the **INCIDENT**? If so, for each item of property:
(a) describe the property;
(b) describe the nature and location of the damage to the property;

(c) state the amount of damage you are claiming for each item of property and how the amount was calculated; and
(d) if the property was sold, state the name, **ADDRESS**, and telephone number of the seller, the date of sale, and the sale price.

[x] **7.2** Has a written estimate or evaluation been made for any item of property referred to in your answer to the preceding interrogatory? If so, for each estimate or evaluation state:
(a) the name, **ADDRESS**, and telephone number of the **PERSON** who prepared it and the date prepared;
(b) the name, **ADDRESS**, and telephone number of each **PERSON** who has a copy of it; and
(c) the amount of damage stated.

[x] **7.3** Has any item of property referred to in your answer to interrogatory 7.1 been repaired? If so, for each item state:
(a) the date repaired;
(b) a description of the repair;
(c) the repair cost;
(d) the name, **ADDRESS**, and telephone number of the **PERSON** who repaired it;
(e) the name, **ADDRESS**, and telephone number of the **PERSON** who paid for the repair.

**8.0  Loss of Income or Earning Capacity**

[x] **8.1** Do you attribute any loss of income or earning capacity to the **INCIDENT**? *(If your answer is "no," do not answer interrogatories 8.2 through 8.8).*

[x] **8.2** State:
(a) the nature of your work;
(b) your job title at the time of the **INCIDENT**; and
(c) the date your employment began.

[x] **8.3** State the last date before the **INCIDENT** that you worked for compensation.

[x] **8.4** State your monthly income at the time of the **INCIDENT** and how the amount was calculated.

[x] **8.5** State the date you returned to work at each place of employment following the **INCIDENT**.

[x] **8.6** State the dates you did not work and for which you lost income as a result of the **INCIDENT**.

[x] **8.7** State the total income you have lost to date as a result of the **INCIDENT** and how the amount was calculated.

[x] **8.8** Will you lose income in the future as a result of the **INCIDENT**? If so, state:
(a) the facts upon which you base this contention;
(b) an estimate of the amount;
(c) an estimate of how long you will be unable to work; and
(d) how the claim for future income is calculated.

**9.0 Other Damages**

[x] 9.1    Are there any other damages that you attribute to the **INCIDENT**? If so, for each item of damage state:
(a) the nature;
(b) the date it occurred;
(c) the amount; and
(d) the name, **ADDRESS**, and telephone number of each **PERSON** to whom an obligation was incurred.

[x] 9.2    Do any **DOCUMENTS** support the existence or amount of any item of damages claimed in interrogatory 9.1? If so, describe each document and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT**.

**10.0 Medical History**

[x] 10.1    At any time before the **INCIDENT** did you have complaints or injuries that involved the same part of your body claimed to have been injured in the **INCIDENT**? If so, for each state:
(a) a description of the complaint or injury;
(b) the dates it began and ended; and
(c) the name, **ADDRESS**, and telephone number of each **HEALTH CARE PROVIDER** whom you consulted or who examined or treated you.

[x] 10.2    List all physical, mental, and emotional disabilities you had immediately before the **INCIDENT**. *(You may omit mental or emotional disabilities unless you attribute any mental or emotional injury to the INCIDENT.)*

[x] 10.3    At any time after the **INCIDENT**, did you sustain injuries of the kind for which you are now claiming damages? If so, for each incident giving rise to an injury state:
(a) the date and the place it occurred;
(b) the name, **ADDRESS**, and telephone number of any other **PERSON** involved;
(c) the nature of any injuries you sustained;
(d) the name, **ADDRESS**, and telephone number of each **HEALTH CARE PROVIDER** who you consulted or who examined or treated you; and
(e) the nature of the treatment and its duration.

**11.0 Other Claims and Previous Claims**

[x] 11.1    Except for this action, in the past 10 years have you filed an action or made a written claim or demand for compensation for your personal injuries? If so, for each action, claim, or demand state:
(a) the date, time, and place and location (closest street **ADDRESS** or intersection) of the **INCIDENT** giving rise to the action, claim, or demand;
(b) the name, **ADDRESS**, and telephone number of each **PERSON** against whom the claim or demand was made or the action filed;

(c) the court, names of the parties, and case number of any action filed;
(d) the name, **ADDRESS**, and telephone number of any attorney representing you;
(e) whether the claim or action has been resolved or is pending; and
(f) a description of the injury.

[x] 11.2    In the past 10 years have you made a written claim or demand for workers' compensation benefits? If so, for each claim or demand state:
(a) the date, time, and place of the **INCIDENT** giving rise to the claim;
(b) the name, **ADDRESS**, and telephone number of your employer at the time of the injury;
(c) the name, **ADDRESS**, and telephone number of the workers' compensation insurer and the claim number;
(d) the period of time during which you received workers' compensation benefits;
(e) a description of the injury;
(f) the name, **ADDRESS**, and telephone number of any **HEALTH CARE PROVIDER** who provided services; and
(g) the case number at the Workers' Compensation Appeals Board.

**12.0 Investigation—General**

[x] 12.1    State the name, **ADDRESS**, and telephone number of each individual:
(a) who witnessed the **INCIDENT** or the events occurring immediately before or after the **INCIDENT**;
(b) who made any statement at the scene of the **INCIDENT**;
(c) who heard any statements made about the **INCIDENT** by any individual at the scene; and
(d) who **YOU OR ANYONE ACTING ON YOUR BEHALF** claim has knowledge of the **INCIDENT** (except for expert witnesses covered by Code of Civil Procedure section 2034).

[x] 12.2    Have **YOU OR ANYONE ACTING ON YOUR BEHALF** interviewed any individual concerning the **INCIDENT**? If so, for each individual state:
(a) the name, **ADDRESS**, and telephone number of the individual interviewed;
(b) the date of the interview; and
(c) the name, **ADDRESS**, and telephone number of the **PERSON** who conducted the interview.

[x] 12.3    Have **YOU OR ANYONE ACTING ON YOUR BEHALF** obtained a written or recorded statement from any individual concerning the **INCIDENT**? If so, for each statement state:
(a) the name, **ADDRESS**, and telephone number of the individual from whom the statement was obtained;
(b) the name, **ADDRESS**, and telephone number of the individual who obtained the statement;
(c) the date the statement was obtained; and
(d) the name, **ADDRESS**, and telephone number of each **PERSON** who has the original statement or a copy.

[x] **12.4 Do YOU OR ANYONE ACTING ON YOUR BEHALF** know of any photographs, films, or videotapes depicting any place, object, or individual concerning the **INCIDENT** or plaintiff's injuries? If so, state:

(a) the number of photographs or feet of film or videotape;

(b) the places, objects, or persons photographed, filmed, or videotaped;

(c) the date the photographs, films, or videotapes were taken;

(d) the name, **ADDRESS**, and telephone number of the individual taking the photographs, films, or videotapes; and

(e) the name, **ADDRESS**, and telephone number of each **PERSON** who has the original or a copy of the photographs, films, or videotapes.

[x] **12.5 Do YOU OR ANYONE ACTING ON YOUR BEHALF** know of any diagram, reproduction, or model of any place or thing (except for items developed by expert witnesses covered by Code of Civil Procedure sections 2034.210-2034.310) concerning the **INCIDENT**? If so, for each item state:

(a) the type (i.e., diagram, reproduction, or model);

(b) the subject matter; and

(c) the name, **ADDRESS**, and telephone number of each **PERSON** who has it.

[x] **12.6** Was a report made by any **PERSON** concerning the **INCIDENT**? If so, state:

(a) the name, title, identification number, and employer of the **PERSON** who made the report;

(b) the date and type of report made;

(c) the name, **ADDRESS**, and telephone number of the **PERSON** for whom the report was made; and

(d) the name, **ADDRESS**, and telephone number of each **PERSON** who has the original or a copy of the report.

[x] **12.7 Have YOU OR ANYONE ACTING ON YOUR BEHALF** inspected the scene of the **INCIDENT**? If so, for each inspection state:

(a) the name, **ADDRESS**, and telephone number of the individual making the inspection (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310); and

(b) the date of the inspection.

**13.0 Investigation—Surveillance**

[ ] **13.1 Have YOU OR ANYONE ACTING ON YOUR BEHALF** conducted surveillance of any individual involved in the **INCIDENT** or any party to this action? If so, for each surveillance state:

(a) the name, **ADDRESS**, and telephone number of the individual or party;

(b) the time, date, and place of the surveillance;

(c) the name, **ADDRESS**, and telephone number of the individual who conducted the surveillance; and

(d) the name, **ADDRESS**, and telephone number of each **PERSON** who has the original or a copy of any surveillance photograph, film, or videotape.

[ ] **13.2** Has a written report been prepared on the surveillance? If so, for each written report state:

(a) the title;

(b) the date;

(c) the name, **ADDRESS**, and telephone number of the individual who prepared the report; and

(d) the name, **ADDRESS**, and telephone number of each **PERSON** who has the original or a copy.

**14.0 Statutory or Regulatory Violations**

[x] **14.1 Do YOU OR ANYONE ACTING ON YOUR BEHALF** contend that any **PERSON** involved in the **INCIDENT** violated any statute, ordinance, or regulation and that the violation was a legal (proximate) cause of the **INCIDENT**? If so, identify the name, **ADDRESS**, and telephone number of each **PERSON** and the statute, ordinance, or regulation that was violated.

[x] **14.2** Was any **PERSON** cited or charged with a violation of any statute, ordinance, or regulation as a result of this **INCIDENT**? If so, for each **PERSON** state:

(a) the name, **ADDRESS**, and telephone number of the **PERSON**;

(b) the statute, ordinance, or regulation allegedly violated;

(c) whether the **PERSON** entered a plea in response to the citation or charge and, if so, the plea entered; and

(d) the name and **ADDRESS** of the court or administrative agency, names of the parties, and case number.

**15.0 Denials and Special or Affirmative Defenses**

[ ] **15.1** Identify each denial of a material allegation and each special or affirmative defense in your pleadings and for each:

(a) state all facts upon which you base the denial or special or affirmative defense;

(b) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of those facts; and

(c) identify all **DOCUMENTS** and other tangible things that support your denial or special or affirmative defense, and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT**.

**16.0 Defendant's Contentions—Personal Injury**

[ ] **16.1** Do you contend that any **PERSON**, other than you or plaintiff, contributed to the occurrence of the **INCIDENT** or the injuries or damages claimed by plaintiff? If so, for each **PERSON**:

(a) state the name, **ADDRESS**, and telephone number of the **PERSON**;

(b) state all facts upon which you base your contention;

(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

[ ] **16.2** Do you contend that plaintiff was not injured in the **INCIDENT**? If so:

(a) state all facts upon which you base your contention;

(b) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(c) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

16.3  Do you contend that the injuries or the extent of the injuries claimed by plaintiff as disclosed in discovery proceedings thus far in this case were not caused by the **INCIDENT**?  If so, for each injury:
(a) identify it;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

16.4  Do you contend that any of the services furnished by any **HEALTH CARE PROVIDER** claimed by plaintiff in discovery proceedings thus far in this case were not due to the **INCIDENT**?  If so:
(a) identify each service;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

16.5  Do you contend that any of the costs of services furnished by any **HEALTH CARE PROVIDER** claimed as damages in discovery proceedings thus far in this case were not necessary or unreasonable?  If so:
(a) identify each cost;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

16.6  Do you contend that any part of the loss of earnings or income claimed by plaintiff in discovery proceedings thus far in this case was unreasonable or was not caused by the **INCIDENT**?  If so:
(a) identify each part of the loss;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

16.7  Do you contend that any of the property damage claimed by plaintiff in discovery proceedings thus far in this case was not caused by the **INCIDENT**?  If so:
(a) identify each item of property damage;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

16.8  Do you contend that any of the costs of repairing the property damage claimed by plaintiff in discovery proceedings thus far in this case were unreasonable?  If so:
(a) identify each cost item;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

16.9  Do **YOU OR ANYONE ACTING ON YOUR BEHALF** have any **DOCUMENT** (for example, insurance bureau index reports) concerning claims for personal injuries made before or after the **INCIDENT** by a plaintiff in this case?  If so, for each plaintiff state:
(a) the source of each **DOCUMENT**;
(b) the date each claim arose;
(c) the nature of each claim; and
(d) the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT**.

16.10  Do **YOU OR ANYONE ACTING ON YOUR BEHALF** have any **DOCUMENT** concerning the past or present physical, mental, or emotional condition of any plaintiff in this case from a **HEALTH CARE PROVIDER** not previously identified (except for expert witnesses covered by Code of Civil Procedure section 2034.210–2034.310)?  If so, for each plaintiff state:
(a) the name, **ADDRESS**, and telephone number of each **HEALTH CARE PROVIDER**;
(b) a description of each **DOCUMENT**; and
(c) the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT**.

**17.0  Responses to Request for Admissions**

17.1  Is your response to each request for admission served with these interrogatories an unqualified admission?  If not, for each response that is not an unqualified admission:
(a) state the number of the request;
(b) state all facts upon which you base your response;
(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of those facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your response and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**18.0**  *[Reserved]*

**19.0**  *[Reserved]*

**20.0  How the Incident Occurred—Motor Vehicle**

20.1  State the date, time, and place of the **INCIDENT** (closest street **ADDRESS** or intersection).

20.2  For each vehicle involved in the **INCIDENT**, state:
(a) the year, make, model, and license number;
(b) the name, **ADDRESS**, and telephone number of the driver;

(c) the name, **ADDRESS**, and telephone number of each occupant other than the driver;

(d) the name, **ADDRESS**, and telephone number of each registered owner;

(e) the name, **ADDRESS**, and telephone number of each lessee;

(f) the name, **ADDRESS**, and telephone number of each owner other than the registered owner or lien holder; and

(g) the name of each owner who gave permission or consent to the driver to operate the vehicle.

☐ 20.3 State the **ADDRESS** and location where your trip began and the **ADDRESS** and location of your destination.

☐ 20.4 Describe the route that you followed from the beginning of your trip to the location of the **INCIDENT**, and state the location of each stop, other than routine traffic stops, during the trip leading up to the **INCIDENT**.

☐ 20.5 State the name of the street or roadway, the lane of travel, and the direction of travel of each vehicle involved in the **INCIDENT** for the 500 feet of travel before the **INCIDENT**.

☐ 20.6 Did the **INCIDENT** occur at an intersection? If so, describe all traffic control devices, signals, or signs at the intersection.

☐ 20.7 Was there a traffic signal facing you at the time of the **INCIDENT**? If so, state:

(a) your location when you first saw it;

(b) the color;

(c) the number of seconds it had been that color; and

(d) whether the color changed between the time you first saw it and the **INCIDENT**.

☐ 20.8 State how the **INCIDENT** occurred, giving the speed, direction, and location of each vehicle involved:

(a) just before the **INCIDENT**;

(b) at the time of the **INCIDENT**; and

(c) just after the **INCIDENT**.

☐ 20.9 Do you have information that a malfunction or defect in a vehicle caused the **INCIDENT**? If so:

(a) identify the vehicle;

(b) identify each malfunction or defect;

(c) state the name, **ADDRESS**, and telephone number of each **PERSON** who is a witness to or has information about each malfunction or defect; and

(d) state the name, **ADDRESS**, and telephone number of each **PERSON** who has custody of each defective part.

☐ 20.10 Do you have information that any malfunction or defect in a vehicle contributed to the injuries sustained in the **INCIDENT**? If so:

(a) identify the vehicle;

(b) identify each malfunction or defect;

(c) state the name, **ADDRESS**, and telephone number of each **PERSON** who is a witness to or has information about each malfunction or defect; and

(d) state the name, **ADDRESS**, and telephone number of each **PERSON** who has custody of each defective part.

☐ 20.11 State the name, **ADDRESS**, and telephone number of each owner and each **PERSON** who has had possession since the **INCIDENT** of each vehicle involved in the **INCIDENT**.

**25.0** *[Reserved]*

**30.0** *[Reserved]*

**40.0** *[Reserved]*

**50.0 Contract**

☐ 50.1 For each agreement alleged in the pleadings:

(a) identify each **DOCUMENT** that is part of the agreement and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**;

(b) state each part of the agreement not in writing, the name, **ADDRESS**, and telephone number of each **PERSON** agreeing to that provision, and the date that part of the agreement was made;

(c) identify all **DOCUMENTS** that evidence any part of the agreement not in writing and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**;

(d) identify all **DOCUMENTS** that are part of any modification to the agreement, and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**;

(e) state each modification not in writing, the date, and the name, **ADDRESS**, and telephone number of each **PERSON** agreeing to the modification, and the date the modification was made;

(f) identify all **DOCUMENTS** that evidence any modification of the agreement not in writing and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**.

☐ 50.2 Was there a breach of any agreement alleged in the pleadings? If so, for each breach describe and give the date of every act or omission that you claim is the breach of the agreement.

☐ 50.3 Was performance of any agreement alleged in the pleadings excused? If so, identify each agreement excused and state why performance was excused.

☐ 50.4 Was any agreement alleged in the pleadings terminated by mutual agreement, release, accord and satisfaction, or novation? If so, identify each agreement terminated, the date of termination, and the basis of the termination.

☐ 50.5 Is any agreement alleged in the pleadings unenforce-able? If so, identify each unenforceable agreement and state why it is unenforceable.

☐ 50.6 Is any agreement alleged in the pleadings ambiguous? If so, identify each ambiguous agreement and state why it is ambiguous.

**60.0** *[Reserved]*

*Walker v. Pacific Pride, et al.*

San Francisco County Superior Court Case No.: CGC 06-456176

<u>PROOF OF SERVICE</u>

I declare that:

I am a citizen of the United States, employed in the City and County of San Francisco, over

the age of eighteen years, and not a party to the within cause. My business address is 44

Montgomery Street, 18th Floor, San Francisco, CA 94104. On this date, I served the within:

**FORM INTERROGATORIES – GENERAL**

on the parties in said cause, by placing a true and correct copy thereof addressed as follows:

Mark L. Webb, Esq.
Zachary S. Tolson, Esq.
Law Offices of Mark L. Webb
414 Gough St., Ste. 2
San Francisco, CA  94102
Phone: (415) 621-4500
Fax: (415) 621-4173
Representing Plaintiff:  DONALD WALKER

__X__  (VIA U.S. MAIL) I placed for collection and deposit in the U.S. mail, copies of the above
document(s) at 44 Montgomery St., 18th Fl., San Francisco, CA 94104, in a sealed
envelope, addressed as above. I am readily familiar with the practice of WRIGHT,
ROBINSON, OSTHIMER & TATUM for the collection and process of correspondence for
mailing with the U.S. Postal Service. In accordance with the ordinary course of business,
the above documents would have been deposited for first-class delivery on same day, with
postage thereon fully prepaid.

_____  (VIA OVERNIGHT DELIVERY) I deposited copies of the above document(s) in a box or
other facility regularly maintained by the overnight delivery service, in an envelope or
package with delivery fees paid or provided for. VIA (name of service).

_____  (VIA HAND DELIVERY) I caused said above-mentioned document(s) to be delivered via
hand delivery following the practice and procedure of WRIGHT, ROBINSON,
OSTHIMER & TATUM with delivery fees paid or provided for.

_____  (VIA FACSIMILE) I caused said above-mentioned document(s) to be faxed to the
following mentioned office(s) following the practice and procedure of WRIGHT,
ROBINSON, OSTHIMER & TATUM.

_____  (VIA U.S.MAIL & FACSIMILE) I caused said above-mentioned document(s) to be faxed

{S0101955.1}71158.1}

to the following mentioned office(s) following the practice and procedure of WRIGHT, ROBINSON, OSTHIMER & TATUM. I then placed for collection and deposit in the U.S. mail, copies of same, following the practice and procedure of WRIGHT, ROBINSON, OSTHIMER & TATUM.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on November 6, 2006 at San Francisco, California.

BY _____
Susan Matyszczyk

Exhibit E

1  MARK L. WEBB, ESQ. (SBN 067959)
   LAW OFFICES OF MARK L. WEBB
2  414 Gough Street, Suite Two
   San Francisco, CA 94102
3  Telephone: (415) 621-4500
   Facsimile: (415) 621-4173

4

5  Attorney for Plaintiff,
   DONALD WALKER

6

7            SUPERIOR COURT OF THE STATE OF CALIFORNIA

8            IN AND FOR THE COUNTY OF SAN FRANCISCO

9                  UNLIMITED CIVIL JURISDICTION

10  DONALD WALKER, an individual,          Case No.: CGC 06-45176

11            Plaintiff,                    **DONALD WALKER'S RESPONSE TO
                                            PACIFIC PRIDE'S FORM
12            v.                            INTERROGATORIES, SET ONE**

13  PACIFIC PRIDE, a business entity, form
    unknown, RICHARD K. POOLER, an         **[C.C.P. 2030]**
14  individual, and DOES 1 through 50,
    inclusive,

15

16            Defendants.

17  PROPOUNDING PARTY:    Defendant PACIFIC PRIDE

18  RESPONDING PARTY:     Plaintiff DONALD WALKER

19  SET NUMBER:           One

20       Pursuant to California Code of Civil Procedure Section 2030, Plaintiff hereby responds to

21  Defendant's FORM INTERROGATORIES, SET ONE, as follows:

22  **RESPONSE TO FORM INTERROGATORY NO. 1.1:**

23       Mark L. Webb, Attorney for Plaintiff
         A. Amanda Beck, Associate Attorney for Mark L. Webb
24       414 Gough St., Ste 2, San Francisco, CA 94102 415-621-4500

25  **RESPONSE TO FORM INTERROGATORY NO. 2.1:**

26       (a) Donald Walker
         (b) N/A
27       (c) N/A

28  ────────────────────────────────────────────────
         PLAINTIFF'S RESPONSE TO FORM INTERROGATORIES, SET ONE
                                -1-

**RESPONSE TO FORM INTERROGATORY NO. 2.2:**

02/19/1944, San Francisco, California.

**RESPONSE TO FORM INTERROGATORY NO. 2.3:**

(a) California.
(b) NO224330, A M1
(c) 01/03/2002
(d) None.

**RESPONSE TO FORM INTERROGATORY NO. 2.4:**

No.

**RESPONSE TO FORM INTERROGATORY NO. 2.5:**

(a)     Care Meridian
        2390 Sir Francis Drake Blvd.
        Fairfax, CA 94930
        2/1/06 – Present

(b)     128 Los Olivos
        Daly City, CA 94014
        1997 – date of accident (07/21/05)

**RESPONSE TO FORM INTERROGATORY NO. 2.6:**

(a)     N/A
(b)     San Francisco Petroleum Company, 2121 Third Street., San Francisco, CA 94107, 10/13/04-07/21/05, Fuel truck operator.
(c)     Dean Services, worked here for a few months before joining SF Petroleum, refrigeration – import/export.
(d)     Swift Transportation, worked here for a couple of years before joining Dean Services, clerical and warehouse work, forklift driver, customer premise equipment manager.
(e)     Worked for temp agencies.

**RESPONSE TO FORM INTERROGATORY NO. 2.7:**

(a)     1. Davis High School
        2. Cloverdale High School
        3. Atwater High School
        4. Modesto Junior College
        5. Eastern New Mexico Junior College
        6. Shasta St., Redding, CA
        7. Lamar Junior College, Colorado
        8. San Mateo Junior College
        9. San Francisco State University
        10. Skyline Junior College

(b)     1. Attended high schools from approximately 1960-1964
        2. Attended colleges from approximately 1964-1983

1    (c)-(d) Earned a high school diploma from Atwater High School and an AA degree from
2            Skyline.

3    **RESPONSE TO FORM INTERROGATORY NO. 2.8:**

4    No.

5    **RESPONSE TO FORM INTERROGATORY NO. 2.9:**

6    Yes.

7    **RESPONSE TO FORM INTERROGATORY NO. 2.10:**

8    Yes.

9    **RESPONSE TO FORM INTERROGATORY NO. 2.11:**

10    (a)    San Francisco Petroleum Company, 2121 Third Street., San Francisco, CA
              94107, (415) 621-5226
11    (b)    Fuel truck operator

12    **RESPONSE TO FORM INTERROGATORY NO. 2.12:**

13    No.

14    **RESPONSE TO FORM INTERROGATORY NO. 2.13:**

15    (a)    Donald Walker, Care Meridian, 2390 Sir Francis Drake Blvd., Fairfax, CA 94930,
              (415) 256-8007
16    (b)    Prescribed medications for diabetes, high blood pressure, and high cholesterol.
      (c)-(d) Taken daily
17    (e)    Taken at home, 128 Los Olivos, Daly City, CA 94014
      (f)    Alone when taken
18    (g)    Kaiser

19    **RESPONSE TO FORM INTERROGATORY NO. 4.1:**

20    (a)    Insured through employer SF Petroleum
      (b)    SCIF, (415) 565-1753,
21    (c)    Donald Walker, 128 Los Olivos, Daly City, CA 94014
      (d)    Policy no.: 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
22

23    **RESPONSE TO FORM INTERROGATORY NO. 6.1:**

24    Multiple physical injuries, including, but not limited to, a fractured back, shoulder, neck,
25    rib, and a punctured lung, resulting in complete quadriplegia and consequent
       complications; pain and suffering; emotional distress.

26    **RESPONSE TO FORM INTERROGATORY NO. 6.2:**

27    Quadriplegia - entire body affected.

28    ///

**RESPONSE TO FORM INTERROGATORY NO. 6.3:**

    (a)     See answers to form interrogatories no. 6.1 and 6.2

**RESPONSE TO FORM INTERROGATORY NO. 6.4:**

    1.    (a)    San Francisco General Hospital
           (b)    Hospitalized after the 7/21/05 accident, CT Scans and surgeries performed.
           (c)    7/21/05 – 9/27/05

    2.    (a)    Santa Clara Valley Medical Center
           (b)    Hospitalization
           (c)    9/27/05 - 2/1/06

    3.    (a)    Care Meridian, 2390 Sir Francis Drake Blvd., Fairfax, CA 94930 (415) 256-8007.
           (b)    24-hour daily care, doctors and therapists.
           (c)    2/1/06 - Present

    4.    (a)    Local hospital trips for urinary tract infections – Marin and Novato, approximately every 6-7 weeks.

    Medical Bills total approximately $1,000,000.00 to date.

**RESPONSE TO FORM INTERROGATORY NO. 6.5:**

    (a)    Includes, but is not limited to, anti-spasmatic medications, urinary tract infection medications (Aztreonam and vancomycin, Primaxin, IV antibiotics, Renacidin), sleep medications, pain medications, anti-reflux medications.
    (b)    Providers at the locations listed in the answer to form interrogatory no. 6.4.
    (c)    Prescribed/furnished at various dates from the date of the accident (7/21/05) to present.
    (d)    Taken on various dates from the date of the accident (7/21/05) to present.
    (e)    Exact price of medications is currently unknown. Medical Bills in total are approximately $1,000,000.00 to date.

**RESPONSE TO FORM INTERROGATORY NO. 6.6:**

    1.    (a)    Ambulance from scene of accident to SF General Hospital
           (b)    7/21/05
    2.    (a)    Daily 24-hour nursing care – Care Meridian
           (b)    2/1/06 – Present
    3.    (a)    Ambulance from Care Meridian to local hospitals
           (b)    Every 6-7 weeks beginning from 2/1/06 to present
    4.    (a)    Weekly Psychologist visits
           (b)    2/1/06 to present
    5.    (a)    Physical Therapist
           (b)    2/1/06 to present

**RESPONSE TO FORM INTERROGATORY NO. 6.7:**

    (a)    All medical providers mentioned in form interrogatory 6.4
    (b)    Quadriplegia and resulting complications

    (c)    Nature of care is 24-hour nursing care, hospital visits due to complications of condition, mental and physical therapy, duration is for life, and estimated cost is at this point unknown.

**RESPONSE TO FORM INTERROGATORY NO. 7.1:**

    No.

**RESPONSE TO FORM INTERROGATORY NO. 7.2**

    N/A

**RESPONSE TO FORM INTERROGATORY NO. 7.3**

    N/A

**RESPONSE TO FORM INTERROGATORY NO. 8.1:**

    Yes.

**RESPONSE TO FORM INTERROGATORY NO. 8.2:**

    (a)-(b)  Fuel Truck Operator
    (c)     10/13/04

**RESPONSE TO FORM INTERROGATORY NO. 8.3:**

    07/20/05

**RESPONSE TO FORM INTERROGATORY NO. 8.4:**

    Income was approximately $2500-$3000 per month. Made approximately $15/hour, worked 40 hours/week in a regular week, and often worked overtime (at time and a half).

**RESPONSE TO FORM INTERROGATORY NO. 8.5:**

    N/A

**RESPONSE TO FORM INTERROGATORY NO. 8.6:**

    July 22, 2005 - Present

**RESPONSE TO FORM INTERROGATORY NO. 8.7:**

    Approximately $45,000.00 -$54,000.00, calculated based on monthly income and time elapsed since accident.

**RESPONSE TO FORM INTERROGATORY NO. 8.8:**

    (a)    Quadriplegia renders body unusable
    (b)    Approximately $250,000
    (c)    Will never be able to return to work
    (d)    Based on job, salary, and age.

**RESPONSE TO FORM INTERROGATORY NO. 9.1:**

    (a)    Pain, suffering, inconvenience, emotional distress
    (b)    07/21/05
    (c)    Valued at approximately $4,000.000.00

**RESPONSE TO FORM INTERROGATORY NO. 9.2:**

Medical records, copies contained at the Law Offices of Mark L. Webb, 414 Gough St., Ste 2, San Francisco, CA 94102, 415-621-4500

**RESPONSE TO FORM INTERROGATORY NO. 10.1:**

No.

**RESPONSE TO FORM INTERROGATORY NO. 10.2:**

None.

**RESPONSE TO FORM INTERROGATORY NO. 10.3:**

No.

**RESPONSE TO FORM INTERROGATORY NO. 11.1:**

(a) Same Incident
(b) International Marine Fuels Group, dba San Francisco Petroleum, Inc., 2121 Third Street., San Francisco, CA 94107, (415) 621-5226.
(c) Workers' Compensation Appeals Board, Case No.: SFO 0496838
(d) Arthur A. Levy, 465 California St., Suite 400, San Francisco, CA 94104, 415-788-5389 Mark L. Webb, 414 Gough St., Ste 2, San Francisco, CA 94102, 415-621-4500.
(e) Pending
(f) Same Injuries.

**RESPONSE TO FORM INTERROGATORY NO. 11.2:**

See interrogatory answer no. 11.1.

**RESPONSE TO FORM INTERROGATORY NO. 12.1:**

    (a)    Two drivers, one of a van and one of a pickup, in addition to Plaintiff and the forklift driver and others potentially outstanding, as discovery is still in process.
    (b)    Same as above.
    (c)    Same as above.
    (d)    Same as above, in addition to Cal/OSHA, which made an investigation of the accident.

**RESPONSE TO FORM INTERROGATORY NO. 12.2:**

No.

**RESPONSE TO FORM INTERROGATORY NO. 12.3:**

    (a)    Robert Falche, c/o SF Petroleum, 2121 Third Street., San Francisco, CA 94107, (415) 621-5226

---

1    (b)   Mark L. Webb, Law Offices of Mark L. Webb, 414 Gough St., Ste. 2, San Francisco, CA 94102 (415) 621-4500

2    (c)   08/24/06

   (d)   Copy contained at the Law Offices of Mark L. Webb, 414 Gough St., Ste. 2, San

3    Francisco, CA 94102, (415) 621-4500

4 **RESPONSE TO FORM INTERROGATORY NO. 12.4:**

5    (a)   Photographs have been taken and may be duplicated upon request

   (b)   SF Petroleum, 2121 Third Street., San Francisco, CA 94107.

6

7 **RESPONSE TO FORM INTERROGATORY NO. 12.5:**

8    No.

9 **RESPONSE TO FORM INTERROGATORY NO. 12.6:**

10    (a)   State of California, Division of Occupational Safety and Health

   (b)   11/2/05, Investigation Summary

11    (c)   State of California, Division of Occupational Safety and Health

   (d)   Copy contained at the Law Offices of Mark L. Webb, 414 Gough St., Ste. 2, San

12    Francisco, CA 94102 (415) 621-4500

13 **RESPONSE TO FORM INTERROGATORY NO. 12.7:**

14    No.

15 **RESPONSE TO FORM INTERROGATORY NO. 14.1:**

16    Possible violations of statutes and/or regulations governing franchisor supervision of

17 franchisee; possible landlord violations of statutes and/or regulations ; ——————— ; regarding

18 the condition of the premises. Discovery is ongoing.

19 **RESPONSE TO FORM INTERROGATORY NO. 14.2:**

20    See interrogatory answer no. 14.1.

21

22 DATED: February 5, 2007             LAW OFFICES OF MARK L. WEBB

23

24                       By: _____

25                            Mark L. Webb, Esq.

                           Attorney for Plaintiff

26

27

28

**PROOF OF SERVICE**

I, the undersigned, declare as follows:

I am employed in the County of San Francisco, State of California. I am over the age of eighteen (18) and am not a party to this action. My business address is 414 Gough Street, Suite Two., San Francisco, California 94102, in said County and State.

On **February 5, 2007** caused to be served the following documents:

**PLAINTIFF'S RESPONSES TO DEFENDANT'S FORM INTERROGATORIES, SET ONE; CASE MANAGEMENT STATEMENT**

on the parties in this action as follows:

Mr. Peter M. Hart, Esq.
WRIGHT, ROBINSON, OSTHIMER & TATUM
44 Montgomery Street, 18th Floor
San Francisco, CA 94104

☒    [BY MAIL] I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail in San Francisco, California. I am "readily familiar" with the practice of The Law Offices of Mark L. Webb for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

☐    [BY PERSONAL SERVICE] The person whose name is noted below caused to be delivered by hand each such envelope to the addressee(s) noted above.

☒    [VIA FACSIMILE] I caused to be transmitted the above-named documents at approximately 3:00p.m. via facsimile number 415-621-4173. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. The transmission report was properly issued by the transmitting facsimile machine, a copy of which is attached pursuant to Rule 2009(I)(4).

☐    [VIA FEDERAL EXPRESS] I am "readily familiar" with the practice of The Law Offices of Mark L. Webb for collection and processing of correspondence for deposit with Federal Express for overnight delivery service. Correspondence for collection and processing is either delivered to a courier or driver authorized by Federal Express to receive documents or deposited by an employee or agent of this firm in a box or facility regularly maintained by Federal Express that same day in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on **February 5, 2007** in San Francisco, California.

A. Amanda Beck