MARK L. WEBB, ESQ. (SBN 067959)
LAW OFFICES OF MARK L. WEBB
414 Gough Street, Suite Two
San Francisco, CA 94102
Telephone: (415) 621-4500
Facsimile: (415) 621-4173

Attorney for Plaintiff,
DONALD WALKER

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| DONALD WALKER, an individual, | No.: C 07-2857 SC |
|---|---|
| Plaintiff, | **PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION SEEKING AN ORDER REMANDING ACTION TO STATE COURT** |
| v. | |
| PACIFIC PRIDE, a business entity, form unknown, and DOES 1 through 50, inclusive, | |
| Defendants. | Date: June 29, 2007<br>Time: 10:00 AM<br>Dept.: 1 (17th Floor)<br>Judge: Hon. Samuel Conti |

### I. Both Law And Equity Support The Remand Of This Case To State Court

In its opposition to Plaintiff's motion for remand, Defendant PACIFIC PRIDE consistently ignores the fact that this Honorable Court has the widest discretion to consider *all* factors in this case in deciding whether Defendant's removal to Federal Court should stand. Case law clearly supports that factors to be considered include equity, which Defendant has completely failed to address.

One important fact to consider is that State Compensation Insurance Fund has filed a lien under California Labor Code sections 3850-3865 and *effectively is a party, since it is entitled to be paid out of any judgment*. This state agency is impervious to suit without its consent under the Eleventh Amendment. This fact alone could defeat diversity, based both on legal and equitable principles. This official state agency has, in writing, expressed its strong preference that the case go forward in State Court as scheduled and reaffirming its lien. (see Exhibit A) The fact that this agency is not strictly speaking a named co-defendant *does not restrict* this Honorable Court from

taking into consideration that its presence in the case operates to compromise diversity nevertheless.

Likewise, San Francisco Petroleum clearly acts as Defendant PACIFIC PRIDE'S agent in the operation of PACIFIC PRIDE'S franchise in San Francisco. Thus, PACIFIC PRIDE has a *de facto* local presence to be considered by this Honorable Court, since it is *abundantly clear* from cited cases that this Court is *not bound by rigid and strict rules* in deciding whether to accept a case on removal at the midnight hour before trial in state Court and thus reward Defendant's obvious attempt to delay justice. Uncontroverted authority has been cited by Plaintiff for the proposition that Federal Courts clearly have liberty to take into consideration the equities at play.

Indeed, Defendant has blatantly failed to address any of the substantial equities to be considered in this case, thus essentially conceding each of them. Any one of these, which Plaintiff need not remind this Court of, could easily justify this Court's decision to remand. PACIFIC PRIDE, after all, *regularly does business in San Francisco and California through hundreds of franchises and regularly derives revenues by shared bank accounts in California* from the sales of gasoline by their franchises here. PACIFIC PRIDE *logos* and *signs are everywhere in California*, heralding its products and its name and encouraging more and more enterprise by which PACIFIC PRIDE, though in Oregon, will derive greater and greater profits from California. Thus, PACIFIC PRIDE can hardly complain that it is a completely foreign entity dragged into State Court unwittingly.

Plaintiff has only his one day in Court and lives in a wheelchair hoping for a fair recovery from this case that will presumably reduce the frequency and severity of his infections and hospitalizations. (see letter of Dr. Alan Margolin, attached hereto as Exhibit B) Therefore, it is vital that he be able to have this matter brought to trial as expeditiously as possible, preferably as scheduled in State Court on July 9, 2007.

Defendant in its opposition failed to address authoritative cases cited by Plaintiff in support of his motion for remand. *Kona Enterprises, Inc. v. Estate of Bishop*, 179 F. 3d 767 (9th Cir. 1999) and *Tedford v. Warner-Lambert Co.* 327 F.3d 423 (5th Cir. 2003) were not even addressed in Defendant's opposition though they clearly stand for the proposition that equity considerations

may prevail here. Obviously, equity plays no part in PACIFIC PRIDE'S attitude toward this tragic accident and this case.

## II. Rule 11 Sanctions Are Clearly Inappropriate

The fact that Defendant has asked this Court to consider sanctioning Plaintiff's counsel for even bringing this motion clearly manifests this Defendant's and its attorneys' callousness. Not only has this Defendant removed this case *at the last minute* before receiving a likely adverse ruling *in its own* motion for summary judgment, but Defendant *again* awaited the last moment to decline Magisterial assignment in another clear stall tactic, since they could have declined when the case was first removed on June 1, 2007. In a third obvious maneuver to delay this proceeding, Defendant opposed a motion made by Plaintiff with good cause (found by this Honorable Court to exist) to have the motion for remand heard on shortened time.

Their opposition to the request for shortened time demonstrates this Defendant's intention to delay an outcome at any cost. To ask this Court even to consider sanctions for what Defendant calls a frivolous motion, a motion which this Court has already decided should be heard on shortened time, smacks of the worst kind of legal gamesmanship. Plaintiff respectfully submits that the request for sanctions be denied, since this request is nothing more than a transparent effort to divert the attention of this Court from the obvious merits of Plaintiff's motion.

DATED: June 25, 2007                                LAW OFFICES OF MARK L. WEBB

                                                    _____
                                                    Mark L. Webb, Esq.
                                                    Attorney for Plaintiff DONALD WALKER

# STATE COMPENSATION INSURANCE FUND

IN REPLY REFER TO:

CLAIM NO.: 02665738 SUB
INJURED: Donald Walker
EMPLOYER: San Francisco Petroleum Company, Inc.
DOI: 07/21/2005

June 8, 2007

Mark L. Webb, Esq.
Law Offices of Mark L. Webb
414 Gough Street, Ste. 2
San Francisco CA 94102

Re: Donald Walker vs. Pacific Pride, C 07 2857 (formerly CGC 06-456176)

**VIA FACSIMILE & U.S. MAIL**

Dear Mr. Webb:

I represent State Compensation Insurance Fund, a public enterprise fund, as a lien claimant in the above-referenced matter. It is my understanding that the case has been transferred to Federal District Court, Northern District of California (C 07 2857). I understand that you have filed a Motion to Remand to move the case back to Superior Court. As I am agreeable to returning the case to Superior Court, I support your motion. The original venue, which was Superior Court, seems most likely to provide a timely resolution. A jury trial had been set for July 9, 2007 in Dept. 206.

Should you have questions, please do not hesitate to contact me.

Very truly yours,

Bruce Turner
Attorney
415-565-1581

Exhibit A

Alan H. Margolin, M.D.
17 East Sir Frances Drake Boulevard #100
Larkspur, California 94939
Telephone 415 927 2273   Fax 415 927 1369

June 8, 2007

Arthur A. Levy, Esq.
465 California Street, Suite 400
San Francisco, California 94104

Re: Donald Walker

Dear Mr. Levy,

Mr. Donald Walker and is under my care at CareMeridian NeuroCare Center. He sustained a spinal cord injury at the C6 level as a result of a work injury being run over by a forklift on July 21, 2005.
His injuries have resulted in essentially complete paralysis of both the upper and lower extremities. In addition he has marginal ability to breathe and is at risk for recurrent pneumonia and respiratory failure, requiring a tracheal button to remain in place. Because of his injuries, he has a suprapubic cystostomy to allow him to pass urine. As a result of having a foreign body in his bladder to allow him to void, he suffers from recurrent life-threatening urinary tract infections. His paralysis and other medical problems are 100 percent related to his work injury of July 21, 2005.
He will never be able to return to any type of gainful employment. He is 100 percent dependent on full-time care.

His future medical needs are extensive and would be expected to be the same if not more so than his current needs. As noted, he requires full-time attendant care.

Exhibit B

Intermittent tracheal suctioning is required as is ongoing physical therapy for range of motion and treatment of recurrent urinary tract infections. He has been hospitalized every 4 to 6 weeks for the past several months because of urinary tract infections.

Sincerely yours,

Alan H. Margolin, M.D.

Exhibit B