United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD WALKER, an individual, | No. 07-2857 SC |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION TO REMAND ACTION TO THE CALIFORNIA STATE COURT |
| PACIFIC PRIDE SERVICES, INC., an Oregon Corporation, | |
| Defendant. | |

## I. INTRODUCTION

Before the Court is Plaintiff Donald Walker's ("Walker" or "Plaintiff") Motion to Remand Action to the California State Court. See Docket No. 18. Defendant Pacific Pride Services, Inc. ("Pacific Pride" or "Defendant") opposed this motion, and Plaintiff replied. See Docket Nos. 31, 36.

For the reasons set forth below, the Court DENIES Plaintiff's Motion to Remand Action to the California State Court.

## II.   FACTUAL BACKGROUND

On September 14, 2006, Plaintiff filed suit against Defendant in the Superior Court of the State of California, County of San Francisco, asserting causes of action for negligence and premises

liability. See Halloran Decl., Ex. A. Plaintiff subsequently amended the complaint to add Richard K. Pooler as a defendant. See id., Ex. B.

Plaintiff voluntarily dismissed his claims against Richard K. Pooler, an individual, with prejudice on May 2, 2007. Id. ¶ 8. Plaintiff then proceeded with claims against Richard K. Pooler, Inc. Id. On May 29, 2007, Plaintiff accepted a settlement offer from Richard K. Pooler, Inc., and dismissed that entity from the suit. Id. ¶¶ 8-9. After the dismissal of Richard K. Pooler, Inc., Pacific Pride was the only defendant named in the suit.

Mr. Walker is a California resident. Id. ¶ 2. Pacific Pride is a business incorporated in the State of Oregon and maintains its headquarters and principal place of business there. See Condon Decl. ¶¶ 2-3. All of Pacific Pride's offices and the majority of its employees are located in Oregon. Id. ¶ 3.

Mr. Walker seeks damages in the amount of $5,300,000.00. Halloran Decl., Ex. C.

Plaintiff alleges that San Francisco Petroleum ("SF Petroleum") is a real party in interest because it is a franchise of Defendant and has agreed to indemnify Defendant. Mot. to Remand, 4.

Plaintiff further alleges that State Compensation Insurance Fund ("State Fund") is a real party in interest because it has filed a lien against judgment in this case. Id. State Fund supports Plaintiff's Motion to Remand because it believes proceeding in State court "seems most likely to provide a timely resolution." Pl.'s Reply, Ex. A.

2

Pacific Pride filed a Notice of Removal pursuant to 28 U.S.C. § 1441(a) on June 1, 2007. See Docket No. 1. Plaintiff brought the instant motion on June 12, 2007, and the Court agreed to rule on an expedited schedule because of a pending trial date in the Superior Court. See Docket Nos. 18, 29.

### III. DISCUSSION

The burden of proving that removal from State court was proper rests on Defendant. See Miller v. Grgurich, 763 F.2d 372, 373 (9th Cir. 1985); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

Therefore, Pacific Pride must prove that the present dispute is one over which the Court would have had original jurisdiction.

#### A. Diversity Jurisdiction

District courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000.00 and the parties are citizens of different States. See 28 U.S.C. § 1332(a). Section 1332(a) requires complete diversity of citizenship, so each plaintiff in an action must be a citizen of a different state from each of the defendants. See Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).

The inquiry focuses on diversity of citizenship at the time

3

1  of removal.  See Spencer v. U.S. Dist. Ct. for the N. Dist. of
2  Cal., 393 F.3d 867, 871 (9th Cir. 2004).  Where removal is not
3  based on federal question jurisdiction, it is only proper "if none
4  of the parties in interest properly joined as defendants is a
5  citizen of the State in which such action is brought."  28 U.S.C.
6  § 1441(b).

7  The parties do not dispute that the amount in controversy in
8  the present matter exceeds the required $75,000.00. Nor do they
9  dispute that Plaintiff is a citizen of California and Defendant a
10 citizen of Oregon.[1]  See 28 U.S.C. § 1332(c)(1) (For the purposes
11 of determining diversity jurisdiction, "a corporation shall be
12 deemed to be a citizen of any State by which it has been
13 incorporated and of the State where it has its principal place of
14 business. . . .").  The only issue for the Court to resolve, then,
15 is the significance of two other potentially interested parties:
16 SF Petroleum and State Fund.

17 Neither party's purported involvement defeats diversity.  Mr.
18 Walker acknowledges that Pacific Pride is the "سole defendant."
19 Mot. to Remand, 7.  Plaintiff's own authority makes it clear that
20 the determination of diversity jurisdiction is based on those
21 parties who have actually been joined, which SF Petroleum and
22 State Fund have not.  See Henderson v. Wash. Nat'l Ins. Co., 454

---

[1] In his Reply Brief, Plaintiff alleges without support that Defendant "regularly does business" in California through its franchises.  Pl.'s Reply, 2.  This is immaterial to the issue of jurisdiction.  See Lincoln Prop. Co. v. Roche, 546 U.S. 81, 94 (2005) ("Congress surely has not directed that a corporation, for diversity-of-citizenship purposes, shall be deemed to have acquired the citizenship of all or any of its affiliates.")

4

United States District Court
For the Northern District of California

1  F.3d 1278, 1281 (11th Cir. 2006) ("When a defendant removes a case
2  to federal court on diversity grounds, a court must remand the
3  matter back to state court if any of the properly joined parties
4  in interest are citizens of the state in which the suit was
5  filed."). Henderson relies on a recent Supreme Court decision
6  which addressed a situation comparable to the present matter. In
7  Lincoln Property Co., the Roches, Virginia residents, sued
8  Lincoln, a Texas corporation, in Virginia State Court. 546 U.S.
9  at 84. Lincoln removed the case to federal court. Id. The
10 Roches moved to remand, arguing that Lincoln was not a Texas
11 corporation, but a partnership with affiliates in Virginia,
12 defeating diversity. See id. at 87. The district court denied
13 the motion, but the Fourth Circuit reversed. Reversing the Fourth
14 Circuit, the Supreme Court agreed with the district court's
15 ruling:

> In any event, we emphasize, the Fourth Circuit had no warrant in this case to inquire whether some other person might have been joined as an additional or substitute defendant. See [Knapp v. Railroad Co., 87 U.S. 117,] 122, 22 L. Ed. 328 [(1874)] (federal courts should not "inquir[e] outside of the case in order to ascertan whether some other person may not have an equitable interest in the cause of action"); Little [v. Giles], 118 U.S. [596], at 603, 7 S. Ct. 32, 30 L. Ed. 269 [(1886)] (if named party's interest is real, the fact that other interested parties are not joined "will not affect the jurisdiction of the [federal courts]"); 16 Moore, supra, § 107.14[2][c], p 107-67 ("Ordinarily, a court will not interfere with the consequences of a plaintiff's selection in naming parties, unless the plaintiff has impermissibly manufactured diversity or used an unacceptable device to defeat diversity.").

Id. at 93.

Like the Roches, Mr. Walker could have sued the other parties

5

he now claims are potential defendants. Mr. Walker clearly knew of SF Petroleum's involvement from the beginning of this dispute, but chose not to name them as defendants. See Halloran Decl., Exs. A, B. It is not incumbent on Pacific Pride to "propose as additional defendants persons [Walker] as master[] of [his] complaint, permissively might have joined." Lincoln Prop. Co., 546 U.S. at 94.[2]

Diversity between Mr. Walker and Pacific Pride is complete, and the amount in controversy exceeds the statutory minimum. As such, removal was proper.

**B.  Equitable Considerations**

Plaintiff argues that the equities support remand even if technical application of the law does not. Mot. to Remand, 8-10. This position has no merit.

The legal authorities on which Plaintiff relies do not support an equitable exception to the well-established rules of diversity jurisdiction. In Kona Enterprises, Inc. v. Estate of Bishop, 179 F.3d 767, 770 (9th Cir. 1999), the court refused to find an equitable exception to the rules governing standing or to create one specifically for the facts of that case. Contrary to Plaintiff's assertion, the court clearly did not hold that "a technical lack of standing may be overcome by equitable considerations." See Mot. to Remand, 10. In Tedford v. Warner-

---

[2] Because State Fund is not a party to the suit, the Court need not address in depth Plaintiff's 11th Amendment argument. In the interest of thoroughness, the Court notes that Plaintiff offered no evidence to show that State Fund is an agency of the State entitled to 11th Amendment protections.

Lambert Co., 327 F.3d 423, 427-28 (5th Cir. 2003), the Fifth Circuit allowed an equitable exception to the one-year deadline for removal because it was the plaintiff's own misconduct that caused defendant to file the removal notice after the deadline. The Court also relied on a long line of precedent for allowing equitable exceptions for issues related to filing deadlines. See id. at 426-27. Although Pacific Pride filed for removal at an advanced stage of the State court proceedings, it did so promptly after the conditions supporting removal came about, and there are no allegations of fraudulent joinder as there were in Tedford.

Even if the legal authorities supported an equitable exception, the facts presently before the Court do not. First, the supposed "equitable considerations" on which Plaintiff relies are a list of unsupported and otherwise irrelevant assertions. For example, Plaintiff says that his own motion pending before the Superior Court was "likely to be granted" while Defendant's summary judgment motion was "likely to be defeated." Mot. to Remand, 9. The Superior Court did not rule, and this Court will not presume to rule in its stead. Plaintiff also raises the issue of Defendant's franchises and affiliates. Id. As noted above, these are not material to the question of diversity jurisdiction. Plaintiff argues that remand is justified because California law will be applied regardless of forum. Id. That the Court will apply California law is not a basis for remand, however, and Plaintiff provides no authority to the contrary.

In short, Plaintiff's primary "equitable" concern is that the parties had agreed to a trial date of July 9, 2007, in the

7

1  Superior Court, and that trial will no longer take place if this
2  Court does not remand. While Mr. Walker's desire to have his case
3  heard as soon as possible is understandable, Pacific Pride had a
4  statutory right to remove the case, which it exercised in a timely
5  fashion. See 28 U.S.C. § 1446(b) (notice of removal must be filed
6  within thirty days of receiving the pleadings or within thirty
7  days of receiving notice of the conditions supporting removal).

**IV. CONCLUSION**

Plaintiff is a citizen of California. Defendant is a citizen of Oregon. Plaintiff seeks damages in excess of $75,000.00. Therefore, the Court would have had original jurisdiction over this case, so removal from the Superior Court was proper. For all of the foregoing reasons, Plaintiff's Motion to Remand Action to the California Superior Court is hereby DENIED.

IT IS SO ORDERED.

June 29, 2007

_____
UNITED STATES DISTRICT JUDGE