MARK L. WEBB, ESQ. (SBN 067959)
LAW OFFICES OF MARK L. WEBB
414 Gough Street, Suite Two
San Francisco, CA 94102
Telephone: (415) 621-4500
Facsimile: (415) 621-4173

Attorney for Plaintiff,
DONALD WALKER

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD WALKER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC PRIDE, a business entity, form unknown, and DOES 1 through 50, inclusive,<br><br>Defendants. | No.: C 07-2857 SC<br><br>**CASE MANAGEMENT AND RULE 26(f) STATEMENT AND [PROPOSED] ORDER** |

Plaintiff DONALD WALKER, by and through counsel, hereby submits this Case Management Statement and Proposed Order.

## DESCRIPTION OF THE CASE

**A.   Jurisdiction and Service**

No issues remain regarding jurisdiction or service. This action is at-issue as to the only remaining defendant, PACIFIC PRIDE.

**B.   Facts**

Plaintiff alleges that his injuries were proximately caused by the negligence of Defendant, an Oregon corporation and franchisor, with over 1200 franchise locations, many of which are located in California. The subject accident occurred at one of those franchise locations, San Francisco Petroleum, where Plaintiff was employed as a gasoline delivery truck driver. On July 21, 2005, MR. WALKER was cleaning up a fuel spill when a co-employee moving a dumpster front-loaded on the company fork-lift was unable to see Plaintiff, and ran into him.

1     PACIFIC PRIDE maintains an Operations Manual that each franchisee must read and that
2 governs certain rules regarding site maintenance, including handling of fuel spills.

3 **C.**     **Legal Issues**

4     Whether PACIFIC PRIDE and San Francisco Petroleum are in an agency relationship such
5 that vicarious liability applies.

6     Whether punitive damages are appropriate for the alleged callous disregard for safety.

7     Whether alleged OSHA violations attributed to San Francisco Petroleum constitute
8 *negligence per se* as to PACIFIC PRIDE.

9 **D.**     **Motions**

10     Defendant's motion for summary judgment, scheduled for hearing on June 7, 2007 in San
11 Francisco Superior Court, was taken off calendar after Defendant filed a Notice of Removal on
12 June 1, 2007. While technically no decision was reached in that motion, Plaintiff's position is that
13 Defendant voluntarily abandoned that motion by removing the case days before the hearing.
14 Because of this, and because the June 7, 2007 hearing date was the last possible day to have said
15 motion heard under State Court rules, it is Plaintiff's position that an additional motion for
16 summary judgment should not be entertained.

17     Plaintiff filed a motion for leave to amend his complaint to add allegations of recklessness,
18 and for punitive damages. This motion was scheduled for hearing on June 14, 2007, but was not
19 heard due to removal of the case.

20 **E.**     **Amendment of Pleadings**

21     As stated in section D., above, Plaintiff intends to amend his complaint to add a claim for
22 punitive damages.

23 **F.**     **Evidence Preservation**

24     No issues exist.

25 **G.**     **Initial Disclosure**

26     All disclosures pursuant to Rule 26 have already been made.

27 **H.**     **Discovery**

28     As stated above, the State Court discovery cut-off expired on June 7 (11), 2007.

1  I.  **Class Actions**

2  This litigation is not a class action.

3  J.  **Related Cases**

4  Plaintiff has a worker's compensation claim pending before the W.C.A.B. which includes
5  a cause of action for serious and willful misconduct.

6  K.  **Relief**

7  Plaintiff seeks monetary damages for his injuries. As mentioned above in Sections D. and
8  E., Plaintiff intends to amend his complaint to add a claim for punitive damages.

9  L.  **Settlement and ADR**

10  ADR has been attempted and has been unsuccessful. Plaintiff has invited Defendant to a
11  JAMS mediation. Defendant has not accepted as of the date of this filing.

12  M.  **Consent to a Magistrate Judge for All Purposes**

13  Defendant declined to proceed before a Magistrate Judge.

14  N.  **Other References**

15  This case is not suitable for reference to binding arbitration, a special master, or the
16  Judicial Panel on Multidistrict Litigation.

17  O.  **Narrowing of Issues**

18  Whether this case is appropriate for an expedited trial date. A request for stipulation to this
19  matter has been communicated to defense counsel. As of the date of this filing the parties have
20  been unable to agree to such a stipulation.

21  P.  **Expedited Schedule**

22  Plaintiff respectfully requests that this case be managed on an expedited basis and that a
23  trial date be set as early as possible under the Court's schedule.

24  Q.  **Trial**

25  Both parties have requested a trial by jury. The estimated length of trial is 7-10 days.

26  R.  **Disclosure of Non-party Interested Entities or Persons**

27  Plaintiff filed a Certification of Interested Parties naming San Francisco Petroleum, Inc.,
28  and State Compensation Insurance Fund.

1 | **Additional orders:**

2 | Plaintiff requests that this Court abide by the following already-expired deadlines: (1) discovery cut-off, (2) motions directed to the merits of the case, and (3) disclosure of experts. Plaintiff asserts that expert depositions can be completed within one week.

DATED: 7/11/07

LAW OFFICES OF MARK L. WEBB

By: /s/ Mark L. Webb
Mark L. Webb, Esq.
Attorney for Plaintiff
DONALD WALKER

## [PROPOSED] CASE MANAGEMENT ORDER

The Case Management Statement and [Proposed] Order, with the proposed dates indicated herein, is adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with the Order. In addition, the Court orders:

1. The pretrial conference is set for _____.
2. The trial date is set for _____.

DATED: _____          BY: _____
                                    HON. SAMUEL CONTI