Peter M. Hart, (State Bar No 107920)
Brad D. Fell, (State Bar No 212988)
Mathew R. Halloran, (State Bar No 236461)
WRIGHT, ROBINSON, OSTHIMER & TATUM
44 Montgomery Street, 18th Floor
San Francisco, California 94104-4705
Telephone: (415) 391-7111
Telefax: (415) 391-8766

Attorneys for Defendant
PACIFIC PRIDE SERVICES, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| DONALD WALKER,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC PRIDE, et al,<br><br>Defendants. | Case No.: C 07-2857 SC<br><br>**CASE MANAGEMENT STATEMENT OF DEFENDANT PACIFIC PRIDE SERVICES, INC.**<br><br>Date:       August 3, 2007<br>Time:      10:00 a.m.<br>Courtroom: One<br>Judge:      Honorable Samuel Conti |

Defendant PACIFIC PRIDE SERVICES, INC. submits this Case Management Statement and Proposed Order and requests the Court to adopt it as its Case Management Order in this case.

1. Jurisdiction and service

This action was removed from California Superior Court to this court pursuant to 28 USC §1332. No issue exists between the parties as to jurisdiction or venue. Defendant believes that plaintiff has served all parties to the action and that no DOE defendants will be joined in this action and all may be dismissed.

2. Facts

This is an action for personal injuries by plaintiff Donald Walker against defendant Pacific Pride Services, Inc. The accident occurred on July 21, 2005, at San Francisco Petroleum, within the City and County of San Francisco. Plaintiff was an employee of San Francisco Petroleum. He was injured when a forklift operated by a co-worker struck plaintiff while he was allegedly

bent over cleaning a fuel spill. The co-worker was using the forklift to reposition a refuse dumpster on the San Francisco Petroleum site.

Pacific Pride is a franchisor of a national network of over 1100 commercial fueling stations. Pacific Pride provides an electronic system whereby customers of its franchisees can purchase fuel at any Pacific Pride franchise. Pacific Pride provides an electronic card reader to its franchisees and reconciles the fueling transactions among its franchisees. Pacific Pride charges a fee per transaction for this service. Pacific Pride and its franchisee enter into a franchise agreement that sets forth the relationship between Pacific Pride and its franchisee. Pacific Pride also provides each franchisee with an operations manual that sets forth guidelines established by Pacific Pride for its franchisees.

The principal factual issue in dispute is the extent, if any, of the control exercised by Pacific Pride over its franchisees. Plaintiff asserts that Pacific Pride exerted sufficient management and control over its franchisees to create a principal-agent relationship, requiring Pacific Pride to manage the operations of its franchisees and insure compliance with applicable employee safety standards and OSHA regulations. Pacific Pride asserts that its franchisees are independent contractors and Pacific Pride has no responsibility to supervise or control the operations of any franchisee.

3. Legal Issues

The disputed legal issues are the extent to which a principal-agent relationship can be created to create liability for a franchisor for the errors and omissions of its franchisee.

4. Motions

Defendant will move for summary judgment of plaintiff's complaint. Defendant had filed this motion in San Francisco Superior Court before removed. Defendant anticipates that it will file its motion for summary judgment in this court by September 1, 2007. Defendant is presently not aware of any other motions contemplated by the parties.

5. Amendment of Pleadings

Defendant does not intend to add any defenses. Amendments presently anticipated are plaintiff's amendment to his complaint to include a prayer for punitive damages. Plaintiff has not

yet filed a motion in this court but a motion was pending in San Francisco Superior Court at the time that defendant removed this action.

6. Evidence Preservation

Defendant does not believe that any evidence preservation orders are required.

7. Disclosures

Defendant will make its disclosures as required by Rule 26. Defendant will disclose all witnesses, documents and insurance information required.

8. Discovery

Discovery taken to date includes California Form interrogatories to plaintiff, plaintiff's deposition, and the deposition of custodians of records of health care providers, which have provided care and treatment to plaintiff. The depositions of persons most knowledgeable of Pacific Pride and the depositions of David Harris-President of Pacific Pride and Michael Truax-Vice President of Pacific Pride have been taken. The deposition of Richard K. Pooler-principal of Richard K. Pooler, Inc., the owner of the real property on which San Francisco Petroleum operates, has been taken. The depositions of Robert Falche, President of San Francisco Petroleum, and Steven Rios, the San Francisco Petroleum employee who operated the forklift at the time of plaintiff's accident have been taken. The deposition of Army Lum, the Cal-OSHA safety engineer who investigated this accident has also been taken.

Discovery remaining includes the deposition of plaintiff's treating physicians and the disclosure and depositions of expert witnesses.

9. Class Action

This is not a class action.

10. Related Cases

Plaintiff has a claim against San Francisco Petroleum for worker's compensation benefits pending before the California Worker's Compensation Appeals Board.

11. Relief

Plaintiff seeks relief for medical and hospital expenses, past and future wage loss and loss of earning capacity, and pain and suffering. Plaintiff is a quadriplegic. Plaintiff has also indicated

intent to seek punitive damages from Pacific Pride.

12. Settlement and ADR

Defendant would prefer to have this court rule on its motion for summary judgment before it agrees to engage in ADR. The parties engaged in an Early Settlement Conference before the San Francisco Bar Association Early Settlement Program. The conference was brief, as the parties agreed that settlement could not be explored, as defendant's summary judgment motion had not yet been ruled upon.

13. Consent to Magistrate Judge

Defendant declined to have this matter proceed before a Magistrate Judge.

14. Other References

Defendant does not believe that other references are appropriate at this time.

15. Narrowing of Issues

Defendant believes that bifurcation of liability from the damages phase would be beneficial if defendant's summary judgment motion is denied. Otherwise, defendant does not see how issues can be narrowed at the present time.

16. Expedited Schedule

Defendant believes that this matter can be handled on an expedited basis. Defendant agrees that this case can be set for an earlier trial date than that which the court would normally schedule. Defendant suggests that non-expert discovery cutoff occur on September 4, 2007. Plaintiff should disclose experts by September 14, 2007, with defendant's disclosure taking place on October 1, 2007. Expert witness depositions should be completed by November 1, 2007. A pretrial conference can be held on December 3, 2007. Trial can be scheduled for January 21, 2008.

17. Scheduling

Please refer to No. 16, above.

18. Trial

Both plaintiff and defendant have demanded a jury trial. Defendant anticipates trial will take approximately 10 days.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>

State Compensation Insurance Fund, the worker's compensation insurer for San Francisco Petroleum, has asserted a lien to recover worker's compensation benefits paid to plaintiff. Pacific Pride knows of no other interested entity or person.

Defendant is an Oregon Corporation. It is not a publicly traded corporation and has no parent corporation that has stock that is publicly traded.

20. <u>Other Matters</u>

Defendant knows of no other matters that may facilitate the just, speedy and inexpensive disposition of this case.

DATE: July 13, 2007                    WRIGHT ROBINSON OSTHIMER & TATUM

_____
PETER M. HART
Attorneys for defendant
PACIFIC PRIDE SERVICES, INC.