1  Peter M. Hart, (State Bar No. 107920)
   Matthew R. Halloran, (State Bar No. 236461)
2  WRIGHT, ROBINSON, OSTHIMER & TATUM
   44 Montgomery Street, 18th Floor
3  San Francisco, California  94104-4705
   Telephone: (415) 391-7111
4  Telefax: (415) 391-8766

5  Attorneys for Defendants
   PACIFIC PRIDE SERVICES, INC.,
6  RICHARD K. POOLER, INC., and
   RICHARD K. POOLER, an individual.

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9        THE CITY AND COUNTY OF SAN FRANCISCO UNLIMITED DIVISION

10

11
   DONALD WALKER, an individual,                Case No.:CGC 06-456176
12
                   Plaintiff,                   **DECLARATION OF MATTHEW R.**
13                                              **HALLORAN**

14        v.

15 PACIFIC PRIDE, a business entity, form
   unknown, RICHARD K. POOLER, an
16 individual, and DOES 1 through 50, inclusive,

17                 Defendant.

18

19        I, Matthew R. Halloran, declare:

20        1.     I am an associate with the law firm Wright, Robinson, Osthimer & Tatum,

21 attorneys of record for defendant Pacific Pride Services, Inc. ("Pacific Pride").  I have first-hand

22 knowledge of all facts contained in this Declaration, and I could, if necessary, testify to them

23 under oath in a court of law.

24        2.     Plaintiff Donald Walker was deposed before a Certified Court Reporter on May

25 22, 2007.  True and correct excerpts from the transcript of plaintiff's deposition testimony are

26 attached hereto as Exhibit A.

27        3.     Prior to this matter's removal to Federal Court, counsel for plaintiff filed a Notice

28

                                                                                    1

of Motion and Motion for Leave to Amend Complaint to Request Punitive Damages; Memorandum of Points and Authorities in Support of Plaintiff's Motion for Leave to Amend Complaint To Request Punitive Damages and supporting exhibits A and B attached thereto; and Declaration of Mark L. Webb and Exhibit A attached thereto (collectively "Plaintiff's Motion for Leave to Amend").  A true and correct copy of plaintiff's Motion for Leave to Amend is attached hereto as Exhibit B.

4.    Robert Falche, President of San Francisco Petroleum, was deposed before a Certified Court Reporter on August 24, 2006.  True and correct excerpts from the transcript of Mr. Falche's deposition testimony are attached hereto as Exhibit C.

I swear under the penalty of perjury under the laws of the state of California that the foregoing is true and correct.

DATED: September 28, 2007

_____
Matthew R. Halloran

2

**Exhibit A**
**to the Declaration of Matthew R. Halloran**

Page 1

1          SUPERIOR COURT OF THE STATE OF CALIFORNIA

2   THE CITY AND COUNTY OF SAN FRANCISCO UNLIMITED DIVISION

3

    DONALD WALKER, an individual,

4

                    Plaintiff,

5

        vs.                          Case No. CGC 06-456176

6

    PACIFIC PRIDE, a business entity,

7   form unknown, RICHARD K. POOLER, an

    individual, and DOES 1 through 50,

8   inclusive,

9                   Defendants.

    _____/

10

11

12

13          DEPOSITION OF DONALD L. WALKER

14

15             Tuesday, May 22, 2007

16

17

18          REPORTER'S TRANSCRIPT OF PROCEEDINGS

            BY JANICE CASTATER, CSR NO. 11879

19

20   _____

21          CLARK REPORTING & VIDEOCONFERENCING

22          2161 SHATTUCK AVENUE, SUITE 201

23              BERKELEY, CA  94704

24                (510) 486-0700

25

Page 2

```
 1                    A P P E A R A N C E S:

 2

 3    FOR PLAINTIFF:

 4    Law Offices of Mark L. Webb
      414 Gough Street, suite 2
 5    San Francisco, California  94102
      (415) 621-4500
 6    (415) 621-4173 FAX
      BY:  ZACHARY S. TOLSON, ESQ.

 7

 8

      FOR DEFENDANTS:

 9

      Wright, Robinson, Osthimer & Tatum
10    44 Montgomery Street, 18th Floor
      San Francisco, California  94104-4705
11    (415) 391-7111
      (415) 391-8766 fax
12    BY:  BRADLEY D. FELL, ESQ.

13

14

15

16

17

18

19

20

21

22

23

24

25
```

cce4088a-cdd1-415c-bf58-5e5bd2271d56

```
1        Q.   All right.   It is my understanding that the

2   accident happened on July 21st, 2005; is that correct?

3        A.   That is correct.
```

CLARK REPORTING (510) 486-0700

Page 62

6      Q.   All right.  Okay.  So on the day of the

7   accident, you picked up the truck, which is listed in

8   Exhibit 1 as a "tanker truck pick up," you went out and

9   picked up some fuel, and came back to the 3rd Street

10  location; is that correct?

11      A.   Yes.  I believe it was in the afternoon.

12      Q.   All right.  At the time of the accident, where

13  was your truck actually located at the time of the

14  accident?  Was it in this area?

15      A.   Underneath the awning.

16      Q.   Underneath the awning?

17      A.   Right.

18      Q.   You are talking about "A" --

19      A.   Yes.

20      Q.   -- exactly where the end of the arrow, the "A"

21  points?

22      A.   Correct.

23      Q.   Okay.  Do you recall just prior to the

24  accident the reason that you were -- the reason that you

25  were actually cleaning up the fuel spill?

cce4088a-cdd1-415c-bf58-5e5bd2271d56

Page 63

1      A.   A little bit -- when I finished, a little bit

2   of product, so it is called, came out of the hose when I

3   was disconnecting it and putting it away.

4      Q.   Okay.

5      A.   And my -- I can't remember which -- which hose

6   it was but...

7      Q.   And you said this was about a pint in volume?

8      A.   Roughly a pint.

CLARK REPORTING (510) 486-0700

Page 70

```
 3        Q.   So the dash line with the arrow indicates the

 4   direction of the forklift driver, and the "X" indicates

 5   where you were standing?

 6        A.   Right.

 7        Q.   Okay.

 8        A.   No, not standing.

 9        Q.   Kneeling?

10        A.   Kneeling.
```

CLARK REPORTING (510) 486-0700

11    Q.    Okay.  I think that is all the questions I

12    have on the photograph right now.  We will talk about

13    some other things.  So --

14        A.    How do you put that into words?

15            MR. TOLSON:  Yeah.  Do you want your glasses

16    on still or --

17            THE WITNESS:  I'm sorry?

18            MR. TOLSON:  Do you want your glasses on

19    still?

20            THE WITNESS:  I am fine.

21        Q.    (By Mr. Fell)  Do you know the name of the

22    forklift driver who was driving the forklift at the

23    time of the accident?

24        A.    Oh, hell, I knew it, but it escapes me right

25    now.  Been working there since I was there.  So I

DEPOSITION OF DONALD L. WALKER

CLARK REPORTING (510) 486-0700

```
1    understand he is still working there --
2         Q.   I believe --
3         A.   -- last time I knew.
4         Q.   Give me a second.
5              Is it Mr. Rios?
6         A.   First name only.
7         Q.   I have that too.  Let's see.
8              Steven Rios?
9         A.   Yeah, Steve, yeah.
```

# Exhibit B
**to the Declaration of Matthew R. Halloran**

1   MARK L. WEBB, ESQ. (SBN 067959)
    LAW OFFICES OF MARK L. WEBB
2   414 Gough Street, Suite Two
    San Francisco, CA 94102
3   Telephone: (415) 621-4500
    Facsimile: (415) 621-4173
4
    Attorney for Plaintiff,
5   DONALD WALKER

6           SUPERIOR COURT OF THE STATE OF CALIFORNIA

7           IN AND FOR THE COUNTY OF SAN FRANCISCO

8               UNLIMITED CIVIL JURISDICTION

9   DONALD WALKER, an individual,          Case No.: CGC 06-456176

10          Plaintiffs,                     **PLAINTIFF'S NOTICE OF MOTION
                                            AND MOTION FOR LEAVE TO AMEND
11      v.                                  COMPLAINT TO REQUEST PUNITIVE
                                            DAMAGES**
12  PACIFIC PRIDE, a business entity, form
    unknown, RICHARD K. POOLER, an         Date:   June 14, 2007
13  individual, and DOES 1 through 50, inclusive,   Time:  9:30 a.m.
                                            Dept.:  302
14          Defendants.
                                            Complaint Filed:  September 14, 2006
15                                          Trial Date:       July 9, 2007

16  **TO DEFENDANTS AND THEIR COUNSEL OF RECORD:**

17          YOU ARE HEREBY NOTIFIED THAT at the above date, time and department, or as

18  soon thereafter as the matter can be heard, at the Superior Court of San Francisco located at 400

19  McAllister St., San Francisco, California, 94102, Plaintiff DONALD WALKER will move this

20  Court for an order granting Plaintiff's leave to amend his complaint to request punitive damages.

21          This motion will be based upon the attached Memorandum of Points and Authorities, the

22  Declaration of Mark L. Webb, the proposed amended complaint, the complete files and records of

23  this action, and on such other and further oral and documentary evidence as may be presented at

24  the hearing.

25  DATED: May 22, 2007                     LAW OFFICES OF MARK L. WEBB

26

27                                          MARK L. WEBB

28

---
PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND COMPLAINT TO REQUEST
PUNITIVE DAMAGES
- 1 -

*Walker v. Pacific Pride, et al.*
San Francisco Superior Court Case No. CGC 06-456176

1

## **PROOF OF SERVICE**

2

   I, the undersigned, declare as follows:

3

   I am employed in the City and County of San Francisco, State of California. I am over the age of eighteen (18) and am not a party to this action. My business address is 414 Gough Street, Suite Two, California 94102.

4

5

   On the date set forth below, I caused to be served the documents entitled:

6

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND COMPLAINT TO REQUEST PUNITIVE DAMAGES**

7

on the parties in this action as follows:

8

Mr. Peter M. Hart
WRIGHT, ROBINSON, OSTHIMER & TATUM
44 Montgomery Street, 18th Floor
San Francisco, CA 94104
**Telephone:    (415) 391-7111**
**Facsimile:    (415) 391-8766**

9

10

11

12

Attorney for Defendants PACIFIC PRIDE and
RICHARD K. POOLER, INC.

13

14

☐   [BY MAIL] I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail in San Francisco, California. I am "readily familiar" with the practice of The Law Offices of Mark L. Webb for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

15

16

☒   [BY PERSONAL SERVICE] The person whose name is noted below caused to be delivered by hand each such envelope to the addressee(s) noted above.

17

18

☐   [VIA FACSIMILE] I caused to be transmitted the above-named documents at approximately _____ p.m. via facsimile number 415-621-4173. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. The transmission report was properly issued by the transmitting facsimile machine, a copy of which is attached pursuant to Rule 2009(I)(4).

19

20

☐   [VIA FEDERAL EXPRESS] I am "readily familiar" with the practice of The Law Offices of Mark L. Webb for collection and processing of correspondence for deposit with Federal Express for overnight delivery service. Correspondence for collection and processing is either delivered to a courier or driver authorized by Federal Express to receive documents or deposited by an employee or agent of this firm in a box or facility regularly maintained by Federal Express that same day in the ordinary course of business.

21

22

23

   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on **May 22, 2007** at San Francisco, California.

24

DATED: May 22, 2007

25

A. Amanda Beck

26

27

28

1   MARK L. WEBB, ESQ. (SBN 067959)
    LAW OFFICES OF MARK L. WEBB
2   414 Gough Street, Suite Two
    San Francisco, CA 94102
3   Telephone: (415) 621-4500
    Facsimile: (415) 621-4173
4
    Attorney for Plaintiff,
5   DONALD WALKER

6              SUPERIOR COURT OF THE STATE OF CALIFORNIA

7              IN AND FOR THE COUNTY OF SAN FRANCISCO

8                  UNLIMITED CIVIL JURISDICTION

9   DONALD WALKER, an individual,          Case No.: CGC 06-456176

10           Plaintiffs,                    **MEMORANDUM OF POINTS AND**
                                            **AUTHORITIES IN SUPPORT OF**
11      v.                                  **PLAINTIFF'S MOTION FOR LEAVE TO**
                                            **AMEND COMPLAINT TO REQUEST**
12  PACIFIC PRIDE, a business entity, form  **PUNITIVE DAMAGES**
    unknown, RICHARD K. POOLER, an
13  individual, and DOES 1 through 50, inclusive,   Date:  June 14, 2007
                                            Time:  9:30 a.m.
14           Defendants.                    Dept.:  302

15                                          Complaint Filed:  September 14, 2006
                                            Trial Date:       July 9, 2007
16

17                      **I.   STATEMENT OF FACTS**

18         On July 21, 2005, Plaintiff DONALD WALKER was employed as a fuel truck operator for

19  San Francisco Petroleum, a petroleum distribution facility located at 2121 Third Street in San

20  Francisco, California. San Francisco Petroleum is a franchisee of Defendant PACIFIC PRIDE and

21  has been for approximately fifteen years. This case involves a catastrophic personal injury that

22  occurred at the 2121 Third Street site when one of San Francisco Petroleum's employees

23  negligently and in violation of OSHA regulations ran a forklift frontloaded with a dumpster into

24  Plaintiff. The forklift operation resulted in an OSHA citation, labeled SERIOUS. Plaintiff has

25  been rendered a complete quadriplegic as a result of the accident.

26         Defendant PACIFIC PRIDE, whose headquarters are in Oregon, has franchised over 1200

27  different sites in the United States, of which the owners of San Francisco Petroleum operate 11.

28  The allegations in this action relate directly to PACIFIC PRIDE'S responsibilities, per industry

1   standards and per its own admissions in its Offering Circular, Franchise Agreement and

2   Operations Manual, to ensure the safe operation of its sites.

3         This action is against the franchisor PACIFIC PRIDE for vicarious liability due to the

4   agency relationship that existed between PACIFIC PRIDE and San Francisco Petroleum. There is

5   also an action for premises liability against RICHARD K. POOLER, INC., which has been the

6   longtime premises owner and was completely aware of the nature of the activities taking place on

7   its premises. Several dangerous conditions on the premises existed, which RICHARD K.

8   POOLER, INC. either knew about or should have known about.

9         There are no new facts being alleged in the proposed amended complaint. Plaintiff is

10  simply alleging that Defendant PACIFIC PRIDE'S state of mind in its actions already complained

11  of displays a malicious, despicable and wanton disregard for human safety.

12                              **II. ARGUMENT**

13  **A. Amendments Shall Be Granted Liberally**

14        California Code of Civil Procedure section 473(a)(1) provides that the Court may, in its

15  discretion, after notice to the adverse party, allow, upon any terms as may be just, an amendment

16  to any pleading or proceeding.

17        The policy of Courts in this State has long been that pleadings and amendments should be

18  allowed and construed liberally with the object of affording every litigant his day in Court and to

19  render substantial justice between parties. West's Ann.Code.Civ.Proc. § 452, *see also* <u>Kauffman v.</u>

20  <u>Bobo & Wood</u>, 99 Cal.App.2d 322 (1950), <u>Jackson v. Pacific Gas & Elec. Co.</u>, 95 Cal.App.2d 204

21  (1950)

22  **B. Amendments May Be Granted At Any Time Before Or During Trial**

23        California Code of Civil Procedure section 576 provides:

24        Any judge, at any time before or after commencement of trial, in the
          furtherance of justice, and upon such terms as may be proper, may allow
25        the amendment of any pleading or pretrial conference order.

26  ///

27  ///

28  ///

### C. PACIFIC PRIDE'S Conscious Disregard For Human Safety Constitutes Malice And Justifies Consideration Of Punitive Damages

California Civil Code section 3294(a) states:

> In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.

California Civil Code section 3294(c)(1) defines "malice" as conduct which is intended by the defendant to cause injury to the plaintiff *or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others.* (Emphasis added.)

See also <u>Taylor v. Superior Court</u> (24 Cal.3d 890 (1979)), where the California Supreme Court held that the defendant's conscious and deliberate disregard for the safety of others when driving under the influence may be called willful or wanton and thus warrant the recovery of punitive damages.

And see <u>Nolin v. National Convenience Stores</u> (95 Cal.App.3d 279 (1979)), where the Court affirmed a jury verdict awarding punitive damages to a woman who slipped and fell at a gas station. The Court held that the evidence showing the defendant was aware of the safety risk to customers and yet failed to respond, and that the defendant's concerns were centered on keeping costs as low as possible as opposed to protecting customer safety, warranted an award of punitive damages.

Like in *Taylor* and *Nolin*, Defendant PACIFIC PRIDE need not have specifically *intended* to injure MR. WALKER for its behavior to constitute "malice"; it is enough that PACIFIC PRIDE was *aware* of a significant risk to human safety and yet *consciously disregarded* this risk. PACIFIC PRIDE was aware of the nature of the activities taking place at its San Francisco Petroleum site. It was aware that heavy machinery, such as forklifts, was operated on the premises. It was aware that commercial trucks came in and out of the property for fueling. It was aware that petroleum was delivered and unloaded at franchisee sites on a regular basis and that oil spills were a common occurrence during this process. It has safety standards in its Franchisee Agreement and

1    Operations Manual by which it sets mandatory standards for the operation of franchise sites. Yet

2    despite its awareness, despite its written dictates, and despite its knowledge of the subject

3    accident, *no action whatsoever* has been taken to either increase safety or change the way either it

4    or its franchisees operates. In fact, Robert Falche, the President of San Francisco Petroleum,

5    admitted in his February 16, 2007 deposition that nothing had been changed as a result of Plaintiff

6    DONALD WALKER'S accident. *See Exhibit A*

7         Mr. Webb: Has there been any change in the procedure with respect to how the
          forklift is now used at your San Francisco site?

8         Mr. Falche: No.

9         Perhaps even more troubling is that defendant PACIFIC PRIDE *does not even care*. When

10   the President of PACIFIC PRIDE, David Harris, was asked in his April 23, 2007 deposition

11   whether OSHA violations of one its franchisees concerned him, his reply was an unequivocal no.

12   *See Exhibit B*

13        Mr. Webb: Do OSHA violations concern you if they're brought to your attention
          at a Pacific Pride location?

14        Mr. Harris: Not directly.
          Mr. Webb: What about indirectly?

15        Mr. Harris: No.

16        PACIFIC PRIDE'S failure to respond in any meaningful way despite its actual knowledge

17   of dangerous activities conducted at its franchisee sites, of regulatory violations, and of resulting

18   injuries, is *despicable conduct* which puts the health of its franchisee employees and customers at

19   risk on a daily basis, *all in the name of profit*.

20        Finally, the Vice President of PACIFIC PRIDE, Michael Truax, admitted that there have

21   been 50 or more accidents at franchise locations, yet no investigation was conducted by PACIFIC

22   PRIDE and no attempts to minimize further accidents in the future were made. This is the classic

23   situation for an award of punitive damages (see Declaration of Mark L. Webb).

24                              **III. CONCLUSION**

25        Based on the above, Plaintiffs respectfully request that a jury be entitled to assess

26   exemplary damages so that PACIFIC PRIDE will take reasonable steps to at least minimize future

27

28
___

1  accidents in at its franchise locations, especially in light of the fact that PACIFIC PRIDE makes a

2  significant profit from its franchisee operations.

3

4  DATED: May 21, 2007                                    LAW OFFICES OF MARK L. WEBB

5

6

7  _____

8  MARK L. WEBB

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

**to Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's
Motion for Leave to Amend**

1          SUPERIOR COURT OF THE STATE OF CALIFORNIA

2              IN AND FOR THE COUNTY OF SAN FRANCISCO

3                  UNLIMITED CIVIL JURISDICTION

4                            --oOo--

5

6    DONALD WALKER, an individual,

7           Plaintiff,

8       vs.                              No. CGC 06-456176

9    PACIFIC PRIDE, a business entity,

     form unknown, RICHARD K. POOLER,

10   an individual, and DOES 1 through

     50, inclusive,

11                                       **ORIGINAL**

            Defendants.

12

     _____/

13

14

15                      DEPOSITION OF

16                     ROBERT FALCHE

17            THURSDAY, FEBRUARY 15, 2007

18

19

20   Reported By:  LELAND BATARA, CSR NO. 3759

21   _____

22

23                     Tooker & Antz

            Court Reporting and Video Services

24            350 Sansome Street, Suite 700

              San Francisco, California 94104

25            415-392-0650 Fax 415-392-3897

DEPOSITION OF ROBERT FALCHE    /15/2007

```
 1        Q.  Have you heard anything, without telling me what

 2   your attorneys have said, about his condition?

 3        A.  No.

 4        Q.  Or about how his accident happened?

 5        A.  No.

 6        Q.  Has there been any change in the procedure with

 7   respect to how the forklift is now used at your San Francisco

 8   site?

 9        A.  No.

10        Q.  It's the same use of it on garbage day, that you

11   take a dumpster out?

12        A.  Yes.

13        Q.  And front-load it?

14        A.  It was never front-loaded.  At certain points in

15   the transportation of it, it is front-loaded, yes.

16        Q.  Well, the OSHA investigation summary says that it

17   was front-loaded, and I am not trying to --

18        A.  At the time of the accident, it was moving forward

19   with the load in front, yes.

20        Q.  Isn't that front loading?

21        A.  Well, it's not always front-loaded.  It's not

22   always moving in that direction.

23        Q.  In terms of -- just so we are talking in the same

24   language, when you have a load in the front and you are

25   moving forward on a forklift, that's called front loading;
```

TOOKER & ANTZ COURT REPORTING & VIDEO SERVICES (415-392-0650)

# Exhibit B
**to Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's
Motion for Leave to Amend**

ORIGINAL

1

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN FRANCISCO

UNLIMITED CIVIL JURISDICTION

©COPY

DONALD WALKER, an individual,                )
                                             )
                  Plaintiff,                 )
                                             )
vs.                                          ) Case No. CGC 06-456176
                                             )
                                             )
PACIFIC PRIDE, a business entity,            )
form unknown, RICHARD K. POOLER,             )
an individual, and DOES 1 through            )
50, inclusive,                               )
                                             )
                  Defendants.                )
_____      )


DEPOSITION OF DAVID HARRIS

Taken in behalf of the Plaintiff


Salem, Oregon

April 23, 2007


REPORTED BY:
LAURIE A. VOLKER
OREGON CSR NO. 05-0394

87

1        A    No.

2        Q    Okay.  If it were a Pacific Pride sign, and this is

3    a picture sent in with a self-inspection, would it pass

4    muster?

5              MR. HART:  Object to the form of the question.

6              THE WITNESS:  There's no Pacific Pride facility

7    visible on this thing.

8        Q    BY MR. WEBB:  So you can answer my question.  Would

9    it pass muster as part of an inspection?

10       A    It wouldn't be recognized as a Pacific Pride site.

11       Q    All right.  Okay.  Have you looked at any documents

12    in connection with your -- preparation for this deposition,

13    sir?

14       A    No.

15       Q    All right.  So then did you know -- and I don't

16    want to know what your attorney told you -- but did you know

17    that there were OSHA violations that were assessed in

18    connection with the accident that's the subject of this

19    case?

20       A    No.

21       Q    Do OSHA violations concern you if they're brought

22    to your attention at a Pacific Pride location?

23             MR. HART:  Object to the form of the question.

24             THE WITNESS:  Not directly.

25       Q    BY MR. WEBB:  How about indirectly?

1      A     No.

2      Q     Okay.  It's not part of the self-inspection

3   critique that's necessary for a franchise to report to you

4   that they've been cited by OSHA?

5      A     No.

6      Q     Okay.  Is it part of the self-inspection to let you

7   know that someone was seriously injured on a Pacific Pride

8   location?

9           MR. HART:  Object to the form of the question.

10          THE WITNESS:  No.

11     Q     BY MR. WEBB:  Okay.  And it's fair to say that

12   that's just not part of Pacific Pride's interest; right?

13     A     It has nothing to do with us.

14     Q     I see.  Okay.  All right.  So then the last

15   exhibit, I'm happy to tell you, is 9.  And I think we should

16   take a break, because I'll probably have an hour or so with

17   you on this, and it's the last exhibit, and we're going to

18   eat lunch soon.

19          MR. WEBB:  Is that okay with you, Peter?

20          MR. HART:  Well --

21          MR. WEBB:  Off the record for a second.

22          THE VIDEOGRAPHER:  We're off the record.

23          (Recess taken.)

24          THE VIDEOGRAPHER:  We're back on the record.  The

25   time is 11:54 a.m.  Counsel may proceed.

*Walker v. Pacific Pride, et al.*
San Francisco Superior Court Case No. CGC 06-456176

1

## **PROOF OF SERVICE**

2

　　　I, the undersigned, declare as follows:

3

　　　I am employed in the City and County of San Francisco, State of California. I am over the age of
4　eighteen (18) and am not a party to this action. My business address is 414 Gough Street, Suite Two,
California 94102.

5

　　　On the date set forth below, I caused to be served the documents entitled:

6

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE**
7　　　　**TO AMEND COMPLAINT TO REQUEST PUNITIVE DAMAGES**

8

on the parties in this action as follows:

9

Mr. Peter M. Hart
WRIGHT, ROBINSON, OSTHIMER & TATUM
44 Montgomery Street, 18th Floor
10　San Francisco, CA 94104
**Telephone:　(415) 391-7111**
11　**Facsimile:　(415) 391-8766**

12

Attorney for Defendants PACIFIC PRIDE and
13　RICHARD K. POOLER, INC.

14　☐　[BY MAIL] I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail
in San Francisco, California. I am "readily familiar" with the practice of The Law Offices of Mark L. Webb for
15　collection and processing of correspondence for mailing, said practice being that in the ordinary course of business,
mail is deposited in the United States Postal Service the same day as it is placed for collection.

16

☒　[BY PERSONAL SERVICE] The person whose name is noted below caused to be delivered by hand each such
17　envelope to the addressee(s) noted above.

18　☐　[VIA FACSIMILE] I caused to be transmitted the above-named documents at approximately _____ p.m. via
facsimile number 415-621-4173. The facsimile machine I used complied with Rule 2003(3) and no error was
19　reported by the machine. The transmission report was properly issued by the transmitting facsimile machine, a copy
of which is attached pursuant to Rule 2009(I)(4).

20

☐　[VIA FEDERAL EXPRESS] I am "readily familiar" with the practice of The Law Offices of Mark L. Webb for
21　collection and processing of correspondence for deposit with Federal Express for overnight delivery service.
Correspondence for collection and processing is either delivered to a courier or driver authorized by Federal Express
22　to receive documents or deposited by an employee or agent of this firm in a box or facility regularly maintained by
Federal Express that same day in the ordinary course of business.

23

　　　I declare under penalty of perjury under the laws of the State of California that the foregoing is
24　true and correct. Executed on **May 22, 2007** at San Francisco, California.

25　DATED: May 22, 2007

A. Amanda Beck

26

27

28

1 MARK L. WEBB, ESQ. (SBN 067959)
LAW OFFICES OF MARK L. WEBB
2 414 Gough Street, Suite Two
San Francisco, CA 94102
3 Telephone: (415) 621-4500
Facsimile: (415) 621-4173
4
Attorney for Plaintiff,
5 DONALD WALKER

6                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

7                    IN AND FOR THE COUNTY OF SAN FRANCISCO

8                    UNLIMITED CIVIL JURISDICTION

9 DONALD WALKER, an individual,              Case No.: CGC 06-456176

10              Plaintiffs,                   **DECLARATION OF MARK L. WEBB IN
                                             SUPPORT OF PLAINTIFF'S MOTION**
11         v.                                **FOR LEAVE TO AMEND COMPLAINT
                                             TO REQUEST PUNITIVE DAMAGES**
12 PACIFIC PRIDE, a business entity, form
unknown, RICHARD K. POOLER, an              Date:   June 14, 2007
13 individual, and DOES 1 through 50, inclusive,  Time:  9:30 a.m.
                                             Dept.:  302
14              Defendants.
                                             Complaint Filed:  September 14, 2006
15                                           Trial Date:        July 9, 2007

16         I, Mark L. Webb, declare as follows:

17         1.      I am an attorney duly licensed to practice before all of the Courts of the State of

18 California. I am the attorney for the Plaintiff herein and I am thoroughly familiar with this case.

19         2.      I have conducted discovery in both San Francisco, California and Oregon with

20 regard to the testimony of the principals of PACIFIC PRIDE, including depositions of their

21 President, David Harris, and Vice President, Michael Truax.

22         3.      On a number of occasions, these executives made it clear that, while they have the

23 right to terminate and otherwise sanction franchisees for noncompliance with safety regulations

24 and other statutory, including OSHA, requirements, they have failed to do so. All the executives in

25 this case failed to show any concern that a catastrophic injury happened at the San Francisco

26 Petroleum franchise in violation of basic safety and OSHA regulations, even though such

27 violations constitute cause for termination of the franchise. Indeed, despite this knowledge, none

28 of the executives had any interest in altering their enforcement procedures to avoid future similar

DECLARATION OF MARK L. WEBB IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND
COMPLAINT TO REQUEST PUNITIVE DAMAGES
- 1 -

1    accidents.

2         4.    The proposed amendment to the complaint contains no new facts at all. It simply

3    alleges that Defendant PACIFIC PRIDE'S attitude toward acts complained of in the current

4    complaint demonstrates a wanton and willful disregard for human safety. Therefore no further

5    discovery is necessary should this proposed amended complaint be granted.

6         5.    Michael Truax testified that to the best of his recollection there have been more

7    than 50 personal injury cases deriving from PACIFIC PRIDE franchise locations.

8         6.    Pursuant to California Rule of Court Rule 3.1324, the following changes are to be

9    made to the complaint, a copy of which is attached hereto as Exhibit A:

10            a.  Page 1, Lines 13-14: In the caption, RICHARD K. POOLER, an individual,

11                has been changed to RICHARD K. POOLER, INC., a corporation.

12            b.  Page 1, Line 25: RICHARD K. POOLER has been changed to RICHARD

13                K. POOLER, INC.

14            c.  Page 5, Line 8: RICHARD K. POOLER has been changed to RICHARD K.

15                POOLER, INC.

16            d.  Page 5, Line 22: The following paragraph has been added to the First Cause

17                of Action (for Negligence):

18                i.  "29. PACIFIC PRIDE only, and not RICHARD K. POOLER, INC.,
                       in its negligent conduct referenced in Paragraphs 1-28 inclusively,
19                     has consciously disregarded, continually before and after this
                       accident, a known risk to human safety at its sites, such that its
20                     conduct constitutes malice, oppression or fraud warranting punitive
21                     damages."

22            e.  Page 6, Line 2 in proposed amended complaint: RICHARD K. POOLER

23                has been changed to RICHARD K. POOLER, INC.

24            f.  Page 6, Line 22 of proposed amended complaint: The following paragraph

25                has been added to the Second Cause of Action (for Premises Liability):

26                i.  "36. PACIFIC PRIDE only, and not RICHARD K. POOLER, INC.,
                       in its conduct referenced in Paragraphs 1-35 inclusively, has
27                     consciously disregarded, continually before and after this accident, a
                       known risk to human safety at its sites, such that its conduct
28

---

DECLARATION OF MARK L. WEBB IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND
COMPLAINT TO REQUEST PUNITIVE DAMAGES
- 2 -

1    constitutes malice, oppression or fraud warranting punitive

2    damages."

3    g.   We have also added a prayer for punitive damages on page 7, line 2 of the

4    proposed amended complaint.

5    I declare under penalty of perjury under the laws of the State of California that the

6    foregoing is true and correct.

7    Dated: May 21, 2007, at San Francisco County, California.

8    _____
     Mark L. Webb
9    Attorney for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF MARK L. WEBB IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND
COMPLAINT TO REQUEST PUNITIVE DAMAGES
- 3 -

# Exhibit A
**to the Declaration of Mark L. Webb in Support of
Plaintiff's Motion for Leave to Amend**

1  MARK L. WEBB, ESQ. (SBN 067959)
   ZACHARY S. TOLSON, ESQ. (SBN 242824)
2  LAW OFFICES OF MARK L. WEBB
   414 Gough Street, Suite Two
3  San Francisco, CA 94102
   Telephone: (415) 621-4500
4  Facsimile: (415) 621-4173

5  Attorney for Plaintiff,
   DONALD WALKER
6

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8              IN AND FOR THE COUNTY OF SAN FRANCISCO

9                   UNLIMITED CIVIL JURISDICTION

10  DONALD WALKER, an individual,            Case No.: CGC 06-456176

11              Plaintiffs,                  **PLAINTIFF'S SECOND AMENDED
                                             COMPLAINT FOR NEGLIGENCE AND
12       v.                                  PREMISES LIABILITY**

13  PACIFIC PRIDE, a business entity, form
    unknown, RICHARD K. POOLER, INC., a
14  corporation, and DOES 1 through 50,
    inclusive,
15
                Defendants.
16

17                      **FACTUAL ALLEGATIONS**

18       1.     Plaintiff DONALD WALKER is an individual currently residing in Fairfax,

19  California.  DONALD WALKER was an employee of San Francisco Petroleum Company, dba

20  International Marine Fuels Group, Inc. (hereinafter "SF Petroleum") at the time he was injured.

21       2.     Defendant PACIFIC PRIDE is a business entity, form unknown, who conducts

22  business in the State of California and within the City and County of San Francisco.

23       3.     PACIFIC PRIDE is also a franchisor to SF Petroleum, which is an oil and

24  petroleum product distribution facility located at 2121 3rd Street, in San Francisco, California.

25       4.     Defendant RICHARD K. POOLER, INC. is the owner of the property known as

26  2121 Third Street in San Francisco, California, according to the San Francisco Recorder's office.

27       5.     PACIFIC PRIDE attracts and invites the public, including employees of its

28  franchises, to use their fueling system to dispense gasoline and/or related oil and petroleum

                        PLAINTIFF'S SECOND AMENDED COMPLAINT
                                          - 1 -

1  products from distribution outlets throughout the Bay Area and the United States, and has a self-

2  proclaimed duty to ensure that, as advertised, those fuel stations are "clean and well-lit," and

3  thereby safe for users.

4      6.      PACIFIC PRIDE communicates to the public at large through the internet and

5  other media that SF Petroleum and other of its sites are owned, operated, managed, controlled,

6  and/or overseen by PACIFIC PRIDE as the franchisor.  As such, PACIFIC PRIDE has the access,

7  the control, the right, and therefore also the duty, to take reasonable steps in inspecting its

8  premises, including SF Petroleum, Inc., to ensure that they are managed, operated, controlled or

9  overseen within the dictates of applicable laws, including, but not limited to OSHA (Occupational

10  Safety & Health Administration) regulations that govern the safe operation of work sites.

11  Likewise, PACIFIC PRIDE has the right to terminate its franchisor/franchisee relationship with

12  any site that fails to comport with PACIFIC PRIDE'S standards for fueling sites, including

13  product quality, site cleanliness and safety.

14      7.      Visible and prominent signage at PACIFIC PRIDE'S SF Petroleum site includes a

15  large and colorful mounted display bearing the name "PACIFIC PRIDE," which sign is located

16  near the locus of this accident.  A second sign is also displayed near the area of this accident, and

17  advertises the facility as a PACIFIC PRIDE site, even giving a phone number of 415-621-5226 as

18  the number of PACIFIC PRIDE.  In actuality, that phone number is for SF Petroleum, which thus

19  further affiliates and associates PACIFIC PRIDE as the controller and co-manager of SF

20  Petroleum.

21      8.      Plaintiff herein relied on the fact that PACIFIC PRIDE, because of its use of

22  prominent signage at SF Petroleum and its clear role in affiliation with SF Petroleum, would take

23  reasonable steps to ensure that there would be a safe working environment at 2121 Third Street in

24  San Francisco, and would be responsible, to one degree or another, to make the premises

25  reasonably safe for Plaintiff and others.

26      9.      Despite advertisements by PACIFIC PRIDE to the contrary, PACIFIC PRIDE'S SF

27  Petroleum site was being run and operated unlawfully in violation of numerous OSHA violations

28  and without reasonable care for the safety of others, including Plaintiff.

PLAINTIFF'S SECOND AMENDED COMPLAINT

- 2 -

1    10.    Numerous obvious violations of OSHA regulations and basic safety law existed for

2  an indefinite period of time prior to the date of this accident, July 21, 2005.  These included: (a) an

3  improperly maintained emergency power cutoff circuit breaker to the fuel dispensing pumps and a

4  faded label which failed to clearly identify the cutoff; (b) inadequate stairway railings; (c)

5  dangerous steps; (d) improper and inadequate warnings on equipment (including the forklift which

6  was the immediate cause of this accident); (e) failure to check the forklift at the beginning of each

7  shift to find any unsafe conditions and a failure to take the forklift out of service to make it safe;

8  (f) failure to post a set of operating rules for the forklift; (g) failure to certify that the forklift

9  operator was properly trained and evaluated; (h) failure to require refresher training and

10  evaluations of training for forklift operators; (i) failure to operate a forklift properly in accordance

11  with operating rules.

12    11.    On or about July 21, 2005, Plaintiff DONALD WALKER was working at

13  PACIFIC PRIDE'S SF Petroleum 2121 Third Street site in San Francisco as a fuel truck operator.

14    12.    That Plaintiff DONALD WALKER believed PACIFIC PRIDE'S 2121 Third Street

15  SF Petroleum site to be safe because it was part of PACIFIC PRIDE'S large, well-recognized

16  network of fueling stations.

17    13.    PACIFIC PRIDE, through franchise agreement, signage, advertising, their own

18  website, and other means, treated the 2121 Third Street SF Petroleum site as though it were

19  PACIFIC PRIDE.

20    14.    That Plaintiff DONALD WALKER believed SF Petroleum to be an agent of

21  PACIFIC PRIDE through signage, conduct, franchise agreement and other methods.

22    15.    On or about July 21, 2005, at approximately 4:00 p.m., Plaintiff DONALD

23  WALKER was cleaning up a fuel spill with an absorbent material while in a crouched position.

24  While doing so, DONALD WALKER was struck by a dumpster that was loaded in an improper

25  and unlawful manner on a "Kalmar" forklift.  Defendants herein knew, or should have known, that

26  the unlawful use of this forklift was a customary and habitual practice at PACIFIC PRIDE'S SF

27  Petroleum site, 2121 Third Street in San Francisco, which posed a serious risk of injury or death at

28  this site.

16.   Defendants herein also knew, or should have known, that petroleum and/or oil leaks, were a common occurrence during the delivery and distribution of PACIFIC PRIDE products, thus requiring employees or agents to clean up such spills, further exposing them, including Plaintiff, to serious risk of injury or death at this site.

17.   Plaintiff DONALD WALKER, as a result of being struck by said dumpster, suffered serious injuries, including, but not limited to, a fractured back, shoulder, neck, rib, a punctured lung, resulting in complete quadriplegia.

18.   PACIFIC PRIDE and its agents were aware, or should have been aware, that at PACIFIC PRIDE'S SF Petroleum site, and other of its franchises, fuel and/or petroleum spills regularly occur and that heavy machinery, such as forklifts, are commonly used and operated.

19.   PACIFIC PRIDE and its agents, failed to participate in any reasonable way, in ensuring that the forklift being used at PACIFIC PRIDE'S SF Petroleum site was being operated safely, or even that the SF Petroleum employees were properly trained, certified and instructed.

20.   PACIFIC PRIDE and its agents failed to take adequate steps to ensure that fuel/petroleum spills would not occur, so as to avoid the need for Plaintiff and others to stoop down to the ground level to clean up such spills while heavy equipment was being operated in the vicinity.   Despite knowing that such spills were foreseeable and even predictable, Defendants failed to post instructions so as to guide Plaintiff and others on how to most safely handle such situations.  Neither did Defendants take steps to provide adequate instructions or training to Plaintiff and others so that they would know how to safely handle such spills.

21.   Plaintiff DONALD WALKER is ignorant of the true names of Defendants Does 1 through 50, inclusive, and therefore claims against them by those fictitious names. Plaintiff is informed and believes and based thereon alleges that each Doe Defendant was in some way responsible for the events and happenings alleged in this Complaint and for Plaintiff's injuries and damages.

22.   Plaintiff is informed and believes and based thereon alleges that, at all times mentioned in this Application, Defendants Does 1 through 50 were the agents and employees of

1  Defendant PACIFIC PRIDE, and in doing the things alleged in this complaint were acting within

2  the course and scope of that agency and employment.

3       23.     The Defendants' acts and omissions complained of herein were a substantial factor

4  in causing Plaintiffs injuries from a forklift collision, which resulted in permanent total disability,

5  from July 21, 2005 to the present, and for an as yet unknown period into the future, and to receive

6  medical treatment at various times from July 21, 2005 and continuing.

7  **FIRST CAUSE OF ACTION**
For Negligence

8  **(Against PACIFIC PRIDE, RICHARD K. POOLER, INC., and DOES 1 through 50)**

9       24.     Plaintiff hereby incorporates by reference each and every allegation contained in

10  paragraphs 1 through 23 as though fully set forth at length.

11       25.     Defendants and their agents had a duty to exercise reasonable care to provide a safe

12  environment at their PACIFIC PRIDE SF Petroleum franchise site.

13       26.     Defendants and their agents breached their duty of care to Plaintiff when they

14  failed to take reasonable steps to make safe dangerous conditions on the PACIFIC PRIDE SF

15  Petroleum site, which Defendants knew, or if had said Defendants exercised reasonable care,

16  would have been discovered in time to remedy or give adequate warning before this injury

17  occurred.

18       27.     That as a result of Defendants' negligent acts and/or omissions Plaintiff suffered

19  serious injuries, including, but not limited to, a fractured back, shoulder, neck, rib, a punctured

20  lung, and complete quadriplegia.

21       28.     Defendants' and their agents' negligent acts and/or omissions in their failure to take

22  reasonable steps to prevent this harm were the legal and/or proximate causes of Plaintiff's harm.

23       29.     PACIFIC PRIDE only, and not RICHARD K. POOLER, INC., in its negligent

24  conduct referenced in Paragraphs 1 through 28, inclusively, has consciously disregarded,

25  continually before and after this accident, a known risk to human safety at its sites, such that its

26  conduct constitutes malice, oppression or fraud warranting punitive damages.

27  //

28  //

PLAINTIFF'S SECOND AMENDED COMPLAINT
- 5 -

**SECOND CAUSE OF ACTION**
Premises Liability
**(Against PACIFIC PRIDE, RICHARD K. POOLER, INC., and DOES 1 through 50)**

30.     Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 29 as though fully set forth at length.

31.     That Defendants and their agents occupied, owned, leased, controlled, managed, or had the right to control or manage PACIFIC PRIDE'S 2121 Third Street SF Petroleum site in San Francisco.

32.     That Defendants and their agents owed a duty of reasonable care to keep the property in a reasonably safe condition and to use reasonable care to discover any unsafe conditions and to make safe that which could be reasonably expected to harm others, including Plaintiff DONALD WALKER.

33.     That Defendants and their agents were negligent in the management, occupation, control or operation of PACIFIC PRIDE'S 2121 Third Street SF Petroleum site in San Francisco in that they failed to exercise control over their property or franchisee to ensure basic compliance with applicable laws.

34.     That Plaintiff DONALD WALKER was harmed because of the way Defendants owned, managed, controlled, occupied, or operated PACIFIC PRIDE'S 2121 Third Street SF Petroleum site in San Francisco, including, but not limited to, a fractured back, shoulder, neck, rib, a punctured lung, and complete quadriplegia.

35.     That Defendants' and their agents' negligence was a substantial factor in causing Plaintiff DONALD WALKER'S harm.

36.     PACIFIC PRIDE only, and not RICHARD K. POOLER, INC., in its conduct referenced in Paragraphs 1 through 35, inclusively, has consciously disregarded, continually before and after this accident, a known risk to human safety at its sites, such that its conduct constitutes malice, oppression or fraud warranting punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff DONALD WALKER prays as follows:

1.  For special damages according to proof;

---

PLAINTIFF'S SECOND AMENDED COMPLAINT

2.  For general and compensatory damages according to proof;

3.  For punitive damages according to proof;

4.  For prejudgment interest in an amount to be proved at the time of trial;

5.  For costs of suit incurred herein; and

6.  For such other and further relief as the court may deem just and proper.

DATED: May 21, 2007                          LAW OFFICES OF MARK L. WEBB

Mark L. Webb, Esq.
Attorney for Plaintiff DONALD WALKER

*Walker v. Pacific Pride, et al.*
San Francisco Superior Court Case No. CGC 06-456176

## **PROOF OF SERVICE**

I, the undersigned, declare as follows:

I am employed in the City and County of San Francisco, State of California. I am over the age of eighteen (18) and am not a party to this action. My business address is 414 Gough Street, Suite Two, California 94102.

On the date set forth below, I caused to be served the documents entitled:

**DECLARATION OF MARK L. WEBB IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT TO REQUEST PUNITIVE DAMAGES**

on the parties in this action as follows:

Mr. Peter M. Hart
WRIGHT, ROBINSON, OSTHIMER & TATUM
44 Montgomery Street, 18th Floor
San Francisco, CA 94104
**Telephone:    (415) 391-7111**
**Facsimile:    (415) 391-8766**

Attorney for Defendants PACIFIC PRIDE and
RICHARD K. POOLER, INC.

☐    [BY MAIL] I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail in San Francisco, California. I am "readily familiar" with the practice of The Law Offices of Mark L. Webb for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

☒    [BY PERSONAL SERVICE] The person whose name is noted below caused to be delivered by hand each such envelope to the addressee(s) noted above.

☐    [VIA FACSIMILE] I caused to be transmitted the above-named documents at approximately _____ p.m. via facsimile number 415-621-4173. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. The transmission report was properly issued by the transmitting facsimile machine, a copy of which is attached pursuant to Rule 2009(I)(4).

☐    [VIA FEDERAL EXPRESS] I am "readily familiar" with the practice of The Law Offices of Mark L. Webb for collection and processing of correspondence for deposit with Federal Express for overnight delivery service. Correspondence for collection and processing is either delivered to a courier or driver authorized by Federal Express to receive documents or deposited by an employee or agent of this firm in a box or facility regularly maintained by Federal Express that same day in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on **May 22, 2007** at San Francisco, California.

DATED: May 22, 2007

A. Amanda Beck

**Exhibit C**
to the Declaration of Matthew R. Halloran

1          WORKERS' COMPENSATION APPEALS BOARD

2                  STATE OF CALIFORNIA

3                        --oOo--

4

5    DONALD WALKER,

6              Applicant,

7         vs.                        No. SFO 0496838

8    INTERNATIONAL MARINE FUELS

     GROUP dba SAN FRANCISCO PETROLEUM,

9    INC., and DOES 1-100, inclusive,

10             Defendants.

     _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _/

11

12              DEPOSITION OF ROBERT FALCHE

13                      VOLUME I

                   (Pages 1 to 107)

14

                Thursday, August 24, 2006

15

                San Francisco, California

16

17

18              **Certified Copy**

19

     Reported by:

20   CHERYL WILDER, CSR #7805

21

22

                      TOOKER & ANTZ

23        COURT REPORTING AND VIDEO SERVICES

            350 SANSOME STREET, SUITE 700

24         SAN FRANCISCO, CALIFORNIA 94104

      Phone (415) 392-0650   Fax (415) 392-3897

25

9        Q.   I see.  Okay, good.  All right.  Now, in the

10   time that you have been the owner or partner in this

11   business, have there been any other serious accidents at

12   the site?

20