Peter M. Hart, (State Bar No. 107920)
Bradley D. Fell, (State Bar No. 212988)
Matthew R. Halloran, (State Bar No. 236461)
WRIGHT, ROBINSON, OSTHIMER & TATUM
44 Montgomery Street, 18th Floor
San Francisco, California 94104-4705
Telephone: (415) 391-7111
Telefax: (415) 391-8766

Attorneys for Defendant
PACIFIC PRIDE SERVICES, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD WALKER, an individual,<br><br>  Plaintiff,<br><br>v.<br><br>PACIFIC PRIDE,<br><br>  Defendant. | Case No. C 07-2857 SC<br><br>**DEFENDANT PACIFIC PRIDE SERVICES, INC.'S OBJECTION TO PLAINTIFF'S EVIDENCE IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT**<br><br>Date:    November 2, 2007<br>Time:    10:00 a.m.<br>Dept:    1<br>Judge:   Honorable Samuel Conti<br><br>**Trial Date: January 22, 2008** |

TO ALL PARTIES IN THE ABOVE-ENTITLED ACTION AND TO THEIR ATTORNEYS OF RECORD: Defendant and moving party PACIFIC PRIDE SERVICES, INC., hereby objects to evidence in support of Plaintiff's Opposition to Pacific Pride Services, Inc.'s Motion for Summary Judgment.

Plaintiff's Opposition to Defendant's Motion for Summary Judgment relies on the exhibits attached to the Declaration of Mark Webb, which are cited in 53 different footnotes in the Opposition. Plaintiff's Counsel's Declaration contains so much objectionable material,

1

Defendant will address each exhibit in the order they are listed.

**Exhibit 1.     Excerpts from Pacific Pride's Operations Manual**

Defendant hereby objects to footnote numbers 1 and 18, citing to exhibit one, as Plaintiff misstates the evidence contained in the Operations Manual, and assumes facts not in evidence.

**Exhibit 2.     Excerpts from Deposition of Armstrong Lum**

Exhibit number two is the deposition transcript of Armstrong Lum, which is cited in the Opposition in footnotes 2, 3, 4, 5, 6, 7, and 8. The deposition testimony of Mr. Lum is inadmissible.

Mr. Lum is an investigator for the California Division of Occupational Safety and Health (OSHA), and has **no** personal knowledge of any events at issue in this motion.

The motion before this court only deals with the lack of control of franchisor Pacific Pride, over franchisee San Francisco Petroleum. Mr. Lum has no foundation to provide any opinion testimony as to the franchisor-franchisee relationship between Pacific Pride and San Francisco Petroleum. Any opinions Mr. Lum has concerning the cause of the accident and the actions of San Francisco Petroleum employees on the day of the accident, are irrelevant.

Defendant hereby objects to the admissibility of Mr. Lum's testimony based on <u>FRE</u> 702. Moreover, as Mr. Lum is not a qualified expert on the relevant subject matter before this court, any statements made by Mr. Lum are irrelevant under <u>FRE</u> 402.

**Exhibit 3.     Excerpts from Deposition of David Harris**

Exhibit number three in Plaintiff's Opposition is the deposition transcript of David Harris, which is cited in the Opposition in footnotes 9, 10, 13, 16, 31, 32, 36, 40, 42, 43, 45, 46, 47, 48, and 50. Plaintiff misstates the deposition testimony of Mr. Harris in each of these footnotes. Defendant objects to the admission of the information cited in footnotes 9, 10, 13, 16, 31, 32, 36, 40, 42, 43, 45, 46, 47, 48, and 50, as misstating the testimony of Mr. Harris.

In addition, pages 96 and 106 cited in footnote 42 were not attached to the Declaration of Mark Webb. As such, Defendant objects as Plaintiff has failed to provide evidence from Mr. Harris's deposition.

2

DEFENDANT PACIFIC PRIDE SERVICES, INC.'S OBJECTION TO PLAINTIFF'S EVIDENCE IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT

**Exhibit 4.    Excerpts from Pacific Pride's Offering Circular**

Exhibit number four in Plaintiff's Opposition consists of documents allegedly prepared by Pacific Pride. These documents are cited in the Opposition in footnotes 11, 12, 14, 15, 19, 21, 27, 41, and 53.

In the Declaration of Mark Webb, he states that he obtained these documents from the Internet and used them during the depositions of various witnesses. However, these documents have not been authenticated, and are inadmissible.

Therefore, Defendant objects to the admission of any document contained in exhibit four of the Declaration of Mark Webb, as Plaintiff's counsel has failed to comply with FRE 901, which is a condition precedent to admissibility.

These documents must also be excluded as inadmissible hearsay pursuant to FRE 801.

**Exhibit 5.    Excerpts from Pacific Pride's Franchise Agreement**

Exhibit number five is a copy of a generic franchise agreement, which is cited in the Opposition in footnotes 11, 21, 24, 25, 26, 27, 44, and 53.

The document cited by Plaintiff in exhibit five is **NOT** the actual franchise agreement between Pacific Pride and San Francisco Petroleum but an **example** of a generic franchise agreement, obtained from the Internet. Defendant attached the actual franchise agreement as an exhibit to the Cynthia Condon Declaration.

Plaintiff has failed to authenticate exhibit five and pursuant to FRE 901 Defendant objects to the admission of this document.

Exhibit five must also be excluded as inadmissible hearsay. Under FRE 801, the document is an out-of-court statements offered for the truth of the matter asserted.

Defendant also objects to exhibit five, as it is irrelevant pursuant to FRE 402. The document is not the actual franchise agreement between the parties, and has no bearing on the actual relationship between Pacific Pride and San Francisco Petroleum.

**Exhibit 6.    Declaration of Leon Gottlieb**

Exhibit number six in the Declaration of Leon Gottlieb, which is cited in the Opposition

3

in footnotes 17, 28, 38, and 39. The declaration of Leon Gottlieb fails to state sufficient evidence to establish that Mr. Gottlieb is qualified to state an expert opinion on the topics before this court, and therefore his testimony must be excluded.

Leon Gottlieb declares that he began consulting for franchises in 1969 and has over 45-years experience with major franchises. However, nearly all of Mr. Gottlieb's 45-years of experience is in the restaurant franchise business, specifically with IHOP and Copper Penny Family. Mr. Gottlieb has **no** experience in the commercial fueling industry.

Mr. Gottlieb's declaration fails to show how he is even remotely qualified to provide any testimony as to any franchisor-franchisee relationship between Pacific Pride and San Francisco Petroleum.

Mr. Gottlieb has no experience on any relevant topic before this court as required under FRE 702, and his testimony is therefore irrelevant under FRE 402.

Defendant also objects to the admissibility of Mr. Gottlieb's Declaration because his opinion is not based upon reliable facts, as required under FRE 703.

Mr. Gottlieb's states that he relied upon the franchise agreement, which is apparently the same franchise agreement attached to the Declaration of Mark Webb. The franchise agreement Mr. Webb relied upon in his Opposition was not the actual franchise agreement between Pacific Pride and San Francisco Petroleum, but a copy of a generic franchise agreement obtained from the Internet.

**Exhibit 7.    Excerpts from Deposition of Robert Falche**

Exhibit number seven is the deposition transcript of Robert Falche, which is cited in the Opposition in footnotes 30, 31, 32, 47, 50, and 51.

Plaintiff's Opposition relies on evidence contained in Mr. Falche's deposition, which is misstated by Plaintiff's counsel. As such, Defendant hereby objections to the admission of all evidence cited in footnotes 30, 31, 32, 47, 50, and 51, as Plaintiff has misstated the deposition testimony of Mr. Falche.

//

4

DEFENDANT PACIFIC PRIDE SERVICES, INC.'S OBJECTION TO PLAINTIFF'S EVIDENCE IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT

**Exhibit 8.**     **Declaration of Gary Buffington**

Exhibit number eight is the Declaration of Gary Buffington, which is cited in the Opposition in footnotes 28 and 29.

Gary Buffington declaration fails to state sufficient evidence to establish that he is qualified to state an expert opinion on any relevant topics before this court.

Gary Buffington declares that he is a Certified Safety Professional in Canada and the United States, and has over 30-years of experience in several safety disciplines. However, the bulk of Mr. Buffington's 30-years of experience is in the field of mining, not commercial re-fueling. While it appears that Mr. Buffington may have experience with safety issues regarding mining issues, his testimony is completely irrelevant in connection with the matter before this court.

Nothing contained in Mr. Buffington's declaration shows how he is qualified to provide testimony as to the franchisor-franchisee relationship between Pacific Pride and San Francisco Petroleum, which is the only issue before this court.

Defendant hereby objects to the admissibility of Mr. Buffington's testimony as he not qualified on any relevant subject matter before this court as required under FRE 702. Mr. Buffington's Declaration is irrelevant under FRE 402.

**Exhibit 9.**     **Excerpts from Pacific Pride Website Advertisement**

Exhibit number nine contains documents allegedly authorized by Pacific Pride, which are cited in Plaintiff's Opposition in footnotes number 32 and 37.

Mark Webb states in his Declaration that he personally obtained documents in exhibit nine from the Internet and used them during several depositions without objections.

Mark Webb's Declaration is misleading. All of the documents contained in exhibit nine were authorized by Snider Petroleum, which is a franchisee of Pacific Pride Services Inc. Moreover, Mark Webb was aware that these documents were not authorized by Defendant Pacific Pride, as Mr. Webb took the deposition of Pacific Pride employee Cynthia Condon, who testified that these documents were not authorized by Pacific Pride, but by Snider Petroleum.

5

DEFENDANT PACIFIC PRIDE SERVICES, INC.'S OBJECTION TO PLAINTIFF'S EVIDENCE IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT

(See pages 100-101 to the Deposition of Cynthia Condon, which is attached as Exhibit #1 to the Declaration of Bradley D. Fell)

Plaintiff's counsel was aware that these documents were not authorized by Defendant, but now attempts to imply to this court that they are documents of Pacific Pride.

Plaintiff has failed to authenticate any of the documents attached to exhibit nine, because they were not produced by Pacific Pride, Mr. Webb is not the author of the documents, nor is Mr. Webb the custodian of records for the company that authorized their use. Mr. Webb has failed to provide any testimony of any witness with personal knowledge attesting to the fact that these documents are from Pacific Pride.

Defendant objects to exhibit nine to the Declaration of Mark Webb as it fails to comply with FRE 901, which requires authentication as a condition precedent to admissibility. Defendant objects to exhibit nine pursuant to FRE 801, as the documents are inadmissible hearsay.

DATE: October 19, 2007                WRIGHT ROBINSON OSTHIMER & TATUM

by: /s/ Bradley D. Fell
PETER M. HART
BRADLEY D. FELL
Attorneys for defendant
PACIFIC PRIDE SERVICES, INC.

DEFENDANT PACIFIC PRIDE SERVICES, INC.'S OBJECTION TO PLAINTIFF'S EVIDENCE IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT