Peter M. Hart, (State Bar No. 107920)
Brad D. Fell, (State Bar No. 212988)
Matthew R. Halloran, (State Bar No. 236461)
WRIGHT, ROBINSON, OSTHIMER & TATUM
44 Montgomery Street, 18th Floor
San Francisco, California 94104-4705
Telephone: (415) 391-7111
Telefax: (415) 391-8766

Attorneys for Defendant
PACIFIC PRIDE SERVICES, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD WALKER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC PRIDE, et al,<br><br>Defendant. | Case No. C 07-2857 SC<br><br>**NOTICE OF ENTRY OF ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; NOTICE OF ENTRY OF JUDGMENT**<br><br>Date:    November 27, 2007<br>Judge:   Honorable Samuel Conti |

TO EACH PARTY AND TO THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on November 27, 2007, the Court entered an Order granting defendant PACIFIC PRIDE SERVICES, INC.'S Motion for Summary Judgment. A true and correct copy of the Court's Order is attached hereto as Exhibit A.

NOTICE IS FURTHER GIVEN that on November 27, 2007 the Court entered Judgment in favor of PACIFIC PRIDE SERVICES, INC. and against plaintiff DONALD WALKER. A true and correct copy of the Court's Judgment is attached hereto as Exhibit B.

//

---

| | | |
|---|---|---|
| 1 | Dated: November 27, 2007 | WRIGHT, ROBINSON, OSTHIMER & TATUM |
| 2 | | |
| 3 | | By: _/s/ Peter M. Hart_ |
| | | PETER M. HART |
| 4 | | MATTHEW R. HALLORAN |
| | | Counsel for Defendant |
| 5 | | PACIFIC PRIDE SERVICES, INC. |

# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD WALKER, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>PACIFIC PRIDE SERVICES, INC., an Oregon Corporation,<br><br>    Defendant. | No. 07-2857 SC<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

## I. INTRODUCTION

This matter comes before the Court on the Motion for Summary Judgment ("Motion") by the defendant Pacific Pride Services, Inc. ("Defendant" or "Pacific Pride"). See Docket No. 52. The plaintiff Donald Walker ("Plaintiff" or "Walker") filed an Opposition and Pacific Pride submitted a Reply. See Docket Nos. 53, 55.

For the reasons set forth below, the Court GRANTS Defendant's Motion for Summary Judgment.

## II. BACKGROUND

Pacific Pride is the franchisor of an automated fueling transaction authorization, processing and financial settlement

system.  Mot. at 4.  SF Petroleum is a franchisee of Pacific Pride and Plaintiff was a fuel deliveryman employed by SF Petroleum. Mot. at 6; Opp'n at 3.  On July 21, 2005, Plaintiff was working at SF Petroleum's fuel refilling site.  Opp'n at 3.  Plaintiff was driving an SF Petroleum tanker truck and was unloading fuel from the truck to one of the fuel tanks located on the site of SF Petroleum.  Halloran Decl., Ex. A at 62.  In the process of disengaging the hose that connected the fuel truck to the fuel tank, roughly a pint of fuel spilled onto the ground.  Id. at 63. While Plaintiff was kneeling down and cleaning up the spilled fuel, he was struck by a dumpster that was being transported on a forklift owned by SF Petroleum.  Id. at 70; Mot. at 5.  The driver of the forklift, who was also an SF Petroleum employee, was cited by the Occupational Safety and Health Administration ("OSHA") for negligently driving the forklift while front-loaded.  Opp'n at 3. As a result of the injuries suffered by Plaintiff, he is now a quadriplegic.  Id.

On September 14, 2006, Plaintiff filed suit against Defendant in the Superior Court of the State of California, County of San Francisco, asserting causes of action for negligence and premises liability.  On June 6, 2007, Defendant removed the case to federal court.  See Notice of Removal, Docket No. 1.  Plaintiff has conceded that the premises liability cause of action should be dismissed.  See Opp'n at 2.  Therefore, Plaintiff's second cause of action for premises liability is DISMISSED.

Pacific Pride has moved for summary judgment of Plaintiff's first cause of action for negligence based on the theory that SF

2

Petroleum, as a franchisee, was an independent contractor, rather than an agent of Pacific Pride, and Pacific Pride therefore is not liable to Walker for the injuries he sustained.

### III. DISCUSSION

#### A. Legal Standard

Entry of summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "Summary judgment should be granted where the evidence is such that it would require a directed verdict for the moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Thus, "Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In addition, entry of summary judgment in a party's favor is appropriate when there are no material issues of fact as to the essential elements of the party's claim. Anderson, 477 U.S. at 247-49. "[I]n ruling on a motion for summary judgment, the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'" Hunt v. Cromartie, 526 U.S. 541, 551-52 (1999) (alterations in original) (citing Anderson, 477 U.S. at 255).

3

B. **Analysis**

The primary issue before the Court is whether the franchise relationship between Pacific Pride and SF Petroleum gave rise to an agency relationship. "The general rule is where a franchise agreement gives the franchisor the right of complete or substantial control over the franchisee, an agency relationship exists." Cislaw v. Southland, 4 Cal. App. 4th 1284, 1288 (Ct. App. 1992). See also Kuchta v. Allied Builders Corp., 21 Cal. App. 3d 541, 547 (Ct. App. 1971) (stating that the "law is clear that a franchisee may be deemed to be the agent of the franchisor").

"[T]he question of whether the franchisee is an independent contractor or an agent is ordinarily one of fact, depending on whether the franchisor exercises complete or substantial control over the franchisee." Id. Nonetheless, "when the essential facts are not in conflict . . . an agency determination [may] be made as a matter of law." Wickham v. Southland Corp., 168 Cal. App. 3d 49, 55 (Ct. App. 1985). This principle is "fully applicable to cases in which it is asserted that a franchise is the agent of the franchisor." Id.

"[T]he right to exercise complete control [demonstrates that] a principal-agency relationship existed as a matter of law . . . ." Id. at 58. "[O]therwise[,] the right to control [is] an important factor to be taken into consideration . . . ." Id. Plaintiff does not assert that Pacific Pride had complete control over SF Petroleum. Instead, Plaintiff argues that "Pacific Pride had substantial control over its franchisee . . . ." Opp'n at 1.

4

1  Thus, the right to control is an important factor that is to be
2  considered along with several other factors, including whether the
3  franchisor had the authority to exercise control over decisions
4  relating to employment, inventory, or day-to-day operations. See
5  Cislaw, 4 Cal. App. 4th at 1296; Kuchta, 21 Cal. App. 3d at 547.
6      In Kuchta, the court found that the "elements of control
7  [exercised by the franchisor over the franchisee] were sufficient
8  to support an implied finding of agency."  21 Cal. App. 3d at 547.
9  Specifically, the court stated:

> The franchise agreement itself gave [the franchisor] the right to control the location of the franchisee's place of business . . ., to regulate the quality of the goods used or sold, to control the standards of construction . . ., and to assign persons to see that the franchisee performed according to the franchisor's standards.  Additionally, [the franchisor] enjoyed the right of inspection over the franchisee's [work].

16  Id.
17      In Cislaw, however, the court found that where the franchise
18  agreement withholds certain decisions and authority from the
19  franchisor, "the agreement could not, in and of itself, provide a
20  basis for finding the existence of an agency relationship."
21  Cislaw, 4 Cal. App. 4th at 1296.  In particular, the court
22  emphasized that the franchise agreement "withheld from the
23  franchisor control over decisions relating to the employment,
24  inventory and day-to-day operations of the [franchisee]."  Id.
25      In the present case, Plaintiff argues that Pacific Pride
26  exercises or has the authority to exercise control over decisions
27  relating to numerous aspects of SF Petroleum's operations,

5

1  including employment, inventory and day-to-day operations.
2       Plaintiff argues that Pacific Pride exercises control over
3  decisions relating to employment because Pacific Pride requires SF
4  Petroleum employee to attend a mandatory orientation. Opp'n at 6.
5  As stated in the Franchise Agreement, however, only the franchisee
6  or its designated manager is required to complete Orientation
7  Training. See Condon Decl., Ex. A at 16. In addition, the
8  president of SF Petroleum testified during his deposition that
9  Pacific Pride only provides training on "[h]ow to use the computer
10 system." Webb Decl., Ex. 7, Falche Dep. at 57.
11      This evidence indicates that Pacific Pride in fact exercises
12 very little control over the employees of SF Petroleum. This
13 level of control falls short of that required by other courts to
14 establish an agency relationship. See, e.g., Weiss v. Chevron,
15 204 Cal. App. 3d 1094, 1100 (Ct. App. 1988) (relying, in part, on
16 franchise agreement that stated that the franchisor could not
17 hire, fire or exercise any control over franchisee employees to
18 find no agency). Ultimately, Plaintiff has failed to submit
19 evidence that would create a triable issue of material fact
20 regarding Pacific Pride's control over the employees of SF
21 Petroleum.
22      Plaintiff also argues that "Pacific Price had control over
23 what SF Petroleum can and cannot sell." Opp'n at 12. Statements
24 made during a deposition of Pacific Pride's President, David
25 Harris, and relied on by Plaintiff for this argument, however, do
26 not support this claim. Instead, Harris's deposition testimony
27 merely indicates that Pacific Pride requires its franchisees to
28

6

stock at least three types of fuel, including one grade of diesel, one grade of gasoline, and at least one other grade of petroleum product. See Webb. Decl., Ex. 3 at 25, 57. Requiring franchisees to stock a minimum quantity and variety of a product is not the same as exercising substantial control over the inventory.

Other evidence submitted by Plaintiff supports this proposition. During his deposition, Harris testified that franchisees of Pacific Pride independently make decisions regarding the stocking and selling of other types of inventory, including lubricating oil. Id. at 92-93. Harris indicated that neither Pacific Pride nor the franchise agreement has any say over the decision to stock additional inventory and stated, "[l]ubricating oil is not part of our franchise offering." Id. at 92-93. This evidence indicates that Pacific Pride does not have substantial control over the inventory of SF Petroleum.

Evidence submitted by Plaintiff also indicates that Pacific Pride does not exert much control over the quality of petroleum products stocked by its franchisees. During Plaintiff's deposition of SF Petroleum owner Falche, the following exchange took place:

> Question: Now, when it comes to top quality fuel and lubricants, what, if anything, does Pacific Pride do to make sure that its franchisees, including yourself, sell only the top quality fuel and lubricants?
> Answer: They don't do anything because the government dictates what fuel can be sold.
> . . .
> Question: Okay. Other than telling you that you have to follow the law, do they [Pacific Pride] have any checks or

7

> investigations that you are aware of to make sure that you are following the law with respect to the sale of quality fuel lubricants?
> Answer: Not that I am aware of.

Opp'n, Webb Decl., Ex. 7, Falche Dep. at 82. This evidence indicates that, contrary to Plaintiff's assertion, Pacific Pride's control over SF Petroleum's inventory was not substantial.

Finally, the evidence submitted by Plaintiff does not demonstrate that Pacific Pride has the authority to control decisions relating to the day-to-day operations of SF Petroleum. That Pacific Pride has the authority to reject a proposed site for a franchisee and the authority to require that franchisees stay open 24 hours per day does not give rise to triable issues of fact regarding the nature of the franchise relationship.

Plaintiff argues that Pacific Pride's insistence that franchisee sites be safe, clean and well-lighted demonstrates that Pacific Pride has substantial control over the safety of its franchisee sites. The franchise Operations Manual states, in part: "Your Pacific Pride sites must be maintained to ensure that the sites are safe, clean, and well lit." Condon Decl., Ex. B at ch. 9, § 1.[1] While this evidence demonstrates that Pacific Pride had some power to control the physical conditions of the site, a "franchisor must be permitted to retain such control as is necessary to protect and maintain its trademark, trade name and goodwill, without the risk of creating an agency relationship with its franchisees." Cislaw, 4 Cal. App. 4th at 1295. Furthermore,

---

[1] Cynthia Condon is the Vice President of Franchise Administration for Pacific Pride Services.

*United States District Court*
*For the Northern District of California*

the Operations Manual is clear, especially in regards to safety guidelines for fuel spills, that the guidelines are suggestions, not requirements. See Condon Decl., Ex. B at ch. 9, § 2 (stating that Pacific Pride "suggest[s] the following guidelines concerning spills and their prevention . . .").

The suggestive rather than mandatory nature of these safety guidelines is confirmed by the deposition testimony of SF Petroleum president Falche. During his deposition, Falche stated that he does not even know whether the Operations Manual addresses fuel spills. Webb Decl., Ex. 7 at 58. This evidence demonstrates that Pacific Pride did not, in fact, have the authority to exercise substantial control over the safety of the day-to-day operations of SF Petroleum.

### 2. The Franchise Agreement

Where the franchise agreement gives "the franchisor control beyond that necessary to protect and maintain its interest in its trademark, trade name and goodwill," the agreement itself can provide a basis for finding the existence of an agency relationship. Cislaw, 4 Cal. App. at 1296. Where, however, the franchise agreement withholds "from the franchisor control over decisions relating to employment, inventory and day-to-day operations," the agreement cannot, in and of itself, provide such a basis. Id.

Pacific Pride argues that the language of the Franchise Agreement specifically limits the nature of the franchise to one of an independent contractor, rather than an agency. Specifically, Pacific Pride points to the following section in the

9

Agreement:

> Franchisee is not an agent, legal representative . . . or servant of Pacific Pride for any purpose whatsoever. Franchisee is an independent contractor and is in no way authorized to make any contract, agreement, warranty or representation on behalf of Pacific Pride, or create any obligation, express or implied, on behalf of Pacific Pride. Franchisee shall prominently display in its place of business a certificate stating that the business is independently owned and operated by Franchisee as a Franchisee of Pacific Pride, and not as an agent thereof.

Franchise Agreement, Condon Decl., Attach. Ex. A § 26.

Language limiting the franchise relationship to that of an independent contractor is not always dispositive in a court's analysis. As the court in Kuchta stated: "While [the franchisor] argues that no agency relationship existed by virtue of the franchise agreement, in that the agreement stated that no such agency relationship was created, the declarations of the parties in the agreement respecting the nature of the relationship are not controlling." 21 Cal. App. 3d at 548.

In the present case, however, the Franchise Agreement confirms the nature of the relationship. Plaintiff has not presented evidence demonstrating that the true nature of the franchise agreement was contrary to the language of the contract. Plaintiff has not shown that "Pacific Pride either exercises, or has the undisputed right to exercise control over vital aspects of SF Petroleum's franchise." Opp'n at 4. Therefore, because the essential facts are not in conflict, the Court determines, as a matter of law, that an agency relationship did not exist.

1  Wickham, 168 Cal. App. 3d at 55. Because the franchise
2  relationship did not rise to a principal-agency relationship,
3  Pacific Pride is not liable for the injuries suffered by Walker
4  while employed at SF Petroleum.

### 3. Punitive Damages

6      Before the present action was removed to federal court,
7  Plaintiff filed a motion for leave to amend his complaint to
8  request punitive damages. Mot. at 13. Although the case was
9  removed before Plaintiff's motion was heard, Plaintiff has
10 apparently indicated that he still intends to seek punitive
11 damages even though his current Amended Complaint does not reflect
12 this. See id. Thus, Defendant addressed punitive damages in the
13 Motion and Plaintiff addressed them in his Opposition. See Mot.
14 and Opp'n. Plaintiff's failure to amend his Complaint to include
15 punitive damages is rendered moot by the fact that the Court finds
16 that, as a matter of law, there was no agency relationship between
17 SF Petroleum and Pacific Pride and Pacific Pride, therefore, is
18 not liable to Plaintiff for the injuries he suffered while working
19 for SF Petroleum.
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28

11

**IV. CONCLUSION**

For the foregoing reasons, the Court DISMISSES Plaintiff's Second Cause of Action for premises liability and GRANTS Defendant's Motion for Summary Judgment.

IT IS SO ORDERED.

November, 26 2007

_____
UNITED STATES DISTRICT JUDGE

# EXHIBIT B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DONALD WALKER, an individual,  )  No. 07-2857 SC
       Plaintiff,              )
                               )  JUDGMENT
   v.                          )
                               )
PACIFIC PRIDE SERVICES, INC., an )
Oregon Corporation,            )
                               )
       Defendant.              )

In accordance with the Court's November 26, 2007, Order Granting Defendant's Motion for Summary Judgment, (Docket No. 58), it is hereby ORDERED, JUDGED, and DECREED that:

Judgment in this action shall be entered in favor of DEFENDANT Pacific Pride and against PLAINTIFF Donald Walker.

IT IS SO ORDERED.

November 27, 2007

_____
UNITED STATES DISTRICT JUDGE

*Donald Walker v. Pacific Pride, et al.*

**PROOF OF SERVICE**

I declare that:

I am a citizen of the United States, employed in the City and County of San Francisco, over the age of eighteen years, and not a party to the within cause. My business address is 44 Montgomery Street, 18th Floor, San Francisco, CA 94104. On this date, I served the within:

**NOTICE OF ENTRY OF ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; NOTICE OF ENTRY OF JUDGMENT**

on the parties in said cause, by placing a true and correct copy thereof addressed as follows:

| | |
|---|---|
| Mark L. Webb | Bruce E. Tuner, Esq. |
| Law Offices of Mark L. Webb | State Compensation Insurance Fund |
| 214 Grant Street, Suite 301 | 1275 Market Street, Suite 399 |
| San Francisco, CA 94108 | San Francisco, CA 94103 |
| Phone: (415) 621-4500 | Phone: (415) 565-1581 |
| Fax: (415) 621-4173 | Fax: (415) 703-7024 |
| Representing: Plaintiff DONALD WALKER | Representing: Lien claimant STATE COMPENSATION INSURANCE FUND |

__X__ (VIA U.S. MAIL) I placed for collection and deposit in the U.S. mail, copies of the above document(s) at 44 Montgomery St., 18th Fl., San Francisco, CA 94104, in a sealed envelope, addressed as above. I am readily familiar with the practice of WRIGHT, ROBINSON, OSTHIMER & TATUM for the collection and process of correspondence for mailing with the U.S. Postal Service. In accordance with the ordinary course of business, the above documents would have been deposited for first-class delivery on same day, with postage thereon fully prepaid.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on **November 27, 2007**, at San Francisco, California.

By: _/s/ Karen Greer_
Karen Greer

PROOF OF SERVICE